UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-19ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL, et al. | : | |

**MEMORANDUM AND ORDER**

On January 20, 2005, Plaintiff, Lorraine Femino, initiated this action by filing a Complaint for Injunctive and Declaratory Relief under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq., ("ERISA"). Plaintiff has also filed an Application to Proceed without Prepayment of Fees pursuant to 28 U.S.C. § 1915 (the "Application") and a Motion for Relief. These have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local Rule 32(b). The Court has determined that no hearing is necessary after reviewing the materials submitted by Plaintiff and performing independent research. For the reasons set forth below, Plaintiff's Application is GRANTED and her Motion for Relief is DENIED.

First, with regard to Plaintiff's Application, it sufficiently establishes that Plaintiff is financially unable to pay fees and costs in this matter. Thus, Plaintiff's Application is GRANTED. Having granted Plaintiff's Application, this Court is further required by statute to review Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if on its face it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." See Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002). Although this Court offers no opinion on the merits and ultimate disposition of Plaintiff's Complaint, the Complaint is sufficient on its face at this early stage to survive the threshold screening required by Section 1915(e)(2)(B).

Second, Plaintiff's Motion for Relief asks this Court's permission for her to be represented in this action by an "Attorney-in-Fact." Plaintiff filed this action *pro se* and indicates in her Motion for Relief that she is physically, mentally and financially unable to prosecute this ERISA action without assistance. In support, Plaintiff submits a "Durable Power of Attorney for Financial Management" signed by her on January 10, 2005, as well as witnessed and notarized, which appoints an individual by the name of Gary Morse to act generally on her behalf.

There is no absolute or constitutional right to an attorney in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991). Although a court may request that a lawyer represent an indigent civil litigant under Section 1915(e)(1), it is an extraordinary step, and the Court has no authority to unilaterally compel or assign counsel in a civil case. Mallard v. United States Dist. Court, 490 U.S. 296 (1989). It does not appear that Mr. Morse, Plaintiff's "Attorney-in-Fact," is a licensed attorney and thus he may not lawfully represent others in that capacity. See R.I. Gen. Laws § 11-27-1 *et seq*. (unauthorized practice of law prohibition). Plaintiff may continue to represent herself in this action, i.e., *pro se*, or retain an attorney who is properly licensed and admitted to practice before this Court. The "Durable Power of Attorney" executed by Plaintiff does not entitle her to representation in this action by a non-lawyer. Thus, Plaintiff's Motion for Relief is DENIED.[1]

LINCOLN D. ALMOND
United States Magistrate Judge
January 31, 2005

[1] In her Motion, Plaintiff indicates that she has been unsuccessful in finding legal representation but does not describe her efforts. If she has not done so already, Plaintiff may want to consider contacting one of the following agencies for potential assistance: R.I. Bar Association Lawyer Referral (401) 421-7799; Volunteer Lawyer Program (401) 421-7758; R.I. Legal Services (401) 274-2652; Roger Williams University Disability Law Clinic (401) 276-4880; and the R.I. Disability Law Center (401) 831-3150.