UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-019ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT and NFA CORPORATION and BRUCE BARTH in his capacity as ATTORNEY FOR NFA CORPORATION | : | |

**MOTION TO DISMISS OF DOROTHY MATTIELLO AND BRUCE BARTH**

Defendants Dorothy Mattiello and Bruce Barth, through their undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss the Complaint for failure to state a claim against them. In support of this motion, defendants rely upon accompanying Memorandum of Law.

Respectfully submitted

DEFENDANTS,

By their Attorneys,
HOLLAND & KNIGHT LLP

William E. O'Gara, Esq. (#4257)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 (facsimile)

8

## CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by first class mail, postage prepaid on this 28 day of February, 2005 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

_______________________________

# 2642594_v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-019ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT and NFA CORPORATION and BRUCE BARTH in his capacity as ATTORNEY FOR NFA CORPORATION | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DOROTHY MATTIELLO AND BRUCE BARTH**

I. INTRODUCTION

In her Complaint, plaintiff alleges that the corporate and individual defendants are liable for violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"). The gravamen of plaintiff's Complaint is that defendant NFA Corporation made material modifications to its long term disability plan without properly disclosing said modifications to the plaintiff, an alleged plan participant. Plaintiff also alleges that the defendants refused to provide her with a copy of an outdated Summary Plan Description ("SPD"), in violation of ERISA's disclosure requirements. In addition, plaintiff alleges that the failure of Dorothy Mattiello and Bruce Barth to provide her the SPD constitutes an unlawful interference with her protected rights under ERISA. Finally, with respect to defendants Mattiello and Barth, plaintiff contends they are liable as co-fiduciaries for failing to remedy fiduciary breaches committed by others.

As demonstrated herein, the Complaint fails to state a claim upon which relief may be granted with respect to defendants Mattiello and Barth. These individual defendants are not the

plan administrator and had no duty under ERISA to provide plaintiff with plan documents. They, therefore cannot be held liable for failing to provide the SPD requested by plaintiff. In any event, plaintiff was not entitled under ERISA to receive an outdated SPD, so her claim regarding the SPD must fail. Moreover, Mattiello and Barth cannot be held liable as co-fiduciaries because plaintiff has not, and cannot, allege that these individuals are fiduciaries within the meaning of ERISA. Therefore, the Complaint should be dismissed with respect to defendants Mattiello and Barth.

## II. PERTINENT FACTS

The plaintiff alleges that she enrolled in a long-term disability plan ("the Plan")[1] when she began her employment with NFA Corporation d/b/a Hope Global in 1995. Complaint § IV, p. 5, ¶ 1. NFA Corporation is the Plan Sponsor and Plan Administrator. Insurance benefits under the Plan are provided by the Prudential Insurance Company of America ("Prudential").[2] Plaintiff was provided with the Summary Plan Description for the Plan. Id. § II, p. 3, ¶ 3. (The summary plan description received by plaintiff in 1995 is referred to as "SPD2" in the Complaint.) Id. It is further alleged that effective February 1, 1999 the Plan was amended and that "material modifications" were not disclosed in the revised summary plan description. Id. ¶ 2. (The current Summary Plan Description is referred to as "SPD1" in the Complaint.) Id. ¶ 3.

The plaintiff alleges that on November 22, 2004 she requested from Mattiello a copy of SPD2 and the defendants have refused to provide the document. Id. § IV, p. 11, ¶¶ 39-40. This, according to the plaintiff, was "in violation of 29 U.S.C. § 1140 for interfering with Plaintiff's

---

[1] The name of the Plan is the "NFA Corporation Employee Long Term Disability Coverages for all Employees."

[2] Plaintiff previously sued Prudential. The Court's docket shows that a stipulation of dismissal was signed by Judge William E. Smith and entered on August 5, 2004 in that action. *See Femino v. The Prudential Insurance Company of America*, No. 04-cv-298.

rights to access to SPD2 ..." Id. § VII, p. 18, ¶ 5. Plaintiff further contends that Mattiello and Barth violated their duties as co-fiduciaries by failing to remedy fiduciary breached allegedly committed by others. Id. p. 16, ¶¶ 6-7.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In making that determination, the Court must "accept the well-pleaded factual averments of the ... complaint as true, and construe these facts in the light most flattering" to the plaintiff. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (quoting *Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987)). "Nevertheless, minimal requirements are not tantamount to nonexistent requirements." *Gooley*, 851 F.2d at 514. "[A] plaintiff ... is ... required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Id.* at 515. Bald assertions, subjective characterizations and legal conclusions are insufficient. *See United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992); *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989). Moreover, the factual allegations must be specific enough to justify "drag[ging] a defendant past the pleading threshold." *Gooley*, 851 F.2d at 515.

## IV. ARGUMENT

### A. Mattiello and Barth Had No Duty to Provide SPD2 to Plaintiff.

Plaintiff's claim that Mattiello and Barth are liable for not providing her a copy of SPD2 as requested is untenable as a matter of law because ERISA places the obligation to provide a summary plan description exclusively upon the plan administrator. *See* 29 U.S.C. §§ 1021(a)(1), 1022(a) and 1024(b)(1); *Ross v. Rail Car America Disability Income Plan*, 285 F.3d 735 (8th

Cir. 2002) (holding that where insurer was not plan administrator, it was not a proper defendant in claim for failure to provide information); *Brooks v. Metrica Inc.*, 1 F. Supp. 2d 559, 565 (E.D. Va. 1998) ("Section 1024(b)(1) requires a plan administrator to supply the SPD to a plan participant…"); *Harless v. Research Inst. of Am.*, 1 F. Supp. 2d 235 (S.D.N.Y. 1998) (granting motion to dismiss where plaintiff named employers as defendants and liability for failure to disclose limited to administrators).

In the instant action, the plaintiff has not alleged that Mattiello or Barth serve as the plan administrator, nor could she do so. The Complaint alleges, correctly, that defendant NFA Corporation is the plan administrator. Complaint § II, p. 2, ¶ 4. SPD1, a copy of which is attached hereto as Exhibit A, identifies NFA Corporation as the plan administrator. *See Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998) ("When [ ] a complaint's factual allegations are expressly linked to - and admittedly dependent upon - a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."); *Chem-Tek v. General Motors Corp.*, 816 F. Supp. 123, 126 (D. Conn. 1993) (instructing that "when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the defendant may produce the [document] when attacking the complaint for its failure to state a claim.") (citation omitted); *see generally* 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2] (3d ed. 1997) (explaining that courts may consider "[u]ndisputed documents alleged or referenced in the complaint" in deciding

a motion to dismiss); 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1327, at 762-63 (1990).

The only connection of the individual defendants is that they allegedly worked for or represented the plan administrator. That is not sufficient to support a claim. *See Averhart v. VS West Management Pension Plan*, 46 F.3d 1480, 1489 (10th Cir. 1995) (holding that employee responsible for tardy production of requested documents could not be held liable for failing to produce documents where he was not the designated plan administrator); *McKinsey v. Sentry Ins.*, 986 F.2d 401, 405 (10th Cir. 1993) ("The statutory liability for failing to provide requested information remains with the designated plan administrator, [ ] not with employer or its employees."); *Belanger v. Healthsource of Maine*, 66 F. Supp. 2d 70 (D. Me. 1999) (dismissing ERISA claims based on alleged failure to provide information where plaintiff did not allege that defendant was plan administrator). ERISA simply does not impose liability on one who is not a plan administrator for failing to provide information. Thus, plaintiff's claims against Mattiello and Barth for allegedly failing to provide SPD2 fails as a matter of law.

In addition, the claim is untenable for the simple reason that there is no legal obligation under ERISA for a plan administrator to provide an outdated SPD. As alleged in the Complaint, SPD2 was the summary plan description in effect in 1995; it was superseded in February 1999 by SPD1. Complaint § III, p. 3, ¶¶ 1, 3. Plan administrators have no obligation under ERISA to provide previous versions of plan documents. *See* 29 U.S.C. § 1024(b)(4) ("The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description ..."); *Shields v. Local 705*, 188 F.3d 895, 903 (7th Cir. 1999) ("[O]utdated plan descriptions do not fall into any of the categories of documents a plan administrator must provide to plan participants under section 1024(b)(4).") (quotation omitted);

*Jackson v. E.J. Brach Corp.*, 937 F. Supp. 735, 739 (N.D. Ill. 1996). Thus, when plaintiff allegedly requested SPD2 in November of 2004, defendants simply had no duty under ERISA to provide that nearly five-year-old document to plaintiff.

In sum, the obligation to disclose plan documents rests solely with the plan administrator. Because neither Mattiello nor Barth were the plan administrator for the Plan, they cannot be held liable any alleged failure to provide plan documents. Moreover, there is no legal duty under ERISA to provide an outdated SPD2 to plaintiff in any event. Therefore, as a matter of law, Mattiello and Barth cannot be held liable under ERISA for the alleged failure to provide the document, and the claims against them must be dismissed.

B. Mattiello and Barth Cannot be Held Liable Under 29 U.S.C. § 1105 Because They Are Not Plan Fiduciaries.

Plaintiff's contention that Mattiello and Barth are liable as co-fiduciaries under 29 U.S.C. § 1105(a)(3) fails as matter of law because she has not alleged that these individual defendants are fiduciaries. The Complaint fails to specifically allege that either of the individual defendants are fiduciaries under ERISA. Neither does the Complaint set forth facts which would demonstrate that either Mattiello or Barth exercised the requisite discretionary authority or control respecting management of the Plan sufficient to reasonably infer that they are fiduciaries. *See* 29 U.S.C. § 1002(21)(A). At best, the allegations of the Complaint make clear that the functions performed by Mattiello and Barth were purely professional or ministerial in nature. *See Concha v. London*, 62 F.3d 1493, 1502 (9th Cir. 1995) (stating that one must perform more than the "usual professional" or "ministerial" functions in order to be considered a fiduciary).

Courts have repeatedly held that attorneys performing routine professional services to an ERISA plan are not ERISA fiduciaries. *See, e.g., Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996) ("[T]he mere fact that an attorney represents an ERISA plan does not make the attorney an

ERISA fiduciary because legal representation of ERISA plans rarely involves the discretionary authority or control required by the statute's definition of 'fiduciary.'"); *Useden v. Acker*, 947 F.2d 1563, 1577 (11th Cir. 1991) (holding that law firm was not ERISA fiduciary because it did not "depart[ ] from the usual functions of a law firm or otherwise effectively or realistically control[ ] the [ERISA] Plan"), *cert. denied* , 508 U.S. 959 (1993); *see also* 29 C.F.R. § 2509.75-8 (D-1) (instructing that attorneys whose job it is to provide advice regarding a plan are not fiduciaries). The Complaint does not allege facts showing that attorney Barth performed anything other than routine legal functions for the Plan.

Similarly, performance of ministerial duties or functions, such as application of rules determining eligibility for participation of benefits, routine human resources functions, or preparation of employee communication materials, among other things, does not make the performing entity or person a fiduciary. *See, e.g., Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 18 (1st Cir. 1998) (instructing that responsibility for "mechanical administrative responsibilities" does not transform an actor into a fiduciary); *Watson v. Deaconess Waltham Hosp.*, 141 F. Supp. 2d 145, 153 (D. Mass. 2001) ("The established law of the First Circuit is that the mere exercise of physical control over a plan or the performance of ministerial administrative tasks is insufficient to create fiduciary status."), *aff'd*, 298 F.3d 102 (1st Cir. 2002); *see also* 29 C.F.R. § 2509.75-8 (D-2). Plaintiff has alleged no facts that would show that Mattiello exercised fiduciary authority over the Plan, as opposed to performing routine ministerial functions as NFA Corporation's Human Resources Director.

Since neither Mattiello nor Barth are alleged to be fiduciaries with respect to the Plan, it is axiomatic neither can be held liable for breach of fiduciary duty. *See, e.g., Reich v. Rowe*, 20

F.3d 25, 31 n.7 (1st Cir. 1994) (instructing that "nonfiduciaries cannot, by definition, engage in the act or practice of breaching a fiduciary duty").

## V. CONCLUSION

Based on the foregoing, defendants Dorothy Mattiello and Bruce Barth respectfully request that the Court grant their motion and dismiss the Complaint as to plaintiff's claims against them individually.

Respectfully submitted

DEFENDANTS,

By their Attorneys,
HOLLAND & KNIGHT LLP

William E. O'Gara, Esq. (#4257)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 (facsimile)

## CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by first class mail, postage prepaid on this 28 day of February, 2005 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

# 2638082_v1

EXHIBIT
A
ALL-STATE LEGAL®

# SUMMARY PLAN DESCRIPTION

This booklet is intended to comply with the disclosure requirements of the regulations issued by the U.S. Department of Labor under the Employee Retirement Income Security Act (ERISA) of 1974. ERISA requires that you be given a "Summary Plan Description" which describes the plan and informs you of your rights under it.

**Plan Name**

NFA Corporation
Employee Long Term Disability coverages for all Employees

**Type of Plan**

Employee Welfare Benefit plan providing Employee Long Term Disability coverages

**Plan Sponsor**

NFA Corporation
850 Boylstom Street
Boston, MA 02199

**Employer Identification Number**

04-2748881

**Plan Number**

501

**Plan Administrator**

NFA Corporation
850 Boylstom Street
Boston, MA 02199
Attention: Human Resources

**Agent for Service of Legal Process**

NFA Corporation
850 Boylstom Street
Boston, MA 02199
Attention: Human Resources

**Plan's Fiscal Year Ends**

January 1

**Plan Costs**

At present, the premiums for the Plan are paid by the Employees.

**Continuation of the Plan**

It is intended that this plan will be continued for an indefinite period of time; however, the Company reserves the right to change or terminate the plan or change the insurance carrier, in accordance with the law.

**Plan Benefits Provided by**

The Prudential Insurance Company of America
Prudential Plaza
Newark, New Jersey 07101

**Loss of Benefits**

You must continue to be a member of the class to which this Plan pertains and continue to make any of the contributions agreed to when you enroll. Failure to do so may result in partial or total loss of your benefits. In addition, the employer maintains the right to modify or terminate the Plan.

**Review of Claim Denial**

If a claim is denied, you or your authorized representative should receive within 90 days a written notice stating the basis for the denial. You will then be entitled, upon written request, to a review of that claim decision by Prudential. If you are not notified within 90 days, this may be considered a claim denial and you will be entitled to a review as described above.

Specific information regarding this review procedure can be obtained from your employer.

**Rights and Protections**

As a participant in this Plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

(1) Examine, without charge, at the plan administrator's office all plan documents, including insurance contracts, collective bargaining agreements and copies of all documents filed by the plan with the U.S. Department of Labor, such as detailed annual reports and plan descriptions.

(2) Obtain copies of all plan documents and other plan information upon written request to the plan administrator. The administrator may make a reasonable charge for the copies.

(3) Receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

In addition to creating rights for plan participants, ERISA imposed duties upon the people who are responsible for the operation of this plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and the other plan participants and beneficiaries.

No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

If your claim for a welfare benefit is denied in whole or in part, you must receive a written explanation of the reason for the denial. You have the right to have the plan review and reconsider your claim.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request materials from the plan and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous. If you have any questions about your plan, you should contact the plan administrator.

If you have any questions about this statement or about your rights under ERISA, you should contact the nearest Area Office of the U.S. Labor-Management Services Administration, Department of Labor.