**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and Bruce Barth in his capacity as ATTORNEY FOR NFA CORPORATION** | : | |

**AFFIDAVIT OF LORRAINE FEMINO, PLAINTIFF IN OPPOSITION TO MOTION TO DISMISS THE COMPLAINT AGAINST DEFENDANTS DOROTHY MATTIELLO AND BRUCE BARTH**

I, Lorraine Femino, being a citizen of the State of Rhode Island, under pains and penalties of perjury, do hereby strongly oppose the motion put forth to dismiss the above Defendants as filed by William E. O'Gara counsel for Defendants, for the following reasons:

1. The Motion to Dismiss cites statutes 29 USC §§ 1021(a)(1), 1022(a), and 1024(b)(1) which pertain to requirements of a plan administrator to establish and deliver to plan participants a Summary Plan Description of the current plan. Since the complaint against defendants Mattiello and Barth pertains only to defendants refusal to provide plaintiff a copy of a previous Summary Plan Description in archive referenced as SPD2 and does not pertain to a request for the current Summary Plan Description, these statutes are not relevant to the specific complaint. SPD2, having been superceded by the current Summary Plan Description on February 1, 1999, did become an "other instrument" under requirement of 29 USC § 1027 to be archived and available to plan participants to examine upon request at Hope Global's



9

Corporate Headquarters for a period of not less than 6 years. 29 USC § 1024 (b)(2) states that plan participants be allowed access to "other instruments" upon request.

2. The specific complaint against defendants Mattiello and Barth pertains to the actions by both defendants to interfere with protected rights of plaintiff in refusing access to SPD2 in violation of 29 USC § 1140 which provides that a complaint can be filed against any person who does interfere with protected rights of a plan participant. The fact that defendants Mattiello and Barth are not Fiduciaries is not relevant to plaintiffs right to establish a complaint under 29 USC § 1140. 29 USC § 1132(a)(3)(A) provides that a plan participant is authorized to bring suit against parties-in-interest. A suit can be filed if a "party in interest" participated in a fiduciary breach *Harris Trust and Savings Bank v. Salomon Smith Barney*, 530 U.S. 238 (2000).
3. Defendants Mattiello and Barth did understand that SPD2 is critical to plaintiff's Complaint having knowledge that defendant, NFA Corporation, had not previously filed a specific Summary of Material Modification at the time of the plan amendment on February 1, 1999 in violation of 29 CFR 2520.104a-7. Plaintiff will show that both defendants acting in their roles as "parties in interest" as defined under 29 USC § 1002 (14)(a), had motivation to conspire to interfere with plaintiff's protected right to obtain a copy of SPD2 knowing that withholding SPD2 would cause harm to the Complaint against the named defendant Corporations.
4. Plaintiff will show that SPD2 is an "other instrument" which must be made available to plan participants upon request. In creating ERISA, Congress did not intend that plan participants would be restricted to access of only one document being the Summary Plan Description, but instead intended broad disclosure requirements as

stated in 29 USC § 1001 (b). Plaintiffs protected right to obtain copies of other plan instruments apart from a Summary Plan Description is a protected right under ERISA §§ 104(b)(2) and (4), 29 U.S.C. § 1024(b)(2) and (4). This protected right to have access to other plan instruments beyond a current Summary Plan Description is clarified in an Amicus Brief dated September 10, 2002 filed by The US Department of Labor on behalf of the Court in the case of *Mario v. North American Health Plans, Inc.* No. 98-CV-264A. This Brief holds that upon request by a plan participant, documents beyond the Summary Plan Description must be made available to plan participants. As stated by The US Department of Labor within this brief "if a participant wants information beyond that required in the SPD, including information on the administrator's discretion, the participant can obtain it since ERISA requires that the plan documents be made available to participants to view in a central location as well as copied upon request. ERISA §§ 104(b)(2) and (4), 29 U.S.C. § 1024(b)(2) and (4)". – http://www.dol.gov/sol/media/briefs/mariovP&C(A)-9-10-2002.htm

5. Defendant Barth in his role as counsel to the Plan Administrator and as a specialist in ERISA matters, did establish that plaintiff provide unnecessary relevance criteria before SPD2 would be delivered in violation of 29 CFR 2560.503-1(b) (3) which forbids the establishment of unnecessary criteria that inhibits a plan participants rights to fulfill a claim for benefits. Plaintiff being under duress and having reasonable expectations that once proper relevance criteria was submitted, did create and submit this criteria to defendants Mattiello and Barth in the belief that SPD2 would be delivered with this submission. Having received the demanded relevance criteria, defendants have since not provided SPD2 to plaintiff.

6. Upon receiving the first request for SPD2 sent by plaintiff dated November 22, 2004, defendant Mattiello, did have intent to obstruct plaintiffs request by engaging an attorney who was under a conflict of interest in this matter and who did serve upon plaintiff a letter of denial for SPD2 dated December 10, 2004. Upon receiving a second request from Plaintiff for SPD2 dated December 16, 2004, defendant Mattiello continued to obstruct Plaintiffs request by engaging a second attorney, defendant Barth, who did demand in a letter dated December 17, 2004 that plaintiff produce relevance criteria before SPD2 would be delivered as noted in (5) above.
7. A dismissal for failure to state a claim under F.C.R.P. 12(b)(6) in advance of a full view of all facts must be measured against the defendants own actions in creating the obstructions under which plaintiff was forced to work around. Actions by the defendants establishing relevance criteria before SPD2 would be delivered did cause significant work and delay for plaintiff. Since this delay was concurrent with an approaching statute of limitations expiration on filing this Complaint, defendants intent was to starve plaintiffs request in an effort to delay the matter beyond the expiration of the statute of limitations. As "parties in interest", defendants had an obligation and duty to expedite this matter on plaintiffs behalf and not conspire to obstruct the legitimate request for SPD2.
8. Plaintiffs reasonable expectations that defendants promise to deliver SPD2 with the submission of plaintiffs relevance criteria within the closing weeks of the statute of limitations did force plaintiff into filing the Complaint under duress and without an ability to file a complete statement on the 29 USC 1140 violation. Plaintiff is preparing a Motion to be filed with the Court asking for specific actions by the Court

on this violation by defendants Mattiello and Barth. Plaintiff requests that the Court withhold action on the Motion to Dismiss until plaintiffs Motion is submitted which is expected to be completed shortly. Fed. Rule 15(d) Supplemental Pleading – "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense".

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served by United States Postal Mail, postage prepaid on this 7th day of March, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se

Subscribed and sworn to before me this 5th day of March, 2005

Stephanie A. Porter

Notary Public

STEPHANIE A. PORTER, Notary Public
My Commission Expires July 16, 2005

My Commission Expires________

Exhibits Attached

1. Letter dated December 10, 2004 from attorney Jeffrey Hirsch denying the November 22, 2004 request by plaintiff for SPD2.
2. Letter dated December 17, 2004 from defendant Bruce Barth to plaintiff's representative stating that SPD2 would not be provided without proper relevance criteria. (note - plaintiff has invoked her right to assign a representative as provided under 29 CFR 2560.503-1(b)(4)).
3. Summary page (page 9) from referenced Amicus Brief from the US Department of Labor titled "Mario Amicus Brief" where the US DOL confirms the intent of ERISA to allow plan participants to request documents beyond the Summary Plan Description. From US DOL website - http://www.dol.gov/sol/media/briefs/mariovP&C(A)-9-10-2002.htm

ROBINSON & COLE LLP

JEFFREY L. HIRSCH

One Boston Place
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
jhirsch@rc.com
Direct (617) 557-5915

Also admitted in New York
and New Hampshire

December 10, 2004

Ms. Lorraine Femino
4 Bayou Drive
Greenville, Rhode Island 02806

Re: RI Commission for Human Rights Case No. 05RPD 032-34/50
Lorraine A. Femino v. NFA Corp. d/b/a Hope Global, et al.

Dear Ms. Femino:

Hope Global has forwarded to me your letter dated November 22, 2004, requesting certain information with respect to the Hope Global Long Term Disability Plan ("Plan"). It is our understanding that you are requesting copies of the 1995 Long Term Disability Plan and its related Summary Plan Description. It is our further understanding that you are not claiming benefits under the plan in effect in 1995 (which has not been existence for a number of years), but under the Plan in effect in 2004.

Department of Labor Regulation 2560.503-1(h) requires a plan sponsor to provide documents, records and other information that are requested by the participant in connection with a claim for benefits, provided such documents or records are "relevant" to the participant's claim. Regulation 2560.503-1(m)(8) defines a "relevant" record or document as a record or document that: (1) was relied upon in making the benefit determination in question; (2) was submitted, considered, or generated in the course of making the benefit determination; or (3) demonstrates compliance with the required administrative processes and safeguards for retirement benefit claims.

The 1995 documents and information that you have requested will not be provided as they are not relevant, as defined in Reg. 2560.503-1(m)(8), to your claim for disability benefits under the 2004 Plan.

In addition, as you are aware, long-term disability benefits may be changed from time to time. Since the terms of the plan in existence in 1995 have changed, the provisions concerning long-term disability are governed by the terms of the 2004 Plan.

844917

*Law Offices*
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK
SARASOTA
*www.rc.com*

ROBINSON & COLE LLP



Please contact me if you have additional grounds for requesting copies of the 1995 plan documents or if there is any other information you require.

Very truly yours,

Jeffrey L. Hirsch
JLH:rh
cc: Dorothy Mattiello

ROBINSON & COLE LLP

BRUCE B. BARTH

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
bbarth@rc.com
Direct (860) 275-8267

December 17, 2004

Mr. Gary Morse
25 Teed Avenue
Barrington, RI 02806

Re: **Lorraine Femino**

Dear Mr. Morse:

I am in receipt of your letter dated December 13, 2004, to Jeffrey Hirsch of our office concerning Ms. Femino's claim for benefits under the Long Term Disability Insurance Plan maintained by Hope Global.

As indicated in your letter, you have received a copy of our response to Ms. Femino dated December 10, 2004, explaining why the 1995 documents were not relevant. Moreover, in your letter, you indicate that Ms. Femino received a copy of the 1999 Summary Plan Description explaining the benefits under the Long Term Disability Plan when the insurance carrier was changed. Despite your assertion, there is no requirement that the Summary Plan Description indicate the changes to the plan that were made when carriers were changed. There is also no evidence that you have provided that Ms. Femino relied on the earlier Plan documents when she "became disabled" in 2001.

Accordingly, as indicated in our earlier letter, these documents are not relevant to your claim and will not be provided. There is nothing in those documents that in any way relate to the benefits Ms. Femino is entitled to at this point in time. Unless you provide sufficient information to make those documents relevant, do not expect us to respond to any other communications concerning this matter. You should consider this our final response on this issue.

Sincerely,

Bruce B. Barth

Bruce B. Barth
BBB:dpw
Cc: Jeffrey L. Hirsch
Dorothy M. Mattiello

HART1-1224849-1

*Law Offices*
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK
SARASOTA
*www.rc.com*

Northwest Laboratories Non-Bargaining Unit Employees' Comprehensive Medical Benefits Plan, 204 F. Supp.2d 1295, 1301 (D. Utah 2002); cf. Martin v. Blue Cross & Blue Shield of Va, Inc, 115 F.3d 1201, 1205 (4th Cir. 1997) (holding that a plan provision conferring the discretion did not conflict with SPD, which was silent on the issue, and that provision conferring discretion was therefore controlling).

Back to Top

This Court should follow the lead of its sister courts and decline to add new disclosure requirements that tell participants little or nothing about the substantive terms of their plans or how to effectively assert their claims. It is important that the SPD remain a "summary" document if it is to serve its function of advising participants of important rights and obligations "in a manner calculated to be understood by the average plan participant." ERISA § 102, 29 U.S.C. § 1022; 29 C.F.R. § 2520.102-2. As a summary document, the SPD need not and should not include every plan provision, or it runs the risk of diverting participants' attention from what is most relevant to protecting their rights and protecting their interests. For this reason, the statute and the regulation require an SPD to inform participants concerning the most important information about their plan, and to do so in a manageable, summary form.

Significantly, the inclusion of a reference to the administrator's discretion would not enhance the typical participant's understanding of his plan or his rights, even if accompanied by a technical explanation of the standard of review under Firestone and the relationship between the Supreme Court's holding in Firestone and the grant of discretion to the plan administrator. Furthermore, if a participant wants information beyond that required in the SPD, including information on the administrator's discretion, the participant can obtain it since ERISA requires that the plan documents be made available to participants to view in a central location as well as copied upon request. ERISA §§ 104(b)(2) and (4), 29 U.S.C. § 1024(b)(2) and (4). Requiring that an SPD contain information on the discretion granted to the plan administrator and the resulting standard of judicial review, however, would not further the statutory goal of providing necessary information to participants in an understandable and summary form.