UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-019ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT and NFA CORPORATION and BRUCE BARTH in his capacity as ATTORNEY FOR NFA CORPORATION | : | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DOROTHY MATTIELLO AND BRUCE BARTH**

Plaintiff's opposition to the Motion to Dismiss of Defendants Dorothy Mattiello and Bruce Barth[1] can be distilled to three substantive arguments, all of which are without merit, as demonstrated in turn below.

**I.**

Plaintiff contends that SPD2, the outdated summary plan description, constitutes an "other instrument" within the purview of 29 U.S.C. § 1027, which Defendants Mattiello and Barth were required to provide her upon request. Because they did not, plaintiff argues they are liable under § 1024(b)(2). As demonstrated in Defendants' Memorandum of Law in Support of their Motion to Dismiss, the duty to provide participants with plan documents under 29 U.S.C. § 1024(b) rests exclusively with the plan administrator. *See* 29 U.S.C. § 1024(b)(1), (2) and (3) (all instructing that "[t]he administrator shall" fulfill the respective obligations set forth therein). *See also Ross v. Rail Car America Disability Income Plan*, 285 F.3d 735 (8th Cir. 2002) (holding

[1] In response to the Defendants' motion, plaintiff has submitted a document which purports to be an affidavit, but which in substance constitutes a memorandum containing arguments in opposition to the Defendants' motion.

10

that where insurer was not plan administrator, it was not a proper defendant in claim for failure to provide information). Plaintiff has not alleged that Mattiello and Barth are plan administrators. Therefore, even if SPD2 were an "other instrument" within the meaning of § 1024(b)(4), neither Mattiello nor Barth had a duty to provide it to plaintiff and neither can be held liable for failing to do so.

In any event, an outdated SPD is not an "other instrument" under § 1024(b)(2) or (4) and, therefore, it was not necessary that it be provided to plaintiff upon her request. *See, e.g.*, *Shields v. Local 705*, 188 F.3d 895, 903 (7th Cir. 1999) ("[O]utdated plan descriptions do not fall into any of the categories of documents a plan administrator must provide to plan participants under section 1024(b)(4).") (quotation omitted).

**II.**

Plaintiff's argument that she has a viable claim under 29 U.S.C. § 1140 is similarly without merit. Section 1140 provides, in pertinent part:

> § 1140. Interference with protected rights
>
> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan....

29 U.S.C. § 1140.

Plaintiff's reliance on § 1140 is unavailing as a matter of law because she has not, and cannot, allege that Defendants Mattiello or Barth discharged, fined, expelled, disciplined, or discriminated against her. *See Becker v. Mack Trucks, Inc.*, 281 F.3d 372, 379-80 (3d Cir. 2002) (instructing that a plaintiff must show that the defendant engaged in one of the prohibited acts enumerated in the state in order to establish a violation under § 1140). Section 1140 does not, as

plaintiff suggests, make it unlawful for a person to interfere with a participant's rights; it makes it unlawful for a person to "discharge, fine, suspend, expel, discipline, or discriminate against a participant ... for the purpose of interfering with" (i.e., with the "specific intent," *Jefferson v. Vickers, Inc.*, 102 F.3d 960, 964 (8th Cir. 1996), to interfere with) the participant's rights.

Thus, plaintiff's allegations that Mattiello and Barth violated § 1140 by interfering with her right to obtain a copy of SPD2 (which neither was obligated to provide in any event) fails to state a viable claim.

**III.**

Plaintiff contends that she may pursue claims against Mattiello and Barth pursuant to 29 U.S.C. § 1132(a)(3)(A) because ERISA authorized suits against parties in interest who have participated in a fiduciary breach, citing *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000). *Harris Trust* does not stand for the proposition asserted by plaintiff. In *Harris Trust*, the Court held that a participant, beneficiary or fiduciary was authorized to bring suit against a nonfiduciary "party in interest" to a transaction barred by 29 U.S.C. § 1106(a). *See id.* at 248-49. That provision of ERISA delineates specific categories of transactions that are deemed to violate the fiduciary responsibility rules. With respect to transactions involving a "party in interest," § 1106 provides:

> (a) Transactions between plan and party in interest. Except as provided in section 408 [29 U.S.C. § 1108]:
>
> (1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect—
>
> (A) sale or exchange, or leasing, of any property between the plan and a party in interest;
>
> (B) lending of money or other extension of credit between the plan and a party in interest;
>
> (C) furnishing of goods, services, or facilities between the plan and a party in interest;

(D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan; or

* * *

29 U.S.C. § 1106(a).

Plaintiff has not alleged, and cannot allege, that Defendants Mattiello or Barth engaged in any transaction with a plan fiduciary prohibited by § 1106. Neither is alleged to have transacted with a fiduciary to receive property, credit, goods, services, facilities or assets of the Plan. Therefore, neither can be held liable as a party in interest under 29 U.S.C. § 1106.

In the absence of a prohibited transaction under § 1106, nonfiduciaries are not subject to liability for participating in a fiduciary's breach. *See Reich v. Rowe*, 20 F.3d 25, 29-30 (1st Cir. 1994) (holding that ERISA does not provide a cause of action against a nonfiduciary for participating in a breach of duty by an ERISA fiduciary); *Reich v. Continental Cas. Co.*, 33 F.3d 754, 757 (7th Cir. 1994), *cert. denied*, 115 S.Ct. 1104 (1995) (rejecting the Secretary's argument that a nonfiduciary may be held liable for knowingly participating in a fiduciary breach); *Kyle Rys., Inc. v. Pacific Admin. Servs., Inc.*, 990 F.2d 513, 516-17 (9th Cir. 1993) (holding that relief for nonfiduciary liability is only available when nonfiduciary is engaged in a prohibited transaction under 29 U.S.C. § 1106(a)(1)).

As demonstrated above and in Defendants' Memorandum of Law in Support of their Motion to Dismiss, the plaintiff has failed to state claims upon which relief may be granted against Mattiello and Barth. Accordingly, Defendants Dorothy Mattiello and Bruce Barth respectfully request that the Court grant their motion and dismiss the Complaint as to plaintiff's claims against them individually.

Respectfully submitted

DEFENDANTS,

By their Attorneys,
HOLLAND & KNIGHT LLP

William E. O'Gara, Esq. (#4257)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 (facsimile)

CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by first class mail, postage prepaid on this 14th day of March, 2005 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

Suzy Oliveira

# 2683491_v2