**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and Bruce Barth in his capacity as ATTORNEY FOR NFA CORPORATION** | : | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DISMISS THE COMPLAINT AGAINST DEFENDANTS DOROTHY MATTIELLO AND BRUCE BARTH**

Defendants reply to Plaintiffs opposition to the Motion to Dismiss of Defendants Dorothy Mattiello and Bruce Barth presents arguments that are inconsistent with the facts of Plaintiffs Complaint and do not provide sufficient basis to dismiss either Defendant.

1. Defendant's cite *Sheilds v Local 705*, 188 F.3d 895, 903 (7th Cir. 1999) as a basis that Plaintiff is not entitiled to SPD2. The *Shields* decision involved a request for a plan document over 20 years old and outside of the 6 year statute of limitations requirement of 29 § USC 1027. In *Sheilds*, the Court (7th Cir. 1999) offers no opinion towards a plan participants right to examine documents being held in retention file under requirements of § 1027. Plaintiff's request to examine SPD2 is specifically made under a plan participants right to examine a document being retained under statutory requirements of § 1027. Since SPD2 was still under retention requirements of § 1027 at the time of the request, and that the request was made relevant by the fact that a specific Summary of Material Modification had not been



//

filed with the plan change of 1999, the opinion held in *Sheilds* does not provide a legal opinion that is relevant to Plaintiffs request for SPD2. Further, *Shields* precedes *Mario v. North American Health Plans, Inc.* No. 98-CV-264A where *Mario* (2d Cir. 2002) was guided by a principle stated by the US Department of Labor in the Mario Amicus Brief "if a participant wants information beyond that required in the SPD, including information on the administrator's discretion, the participant can obtain it since ERISA requires that the plan documents be made available to participants to view in a central location as well as copied upon request". Plaintiffs request for SPD2 is valid.

2. Defendants argument that 29 USC § 1132(a)(3)(A) applies only to actions by "parties in interest" defined under 29 USC § 1106 is not factual. § 1132(a)(3)(A) contains no restrictions that limit violations by "parties in interest" as being those defined only under § 1106. Plaintiff did cite *Harris Trust and Savings Bank v. Salomon Smith Barney,* 530 U.S. 238 (2000) to show that § 1132(a)(3)(A) is a statute that can be applied to "parties in interest", but not that it is applicable to only violations of § 1106. Plaintiff contends that the actions of Defendants Mattiello and Barth did rise to a serious breach of fiduciary duties against Plaintiff's rights. Defendants Mattiello and Barth did have fiduciary duties in their respective roles as "parties in interest". Defendants actions to withhold SPD2 from examination by Plaintiff has seriously harmed Plaintiffs case against Defendant NFA Corporation. Defendants were cognizant of the importance of SPD2 to Plaintiff having been made aware that original request for SPD2 submitted on November 22, 2004 did pertain to

a fiduciary breach of Duties of Disclosure. Plaintiff's right to file a complaint under § 1132(3)(A) is legitimate in that statute reads;

> § 1132. Civil enforcement
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan.

3. Defendants argue that 29 USC 1140 does not apply. Plaintiff does intend to show through discovery and by evidence that the specific methods Defendants used in demanding unnecessary relevance criteria did violate 29 CFR 2560.503-1(b) (3) and will prove that this was an act of discrimination against Plaintiff not applied to others in a similar situation. The evidence will show that Plaintiff was harmed by Defendants enforcement of unnecessary relevance criteria having the purpose to harm Plaintiffs case for obtaining rightful benefits of employment.
4. Defendants contend that they had no duty to provide SPD2 to Plaintiff. Defendant Mattiello, in her duties as Vice President of Human Resources of Hope Global, has previously, and does continue, to maintain responsibility to provide all plan documents to employees of Hope Global. Moreover, Plaintiff was given an understanding by the Hope Global Human Resources Department that policies enforced by Defendant Mattiello within her department do specify that all matters pertaining to employee benefits would be routed through Hope Global's Human Resources Department and that Defendant Mattiello did establish a "gatekeeping" function for all such employee matters. Plaintiff will show by evidence that Defendant Barth did originate the scheme to establish unnecessary relevance criteria and that Plaintiff did protest this scheme directly to Defendant Mattiello. Defendant

Barth did declare in an email sent on December 20, 2004 to Plaintiffs representative, that he was responding to Plaintiffs request for SPD2 on behalf of the Plan Administrator. Following Plaintiffs submission of proper relevance criteria to both Defendants, Plaintiff will show that Defendants Mattiello and Barth's subsequent silence on this submission was an action that did cause harm to Plaintiff.

5. Plaintiff requests time for full discovery and the right to file a supplemental pleading if required and as allowed under Fed. Rule 15(d). Defendants Barth and Mattiello should not be dismissed in advance of this effort.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served by United States Postal Mail, postage prepaid on this 19 day of March, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se

Subscribed and sworn to before me this 19th day of March, 2005

Stephanie A Porter

Notary Public

STEPHANIE A. PORTER, Notary Public
My Commission Expires July 16, 2005

My Commission Expires________