**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT and Bruce Barth in his capacity as ATTORNEY FOR PLAN ADMINISTRATOR** | : | |

**MOTION BY PLAINTIFF REQUESTING A FURTHER EVIDENTIARY HEARING ON PLAINTIFFS OPPOSITION TO THE MOTION TO DISMISS DEFENDANTS DOROTHY MATTIELLO AND BRUCE BARTH**

Now comes the Plaintiff Lorraine Femino, in the above-entitled matter and moves this Honorable Court to allow a further evidentiary hearing to the Motion to Dismiss Defendants Dorothy Mattiello and Bruce Barth. On the hearing of April 6, 2005, two issues were discussed without complete resolution being; 1) who is the specific named individual at NFA Corp responsible as the Plan Administrator for providing plan documents to participants, and 2) what would the impact be to plaintiffs case should the Motion to Dismiss be granted. Plaintiff has cause to believe Plaintiffs entire complaint will be placed into jeopardy should issues 1 and 2 not receive further evidentiary hearing. A Memorandum of Law is attached with explanation to the reasons.

Plaintiff Lorraine Femino
Pro Se

Lorraine Femino

4 Bayou Drive
Greenville, R.I. 02828
Tel: (401) 949-4933

13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and Bruce Barth in his capacity as ATTORNEY FOR NFA CORPORATION** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS REQUEST FOR FURTHER EVIDENTIARY HEARING ON PLAINTIFFS OPPOSITION TO THE MOTION TO DISMISS DEFENDANTS DOROTHY MATTIELLO AND BRUCE BARTH**

## I. INTRODUCTION

In the hearing on the Motion to Dismiss Defendants Dorothy Mattiello and Bruce Barth on April 6, 2005 Plaintiff was asked by the Court if plaintiff knew of any impact to plaintiffs case should defendants be dismissed and the request for the plan document known in the complaint as SPD2 be instead claimed against NFA Corp. Plaintiff was surprised by this question and unable to provide an answer to the Court. Plaintiff has now been able to determine that that there will be substantial damage to Plaintiffs claim to SPD2, and also against the entire Complaint, if the Motion to Dismiss is granted. Plaintiff does have evidence to show that in the absence of a claim against defendants Mattiello and Barth for SPD2, Defendant NFA Corp would be provided the opportunity to refuse plaintiff access to SPD2 given the expiration of the statute of limitations on retention of SPD2. Evidence will show that in the absence of defendants Mattiello and Barth, NFA

Corp will have the ability to assert that Plaintiff improperly made a claim for SPD2 in letters sent on November 22, 2004 and December 16, 2004 and therefore any claim for SPD2 will be considered new. A new request for SPD2 could therefore be denied based on the fact that all requests are time barred by the statute of limitations cited in 29 USC 1027. Plaintiff requests that two issues presented in the hearing of April 6, 2004 be given further evidentiary hearing to help resolve this important issue impacting the Complaint.

## II. ISSUE 1

Defendants cite Ross v Rail Car America Disability Income Plan, 285 F.3d 735 (8th Cir. 2002) to show that ERISA places obligations to provide a Summary Plan Description exclusively upon the Plan Administrator. Defendants state that the plan administrator is identified on page 33 of the Summary Plan Description being "NFA Corporation, 850 Boylston St, Boston Ma". By citing Ross v Rail Car America Disability Income Plan, 285 F.3d 735 (8th Cir. 2002), Defendants allege that all of the requests made by Plaintiff for the plan document referred to as SPD2 should have been sent to the Plan Administrator at NFA Corp in Boston, and not to Defendant Mattiello at NFA Corp d/b/a Hope Global in Cumberland Rhode Island.

Plaintiff did state in the hearing that the full identifier for the Plan Administrator as shown on Page 33 of the Summary Plan Description does include the notation: "Attention: Human Resources". Plaintiff also provided testimony "Through discovery, Plaintiff will prove by evidence that no formal Human Resources department exists at the NFA Corp location in Boston". An issue of whether or not a formal "Human Resources" entity does exist at NFA Corporation, 850 Boylston St, Boston Ma., and has a person assigned with duties to receive and send out plan documents, must be examined further for validity.

Plaintiff requests that the Court grant Plaintiff permission to admit into evidence a copy of the sworn affidavit of Dorothy M. Mattiello, filed with the Rhode Island Commission for Human Rights, RICHR No. 05RPD 032-34/50 *Lorraine Femino v. NFA Corp. d/b/a Hope Global, et al.*. Plaintiff did personally obtain this document late and due to issues of health, was unable to make a copy for the hearing. In this affidavit, Defendant Mattiello states her role as Vice President of Hope Global Human Resources being "I am in charge of overseeing all employee issues including recruiting and hiring, fringe benefits, wages, workers' compensation and other related matters".

Plaintiff will show by evidence that the plan administrator being identified as NFA Corp "Attention: Human Resources" as shown in the Summary Plan Description, is actually the Hope Global Human Resources Department. Defendant Mattiello's affidavit stating responsibility for all issues of fringe benefits does support this premise. Plaintiff will show by evidence that all requests for SPD2 were completed properly to Defendant Mattiello. Plaintiff will prove by evidence that a request for any plan document by a Hope Global employee can be legitimately sent to either of 2 locations being NFA Corporation, 850 Boylston St, Boston Ma. or, Hope Global Human Resources in Cumberland Rhode Island since either selection would end up with the same person who is charged with discretionary responsibility to administer and process any request for plan documents.

## II. ISSUE 2

During the hearing on the Motion to Dismiss, the Court did request plaintiffs opinion on what impact would there be if the Motion to Dismiss is Granted. At issue was whether or not plaintiff could simply resubmit the same request and claim for SPD2

against NFA Corp and release Defendants from the complaint. Plaintiff has taken time to examine the Courts inquiry and can now present evidence that there would in fact be significant damage to Plaintiffs overall complaint if the Motion to Dismiss is granted. The central issue pertains to the expiration of the statute of limitations for retention of plan documents being 6 years as stated in 29 USC 1027. Defendants allege in their testimony that Plaintiff did error in presenting the request for SPD2 to defendant Mattiello in letters dated November 22, 2004 and December 16, 2004. Should the Court grant the Motion to Dismiss to defendants Mattiello and Barth, the Court would be affirming Plaintiffs error. As a result, any subsequent request for SPD2 would come after the expiration of the statute of limitations which did expire on or about February 1, 2005. Given the expiration of the statute of limitations, any subsequent claim for SPD2 would have to pass a test under the Doctrine of Equitable Tolling. Plaintiff will show that there does exist doubt that following an approval of the Motion to Dismiss defendants Mattiello and Barth, Plaintiff would be unable to satisfy the Doctrine of Equitable Tolling in any new request for SPD2. Lacking SPD2, Plaintiffs complaint against NFA Corp would be substantially damaged. Justice would not be served.

For these reasons, Plaintiff requests that this Honorable Court grant the following;

1) Grant Plaintiff permission to submit into evidence, the sworn affidavit of Dorothy M. Mattiello, dated October 19, 2004 as attached.

2) Grant a further evidentiary hearing to provide testimony and evidence on Issue 1.

3) Grant a further evidentiary hearing to provide testimony and evidence on Issue 2.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served by United States Postal Mail, postage prepaid on this 7 day of April, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se

Subscribed and sworn to before me this 7 day of April, 2005

Andrea E. Shea

Notary Public

My Commission Expires________

ANDREA E. SHEA
Notary Public - Rhode Island
My Commission Expires September 5, 2006

Attachment – Affidavit of Dorothy M. Mattiello

**Affidavit of Dorothy M. Mattiello**

Dorothy M. Mattiello, being duly sworn, declares and states as follows:

1. I am employed by NFA Corp. d/b/a Hope Global as the Vice President of Human Resources.

2. As Vice President of Human Resources, I am in charge of overseeing all employee issues including recruiting and hiring, fringe benefits, wages, workers' compensation and other related matters.

3. Hope Global is a party to a contract with Prudential Insurance Company for the purpose of providing eligible Hope Global employees with long-term disability benefits to provide them with some financial protection in the event of a non-work-related disability or accident.

4. Prudential's rules, regulations, policies and procedures relating to determining medical eligibility and other matters are purely within the purview of Prudential Insurance Company. Hope Global's management has nothing to do with any aspect of any decision relating an individual's medical eligibility or determination of whether a disability falls within the contract provisions. Those determinations are made in the sole discretion of Prudential without any involvement from Hope Global.

5. In November 2003, Prudential Insurance advised Lorraine A. Femino ("Femino") by letter that she was not eligible to continue to receive long-term disability benefits. Hope Global (formerly known as Hope Webbing) was notified of Prudential's determination by letter dated November 24, 2003. The Prudential letter stated:

> *We have completed our review of your claim for Long Term Disability (LTD) benefits under the Group Policy #67020 issued to NFA Corporation.*

*After a thorough evaluation of the information in Ms. Femino's file, we have determined that she no longer meets the criteria for disability, and we have terminated her claim effective November 19, 2003. Ms. Femino has been notified of our decision via separate correspondence, and has been advised of the appeal process.*

*If you have any questions, please contact me at (800) 842-1718, extension 5789.*

*Sincerely,*
*Denise Moppert*
*Disability Consultant*

A copy of the November 24, 2003 Prudential letter is attached as ***Exhibit 1***.

6. Since Hope Global has no input or role in determining who is medically eligible for disability benefits under the Prudential program, Hope Global has been improperly accused of discrimination by Ms. Femino. Hope Global had no power or authority to make any decisions affecting Ms. Femino's denial of benefits.

7. Ms. Femino was employed by Hope Global from March 20, 1995 through September 24, 2001. Because of health issues, Ms. Femino stopped reporting to work in May 2001 and was placed on Family Medical Leave through September 24, 2001, in accordance with Rhode Island and federal law. Ms. Femino ceased being an employee of Hope Global on September 24, 2001.

The information contained in this Affidavit is truthful and correct and is provided voluntarily under the penalties of perjury.

Dorothy M. Mattiello
Dorothy M. Mattiello

Sworn to before me this 19th day of October, 2004 [signature]
Notary Public