UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-19ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL, et al. | : | |

**MEMORANDUM AND ORDER**

On January 20, 2005, Plaintiff, Lorraine Femino, initiated this action by filing a Complaint for Injunctive and Declaratory Relief under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq., ("ERISA"). Plaintiff is proceeding *pro se.* Before the Court is Plaintiff's Motion Requesting a Further Evidentiary Hearing on Plaintiff's Opposition to the Motion to Dismiss Defendants Mattiello and Barth (Document No. 13). This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local Rule 32(b). The Court has determined that no hearing is necessary after reviewing the materials submitted by Plaintiff and performing independent research. For the reasons set forth below, Plaintiff's Motion Requesting a Further Evidentiary Hearing is DENIED.

On April 6, 2005, this Court held a lengthy hearing on Defendants' pending Motion to Dismiss (Document No. 8) filed pursuant to Fed. R. Civ. P. 12(b)(6). In connection with Defendants' Motion, Plaintiff has filed an Opposition (Document No. 9) and Reply Memorandum (Document No. 11) which this Court has reviewed and will consider in ruling on Defendants' Motion to Dismiss. Plaintiff was also given a full and fair opportunity to be heard on Defendants' Motion at the April 6 hearing and granted permission to utilize the assistance of a "friend" at the hearing to assist her with organization and retrieval of documents.

14

Plaintiff has not convinced this Court that a "further evidentiary hearing" is warranted or necessary under the circumstances. As explained to Plaintiff at the hearing, this Court must, pursuant to Fed. R. Civ. P. 12(b)(6), take the well-plead allegations in Plaintiff's Complaint as true and draw all reasonable inferences in her favor in deciding Defendants' Motion to Dismiss. Aldridge v. A.T. Cross Corp., 284 F.3d 72, 78 (1st Cir. 2002). However, out of deference to Plaintiff's *pro se* status, this Court will accept and consider the arguments made in her Memorandum of Law in support of this Motion. Further, this Court will exercise its discretion to accept and consider the Affidavit of Dorothy M. Mattiello even though it is a document which was not originally part of or an exhibit to Plaintiff's Complaint. See Greenier v. Pace, Local No. 1188, 201 F. Supp. 2d 172, 177 (D. Me. 2002) citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). In view of this ruling, Defendants are granted leave to file within ten days of this Order a Supplemental Memorandum not to exceed ten pages in response to these documents. No further submissions will be accepted from either Plaintiff or Defendants regarding the pending Motion to Dismiss.

For the foregoing reasons, Plaintiff's Motion Requesting a Further Evidentiary Hearing on Plaintiff's Opposition to the Motion to Dismiss Defendants Mattiello and Barth (Document No. 13) is DENIED except as narrowly discussed above.

LINCOLN D. ALMOND
United States Magistrate Judge
April 13, 2005