UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-019ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT and NFA CORPORATION and BRUCE BARTH in his capacity as ATTORNEY FOR NFA CORPORATION | : | |

## ANSWER OF NFA CORPORATION D/B/A HOPE GLOBAL

I. Jurisdiction and Venue

1. Paragraph 1 states a legal conclusion to which no response is required.

2. Paragraph 2 states a legal conclusion to which no response is required.

II. Parties

1. Defendant admits that plaintiff is a citizen of Rhode Island. Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 1.

2. Defendant admits that it employed the plaintiff and that it is located in Cumberland, Rhode Island. Defendant has insufficient information to admit or deny the remaining allegations contained in Paragraph 2.

3. Defendant admits that Dorothy Mattiello is the human resources director. Defendant denies the remaining allegations contained in paragraph 3.

4. Defendant admits that is the Plan Administrator.

5. Defendant admits that Bruce Barth is an attorney that represented the Plan Administrator. Defendant denies the remaining allegations.

15

III. Introduction

1. Defendant admits that it did amend the disability plan. Defendant denies the remaining allegations.

2. Defendant admits that the plan was amended. Defendant denies the remaining allegations.

3. Defendant admits that it provided a summary plan description. Defendant denies the remaining allegations.

4. Defendant has insufficient information to admit or deny the allegations.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

7. Paragraph 7 states a legal conclusion to which no response is required.

8. Paragraph 8 states a legal conclusion to which no response is required.

9. Defendant denies the allegations contained in paragraph 9.

IV. Statement of the Case

1. Defendant admits that the plaintiff was hired by Hope Global.

2. Defendant admits that the plaintiff received a description of the disability plan. Defendant has insufficient information to admit or deny the remaining allegations.

3. Defendant has insufficient information to admit or deny the allegations.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Paragraph 6 states a legal conclusion to which no response is required.

7. Defendant admits that it modified the disability plan. The remaining allegations are denied.

8. Defendant denies the allegation contained in paragraph 8. Further answering, Hope Global is not a separate corporate entity.

9. Defendant admits that the plaintiff stopped working. Defendant has insufficient information to admit or deny the remaining allegations.

10. Defendant has insufficient information to admit or deny the allegations.

11. Defendant has insufficient information to admit or deny the allegations.

12. Defendant has insufficient information to admit or deny the allegations.

13. Defendant has insufficient information to admit or deny the allegations.

14. Defendant has insufficient information to admit or deny the allegations.

15. Defendant has insufficient information to admit or deny the allegations.

16. Defendant denies the allegation contained in paragraph 16.

17. Defendant has insufficient information to admit or deny the allegations contained in paragraph 17.

18. Defendant has insufficient information to admit or deny the allegations contained in paragraph 18.

19. Defendant has insufficient information to admit or deny the allegations contained in paragraph 19.

20. Defendant has insufficient information to admit or deny the allegations contained in paragraph 20.

21. Defendant has insufficient information to admit or deny the allegations contained in paragraph 21.

22. Defendant has insufficient information to admit or deny the allegations contained in paragraph 22.

23. Defendant has insufficient information to admit or deny the allegations contained in paragraph 23.

24. Defendant has insufficient information to admit or deny the allegations contained in paragraph 24.

25. Defendant admits that the plaintiff filed a charge. Defendant denies the remaining allegations.

26. Defendant admits the allegations contained in paragraph 26.

27. Defendant has insufficient information to admit or deny the allegations contained in paragraph 27.

28. Defendant has insufficient information to admit or deny the allegations contained in paragraph 28.

29. Defendant has insufficient information to admit or deny the allegations contained in paragraph 29.

30. Defendant admits Dorothy Mattiello received copies of certain letters. The remaining allegations contained in paragraph 30 are denied.

31. Defendant has insufficient information to admit or deny the allegations contained in paragraph 31.

32. Defendant has insufficient information to admit or deny the allegations contained in paragraph 32.

33. Defendant has insufficient information to admit or deny the allegations contained in paragraph 33.

34. Defendant has insufficient information to admit or deny the allegations contained in paragraph 34.

35. Defendant has insufficient information to admit or deny the allegations contained in paragraph 35.

36. Defendant has insufficient information to admit or deny the allegations contained in paragraph 36.

37. Defendant has insufficient information to admit or deny the allegations contained in paragraph 37.

38. Defendant has insufficient information to admit or deny the allegations contained in paragraph 38.

39. Defendant admits that plaintiff did forward correspondence. Further answer, the document speaks for itself.

40. Defendant denies the allegation contained in paragraph 40.

41. Defendant denies the allegation contained in paragraph 41.

V. Arguments

1. To the extent any response is required, defendant denies the allegations.

VI. Cause of Action

1. Defendant admits that it offered a disability plan. The remaining allegations are denied.

2. Defendant admits that it did not file a document titled "Summary of Material Modification". The remaining allegations state a legal conclusion to which no response is required.

3. Paragraph 3 states a legal conclusion to which no response is required.

4. Defendant admits that a summary plan description was distributed. The remaining allegations are denied.

5. Defendant admits that a summary plan description was distributed. The remaining allegations are denied.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

VII. Conclusion

1. To the extent any response is required, defendant denies the allegations.

First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense

ERISA preempts and bans the plaintiff's common law causes of action.

Third Affirmative Defense

Defendant properly discharged its duties in the interest of plan participants and beneficiaries in accordance with ERISA.

Fourth Affirmative Defense

Plaintiff claims are time barred.

Fifth Affirmative Defense

Defendants' actions were not arbitrary and capricious.

Sixth Affirmative Defense

Defendant did not breach any fiduciary duty.

WHEREFORE, defendant demands that the complaint be dismissed and that it be awarded attorneys' fees and costs along with such other relief that the Court deems just and proper.

NFA CORPORATION d/b/a HOPE GLOBAL and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT and NFA CORPORATION and BRUCE BARTH in his capacity as ATTORNEY FOR NFA CORPORATION

By its Attorneys,
HOLLAND & KNIGHT LLP

William E. O'Gara, Esquire (#4257)
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903
(401) 751-8500 (telephone)
(401) 553-6850 (facsimile)

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within was sent via first class mail, postage prepaid, to Lorraine Femino, 4 Bayou Drive, Greenville, Rhode Island 02828 on this 15th day of April, 2005.

Suzy Oliveira

# 2772350_v1