UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| VS. | : | |
| | : | Civil Action No. 05-019ML |
| NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and Bruce Barth in his capacity as ATTORNEY FOR NFA CORPORATION | : | |

**REPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS SUPPLEMENTAL MEMORANDUM OF LAW ON THE MOTION TO DISMISS DEFENDANTS DOROTHY MATTIELLO AND BRUCE BARTH**

## I. INTRODUCTION

Defendants have submitted a Supplemental Memorandum of Law in support of the Motion to Dismiss. The premise is based on 3 arguments being; 1) a statement from plaintiffs March 5, 2005 affidavit forms the basis for plaintiffs complaint against defendants Mattiello and Barth; 2) defendants are not proper parties to this case; 3) the Complaint against defendants is frivolous. Plaintiff submits the Reply Memorandum to show these 3 arguments are without merit.

## II.

Defendants cite Plaintiffs statement from section 1 of the March 5, 2005 affidavit as being plaintiffs basis for the complaint against defendants Mattiello and Barth. The specific quote being, “the complaint against defendants Mattiello and Barth pertains only to defendants refusal to provide plaintiff a copy of a previous Summary Plan Description”. Defendants use this quote out of context from section 1 from where it was



17

taken. The quoted statement applies only to Plaintiff establishing the correct statutes under which the request for SPD2 was made. It is not plaintiff's basis for defendants violation of 29 U.S.C. § 1140.

In the original Motion to Dismiss filed by defendants, defendants did state that plaintiff's request for SPD2 was made under 29 U.S.C. §§ 1021(a)(1), 1022(a), and 1024(b)(1). In plaintiffs reply of March 5, 2005, the quoted statement is a clarification that plaintiffs request for SPD2 did not pertain to the statutes defendant cited, but instead pertained primarily to plaintiff's right to examine plan documents under 29 U.S.C. § 1027. Plaintiff does affirm that the statement cited in the Supplemental Memorandum of Law did not have intent to state plaintiff's basis for defendants violation of 29 U.S.C. § 1140. Plaintiff's complaint against defendants for a violation of 29 U.S.C. § 1140 was clarified in the same March 5, 2005 affidavit in the subsequent sections 2, 3, 5, and 6.

**III.**

The evidence does show that defendants are fiduciaries as defined under 29 U.S.C. § 1002 (21)(A)(iii) and did commit a breach of fiduciary duty in obstructing plaintiffs access to SPD2 through discriminatory actions thus violating 29 U.S.C. § 1140 and 29 U.S.C. § 1104(a)(1). ERISA defines "fiduciary" not in terms of formal trusteeship, but in functional terms of control and authority over plan administration, thus expanding the universe of persons subject to the fiduciary duty of loyalty to plan participants. Under 29 U.S.C. § 1002 (21)(A)(iii), "a person is a fiduciary with respect to a plan to the extent he has any discretionary authority or discretionary responsibility in the administration of such plan". The evidence shows that defendant Mattiello is the senior manager at NFA Corp. who was delegated with discretionary authority and

responsibility for all matters pertaining to Plaintiffs request for SPD2. The evidence shows that Defendant Barth did use discretionary authority to create and serve upon Plaintiff the demand for relevance criteria before SPD2 would be provided and did subsequently deny plaintiff a response on plaintiffs submission of such criteria causing obstruction of plaintiffs rights to SPD2.

Under 29 U.S.C. § 1104(a)(1), plan fiduciaries are required to discharge duties with respect to a plan solely in the interest of the participants and beneficiaries. The Duty of Loyalty requires an ERISA fiduciary "to communicate any material facts which could adversely affect a plan member's interests and is the core of a fiduciary's responsibility, animating the common law of trusts long before the enactment of ERISA". *Shea v. Esensten*, 107 F.3d 625 (8th Cir.1997).

The evidence does show that Defendants did understand that denying SPD2 would cause harm to plaintiff. The "duty to disclose material information is the core of fiduciary's responsibilities" *Glaziers & Glassworkers local 252 annuity Fund v Newbridge Sec.,* 93 F.3d 1171, 1181 (3rd Cir. 1996). Plan documents enable employees "to determine with certainty at any given time exactly what the plan provides." *Curtiss-Wright v. Schoonejongen*, 143 F.3d 120, 124 (3d Cir 1998) (on remand); see also *Smith v National Credit Union*, 36 F.3d 1007, 1081 (11th Cir. 1994 ('in the absence of documents, it would be impossible for participants to compare any "notices" that they might receive with the amendments themselves").

**IV.**

The evidence does show that plaintiff's complaint against Mattiello and Barth is not frivolous. Plaintiff's request for SPD2 was in conjunction with an attempt to obtain

rightful benefits of employment. Plaintiff did submit relevance criteria to defendants under duress given plaintiff's medical condition and in consideration of the statute of limitations, which did expire on or about February 1, 2005. Plaintiff did rely on the high standards of integrity demanded of defendants who did have a fiduciary duty to deal fairly and honestly on the matter of plaintiffs request for SPD2. See, e.g., Donovan v Bierwirth, 680 F.2d 263, 272 n.8 (2nd Cir. 1982) (the fiduciary standard is the "highest known to the law"). Plaintiff continues to be confronted with having to meet impossible standards of review before SPD2 will be provided. Defendants have not provided any reply to plaintiff's submission of relevance criteria and continue to use silence as a means to keep plaintiff in limbo. An ERISA fiduciary has a duty to speak out if it "knows that silence might be harmful." Bixler v. Central Penn. Teamsters Health & Welfare Fund, 12 F.3d 1292, 1300 (3d Cir. 1993).

Defendants have made no attempt to reconcile this matter in spite of plaintiff's submission of substantial evidence to show that defendants do have fiduciary duties to deliver SPD2 to plaintiff. Defendants continued silence and lack of any discussion with plaintiff towards a resolution does present a reasonable question that other violations of ERISA may be the actual reason for the denial of SPD2 to plaintiff. Should the evidence ultimately prove that SPD2 was not archived as required under 29 U.S.C. § 1027, and is no longer available as a plan document to be examined, then the demand for relevance criteria would not have been a credible demand placed on plaintiff's shoulders in the first place. In such a case, and in consideration of defendants lack of clarification to the Court on these matters, granting the Motion to Dismiss in advance of full discovery would

amount to a reward for defendants and further disadvantage plaintiffs ability to discover if a more serious breach of fiduciary duties has occurred.

The evidence will show that defendants were aware of plaintiff's chronic illness when the stated breach of fiduciary duties did occur, and that as a result, plaintiff did suffer unnecessary financial and physical harm.

For the reasons stated herein, Plaintiff requests that this Honorable Court not grant the Motion to Dismiss.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served by United States Postal Mail, postage prepaid on this 26 day of April , 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se

Subscribed and sworn to before me this 26 day of April , 2005

Andrea E Shea

Notary Public

My Commission Expires 9/5/06

ANDREA E. SHEA
Notary Public - Rhode Island
My Commission Expires September 5, 2006