UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-19ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On January 20, 2005, Plaintiff Lorraine Femino initiated this action by filing a Complaint for Injunctive and Declaratory Relief under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq., ("ERISA"), against her former employer and two individuals. Plaintiff is proceeding pro se.[1] Presently before the Court is a Motion to Dismiss the Complaint as to Defendants Dorothy Mattiello and Bruce Barth pursuant to Fed. R. Civ. P. 12(b)(6) (Document No. 8). Defendants Mattiello and Barth seek dismissal of all of Plaintiff's claims against them. This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.R.I. Local R. 32(a). A hearing was held on April 6,

[1] Plaintiff previously requested appointment of an "attorney-in-fact" to represent her in this Court. (Document No. 3). This Court denied Plaintiff's request for appointment of an attorney-in-fact on February 1, 2005. See Document No. 4. Prior to the Court's hearing on this Motion to Dismiss, Plaintiff requested accommodations from the Court in presenting oral arguments, due to claimed physical disabilities. One of those accommodations was the assistance of a "friend" during oral argument to help Plaintiff with documents. This Court allowed Plaintiff to use a "friend" solely for the purpose of assisting with documents. At a subsequent Rule 16 Conference held after the hearing on the Motion to Dismiss, but prior to the Court's issuance of this opinion, the same "friend" appeared with Plaintiff and consulted with Plaintiff several times during the Rule 16 Conference. Plaintiff is reminded that in federal court, she is permitted to proceed pro se or through counsel, but that a non-attorney may not represent her. See 28 U.S.C. § 1654. Further, Plaintiff's "friend" is cautioned that in Rhode Island, the unauthorized practice of law is a crime, which can subject an individual to penalties including both fines and imprisonment. See R.I. Gen. Laws § 11-27-1 et seq.

2005. After reviewing the memoranda submitted by the parties, performing independent research, and listening to the arguments, I recommend that the Motion to Dismiss (Document No. 8) be GRANTED.

**I. Facts**

Plaintiff was hired by Hope Global in March 1995. Compl. § 11, ¶ 2; § IV, ¶ 1. Before she accepted the position with Hope Global, Plaintiff claims she sought and received a "thorough understanding" of the disability benefits offered by Hope Global. Id. § IV, ¶ 3. Plaintiff alleges that the disability benefits were particularly important to her, since she was previously unable to work due to an operation. Id. § IV, ¶ 3. Based on the benefits available at that time, Plaintiff determined that the coverage provided by Hope Global would be "adequate" and that the protections provided by the plan were the ones she "desired." Id. § IV, ¶ 4 and 5.

When Plaintiff began working for Hope Global, she was provided with a copy of the then-effective Long Term Disability Summary Plan Description (the "1995 SPD"). Id. § II, ¶ 3. On February 1, 1999, while Plaintiff was a Hope Global employee, the Long Term Disability plan was modified and Ms. Femino was issued a copy of the new SPD (the "1999 SPD"). Id. § III, ¶ 1. Then, in May 2001, Plaintiff stopped working due to a "disabling physical illness." Id. § 2, ¶ 2; § IV, ¶ 1; § IV, ¶ 9. Plaintiff reports that she was diagnosed with two conditions: fibromyalgia and carpal tunnel syndrome. Id. § IV, ¶ 29; p. 14.

After she stopped working, Plaintiff applied for disability benefits from the benefit provider, Prudential Insurance Company. Id. § IV, ¶ 10, 15, 16. After approximately twenty-four months, Prudential ceased payment of Plaintiff's benefits because the 1999 SPD limited benefit eligibility for illnesses based on self-reported symptoms to twenty-four months. Id. § IV, ¶ 23. Plaintiff claims

that the 1995 SPD did not limit her eligibility for benefits to twenty-four months for self-reported symptoms, and Plaintiff disputed the coverage directly with Prudential in an effort to have her disability benefits continue to a "normal retirement age." Id. § IV, ¶ 37. Plaintiff's direct dispute with Prudential was unsuccessful, and Plaintiff has subsequently sought relief through the EEOC and with federal and state courts.

In this particular lawsuit, however, Prudential is not a party, and the claims therefore focus on the actions and inactions of Plaintiff's former employer, Hope Global, and the other individuals that are the subject of this Motion. The only issue before the Court at this time is whether Bruce Barth, an attorney for NFA Corporation, and Dorothy Mattiello, an employee in the Human Resources Department with Hope Global, are proper parties to this ERISA lawsuit. The subject of the present Motion is solely whether the facts alleged in the Complaint state a cognizable claim against these two individuals. Thus, the Court will focus on the facts relating to these two individual Defendants. The crux of Plaintiff's claim against these individuals focuses on their alleged liability for failing to provide her a copy of the 1995 SPD, and their liability for participating in alleged "fiduciary breaches" against her.

Plaintiff asserts that she requested a copy of the 1995 SPD from Defendants Mattiello and Barth, and that Defendants Mattiello and Barth withheld the 1995 SPD "causing harm to plaintiff in filing the complaint herein." Id. § IV, ¶ 4-5. Plaintiff requested a copy of the 1995 SPD from Dorothy Mattiello on or about November 24, 2004. Id. § IV, ¶ 39.

In addition to her failure to receive the 1995 SPD, Plaintiff claims that Hope Global distributed copies of the 1999 SPD, but that the 1999 SPD did not include a summary of material modifications, and that the term "long term disability" was used in a manner similar to the 1995 SPD. Id. § VI, ¶ 4-5. Plaintiff claims the failure to include a section on material modifications and

the purportedly confusing language are ERISA violations. Finally, Plaintiff claims that Defendants Mattiello and Barth's refusal to provide a copy of the 1995 SPD to her, subjects these Defendants to individual liability for their failure to remedy alleged breaches of fiduciary duties committed by others. Both Mattiello and Barth are sued as a "party in interest" under 29 U.S.C. § 1002(14)(a). Id. § II ¶ 3, 5.

## II. Standard of Review

Defendants Mattiello and Barth have moved to dismiss the Complaint for failure to state a cognizable claim. In ruling upon a motion to dismiss under Fed. R. Civ. P 12(b)(6), the facts alleged in the Complaint must be taken as true, and all reasonable inferences must be drawn in their favor. See Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997); Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). A court should not grant a motion to dismiss pursuant to Rule 12(b)(6) unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts. Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir.1996).

However, "[m]inimal requirements are not tantamount to nonexistent requirements." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). "Bald assertions, subjective characterizations and legal conclusions are insufficient." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Thus, the Court may "exempt...those 'facts' which have since been conclusively contradicted by plaintiffs' concessions or otherwise, and likewise eschew any reliance on bald assertions, unsupportable conclusions, and 'opprobrious epithets.'" Chongris, 811 F.2d at 37 (citation omitted).

## III. Discussion

### A. Failure to Furnish the 1995 SPD to Plaintiff

Plaintiff asserts in broad fashion that Mattiello and Barth are responsible for her failure to receive a copy of the 1995 SPD. Even assuming, as the Court must under Rule 12(b)(6), that Mattiello and Barth failed to provide the 1995 SPD to Plaintiff, these factual allegations do not give rise to any cognizable claim since Mattiello and Barth were not legally responsible for providing a copy of the 1995 SPD to Plaintiff.

Under ERISA, a plan administrator is required to provide plan documents to certain individuals upon request. See 29 U.S.C. § 1021(a)(1); §1022(a) and §1024(b)(1); Ross v. Rail Car Am. Group Disability Income Plan, 285 F.3d 735 (8th Cir. 2002) (proper defendant in action for failure to provide documents is the plan administrator). Neither Mattiello nor Barth are the Plan Administrators under the plans. The Complaint correctly states that the Plan Administrator is NFA Corporation – also a Defendant in this case. Compl. § II, ¶ 4.

Because NFA Corporation is the Plan Administrator, NFA Corporation is the entity that may be held liable if Plaintiff is ultimately successful in proving that she was entitled to the 1995 SPD, and that it was wrongfully withheld from her. The mere fact that Plaintiff had some contact with Mattiello and Barth in the course of their professional duties does not subject them to liability under the statute or under applicable case law. These individuals do not step into the role of Plan Administrator because they responded to Plaintiff's requests for information. See Averhart v. US WEST Mgmt. Pension Plan, 46 F.3d 1480, 1489 -1490 (10th Cir. 1994) ("even where 'company personnel other than the plan administrator routinely assume responsibility for answering requests from plan participants and beneficiaries...[t]he statutory liability for failing to provide requested

information remains with the designated plan administrator..., not with the employer or its other employees.'") (internal citations omitted).

The First Circuit Court of Appeals has held that non-administrators can be deemed "de-facto" administrators under an ERISA plan where the non-administrator controls the administration of the plan. See Law v. Ernst & Young, 956 F.2d 364, 371 (1st Cir. 1992). The First Circuit's ruling in that case was based on unique facts that do not present themselves here. That Court held that the Defendant company was the "de-facto" plan administrator despite the fact that it had designated an internal committee as its plan administrator in the plan documents. That ruling was based on the fact that the company effectively controlled the ERISA Plan but denied it was the plan administrator. See Law, 956 F.2d at 373 ("[i]f a company ignored in practice any distinction between the administrator and itself, and assumed responsibility for responding to plan inquiries...both it and the purported plan administrator would be immune from liability.") The Law holding does not apply here, since the Corporate Defendant, NFA Corporation, does not deny it is the Plan Administrator. Dismissing these two individual Defendants will not prevent Plaintiff from proceeding on this claim against NFA Corporation in its capacity as Plan Administrator. Therefore, applying the Rule 12(b)(6) dismissal standard, Plaintiff's claims that Mattiello and Barth are liable for her failure to receive a copy of the 1995 SPD upon her request fail as a matter law.

**B. Mattiello and Barth's Liability as Co-fiduciaries**

In addition to her claim that Defendants are individually liable for her failure to receive a copy of the 1995 SPD, Plaintiff also claims they are liable for breach of fiduciary duty under 29 U.S.C. § 1105(a)(3) and/or 29 U.S.C. §1132(a)(3)(A). Plaintiff has not, however, asserted that either Mattiello or Barth are fiduciaries under ERISA. See Beddall v. State St. Bank and Trust Co., 137 F.3d 12, 18 (1st Cir. 1998) ("the statute reserves fiduciary liability for 'named fiduciaries' defined

either as those individuals listed as fiduciaries in the plan documents or those who are otherwise identified as fiduciaries pursuant to a plan-specified procedure").

There are no facts alleged supporting a finding that Barth is a plan fiduciary, since numerous courts have held that attorneys representing ERISA plans are not fiduciaries under ERISA. See Custer v. Sweeney, 89 F.3d 1156 (4th Cir. 1996) ("[t]he mere fact that an attorney represents an ERISA plan does not make the attorney an ERISA fiduciary because legal representation of ERISA plans rarely involves the discretionary authority or control required by the statute's definition of 'fiduciary'"); Useden v. Acker, 947 F.2d 1563, 1577 (11th Cir. 1991) (law firm not a fiduciary because it did not "depart[ ] from the usual functions of a law firm or otherwise effectively or realistically control[ ] the [ERISA] Plan"). Reich v. Rowe, 20 F.3d 25, 31 n.7 (1st Cir. 1994) ("nonfiduciaries cannot, by definition, engage in the act or practice of breaching a fiduciary duty.").

Similarly, Plaintiff has simply not alleged sufficient evidence to survive a Rule 12(b)(6) motion as to Mattiello's potential liability as a co-fiduciary. Mattiello is nothing more than an employee who performed certain tasks in the course of her employment. The rule in this Circuit is that "the mere exercise of physical control or the performance of mechanical administrative tasks generally is insufficient to confer fiduciary status." Beddall, 137 F.3d at 18; See also Cottrill v. Sparrow, Johnson & Ursillo, Inc., 74 F.3d 20, 21- 22 (1st Cir.1996). Under these established rules, neither Mattiello nor Barth are liable as fiduciaries for any actions they took with respect to Plaintiff. Accordingly, Plaintiff's claims that Mattiello and Barth committed a breach of fiduciary duty also fail as a matter of law.

## Conclusion

For the foregoing reasons, I recommend that the Motion to Dismiss (Document No. 8) all claims in the Complaint as to Defendants Mattiello and Barth be GRANTED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
June 15, 2005