**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT and Bruce Barth in his capacity as ATTORNEY FOR PLAN ADMINISTRATOR** | : | |

**PLAINTIFFS SUBMISSION OF OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Now comes the Plaintiff Lorraine Femino, in the above-entitled matter, submitting objections to the Report and Recommendations as filed by Lincoln D. Almond, United States Magistrate Judge in the above matter. Plaintiff also provides to the Court new information pertaining to the complaint against defendants Mattiello and Barth showing that plaintiff has received on June 16, 2005, the document 1995 SPD (formerly referred to in the complaint as SPD2). The specific submission of objections to the Report and Recommendation is attached.

Plaintiff Lorraine Femino
Pro Se

Lorraine Femino
4 Bayou Drive
Greenville, R.I. 02828
Tel: (401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and Bruce Barth in his capacity as ATTORNEY FOR NFA CORPORATION** | : | |

**PLAINTIFFS SUBMISSION OF OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Plaintiff submits the following objections to matters contained in the Report and Recommendations document.

I

Plaintiff objects to conclusions that there exists no set of facts supporting a premise that defendant Mattiello is a fiduciary as defined under 29 U.S.C. § 1002 (21)(A)(iii) as it pertains to this matter. The set of facts supporting this premise follows.

1. Under 29 USC § 1002 (21)(A)(iii), "a person is a fiduciary with respect to a plan to the extent he has any discretionary authority or discretionary responsibility in the administration of such plan". (Document 17, section 3)
2. Defendants provide no evidence or statement that defendant Mattiello was not relied upon and entrusted to resolve all matters pertaining to plan participants and would not normally be the sole arbiter in such matters on behalf of NFA Corp. (document 11, section 4)

3. Defendant Mattiello, being the Vice President of Human Resources of NFA Corp. d/b/a Hope Global, states duties as being "I am in charge of overseeing all employee issues including recruiting and hiring, fringe benefits, wages, workers' compensation and other related matters". (document 13, attachment, Sworn Affidavit of Dorothy Mattiello)
4. In the matter of a complaint filed with the Rhode Island Commission for Human Rights, RICHR No. 05RPD 032-34/50, defendant Mattiello was an NFA employee filing an affidavit on behalf of the plan administrator. (document 13, section 3)
5. All letters to plaintiff, or plaintiffs representative, sent by attorneys representing NFA Corp. had only one NFA Corp employee copied, being defendant Mattiello. (document 9 section 6, and attachment letters December 10, 2004, and December 17, 2004)
6. No evidence was provided by defendants to dispute plaintiffs assertion that the qualifier "Attention: Human Resources" in the name of the plan administrator in the Summary Plan Description, page 33, represents the NFA Corp d/b/a Hope Global Human Resources department located in Cumberland, Rhode Island where defendant Mattiello is the Vice President of Human Resources. (plaintiff's testimony, April 6, 2005 hearing)
7. Defendants provide insufficient evidence to counter plaintiffs claim that defendant Mattiello did have fiduciary duties as defined under 29 U.S.C. § 1002 (21)(A)(iii) to the extent of providing relief to plaintiffs request for 1995 SPD. (document 17, section 2)

II

Plaintiff objects to conclusions that there exists no set of facts supporting a premise that defendant Barth is a fiduciary as defined under 29 U.S.C. § 1002 (21)(A)(iii). The set of facts in support of this premise follow.

1. Under 29 USC § 1002 (21)(A)(iii), "a person is a fiduciary with respect to a plan to the extent he has any discretionary authority or discretionary responsibility in the administration of such plan". (Document 17, section 3)
2. Defendant Barth was engaged to represent the plan administrator in the specific matter of plaintiffs request for SPD2. (document 9, sections 5 and 6)
3. Defendant Barth did use discretionary authority to create and serve upon plaintiff a demand for unspecified relevance criteria in a letter containing an ultimatum "Unless you provide sufficient information to make those documents relevant, do not expect us to respond to any other communications concerning this matter. You should consider this our final response on this issue". (document 9, letter dated December 17, 2004 and document 17, section 2)
4. Defendant Barth having used the collective term "us" in the ultimatum in (3), did freely establish defendants role as being the primary arbiter pertaining to approval of relevance criteria submitted by plaintiff and thus established extraordinary and substantial discretionary authority in this matter. (document 9, section 5)
5. Defendants provide no evidence that defendant Barth ever provided any response to plaintiff specific to plaintiffs rights under 29 USC § 1027. (document 17, section 3)

III

Plaintiff objects to the Record and Recommendation containing no examination of a substantial provisions of section 29 USC § 1140, being to enjoin an act that is harmful due to discrimination. The set of facts pertaining to this objection follow.

1. Plaintiffs claims a violation of interference under 29 USC § 1140 against defendants Mattiello and Barth. (document 1, Cause of Action 8)

2. Defendants did interfere with plaintiffs protected rights by establishing a demand for unspecified relevance criteria together with the subsequent act of silence once plaintiff established relevance being based on 29 USC § 1027 (document 11, sections 1 and 3).
3. A claim of relief to a violation of 29 USC § 1140 is proper in the form "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan" (document 11, section 2).
4. Specific relief on the complaint of 29 USC § 1140, Interference, could have taken the form of either providing 1995 SPD, or alternatively, to provide a specific and direct response as to why plaintiff had no right to request and receive permission to examine a plan document held in retention file under 29 USC § 1027. (document 9, section 1, and document 11, section 1).
5. Defendants did not provide 1995 SPD, nor any response to plaintiffs submission of relevance criteria based on 29 USC § 1027 at any time before the release of the Record and Recommendation. (document 17, section 3).
6. Plaintiff had the right to file a complaint against defendants under 29 USC § 1132(a)(3)(A) to enjoin the act of interference of plaintiffs rights based on a violation of 29 USC § 1140. (document 9, section 2).
7. Defendants Mattiello and Barth did not provide evidence to show that plaintiff could not seek relief under 29 USC § 1132(a)(3)(A) to enjoin a violation of 29 USC § 1140 based on discrimination. (document 11, section 2)

PLAINTIFF HAS RECIVED 1995 SPD AS OF JUNE 16, 2005

Plaintiff wishes to advise the Court that as of June 16, 2005, plaintiff did at last receive the document 1995 SPD through defendants counsel, William O'Gara. Plaintiff respectfully requests that the Court give consideration to the set of facts stated herein as they may apply to plaintiffs request to deny the Motion to Dismiss. Should the Court deny the Motion to Dismiss, plaintiff will release any and all claims against defendants Mattiello and Barth.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served by United States Postal Mail, postage prepaid on this 23 day of June, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Attachment: Cross Reference of Documents

Document Cross Reference
CA 05-019ML Lorraine Femino v NFA Corp d/b/a Hope Global

| Document Number in File | Title of Document | Date Filed |
|---|---|---|
| Document 1 | COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF | January 27, 2005 |
| Document 9 | AFFIDAVIT OF LORRAINE FEMINO, PLAINTIFF IN OPPOSITION TO MOTION TO DISMISS THE COMPLAINT AGAINST DEFENDANTS DOROTHY MATTIELLO AND BRUCE BARTH | March 8, 2005 |
| Document 11 | REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DISMISS THE COMPLAINT AGAINST DEFENDANTS DOROTHY MATTIELLO AND BRUCE BARTH | March 15, 2005 |
| Document 13 | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS REQUEST FOR FURTHER EVIDENTIARY HEARING ON PLAINTIFFS OPPOSITION TO THE MOTION TO DISMISS DEFENDANTS DOROTHY MATTIELLO AND BRUCE BARTH | April 8, 2005 |
| Document 17 | REPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS SUPPLEMENTAL MEMORANDUM OF LAW ON THE MOTION TO DISMISS DEFENDANTS DOROTHY MATTIELLO AND BRUCE BARTH | April 27, 2005 |