**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFF SUBMITS A REQUEST FOR A SUPPLEMENTAL PLEADING AND MONETARY RELIEF**

Now comes the Plaintiff Lorraine Femino, in the above-entitled matter, filing a Supplemental Pleading based on F.R.C.P. 15 (D). The Supplemental Pleading results from defendant NFA Corp's. actions to deny plaintiff requested information contained in 1995 SPD from December 10, 2004 until June 16, 2005. Plaintiff requests monetary damages for violations of ERISA by defendant NFA Corp. for obstructing plaintiffs access to 1995 SPD and also requests permission to amend the specific monetary damages plaintiff is seeking in the complaint against NFA Corp. based on the information obtained in 1995 SPD. A Memorandum of Law is attached.

Plaintiff Lorraine Femino
Pro Se
Lorraine Femino
4 Bayou Drive
Greenville, R.I. 02828
Tel: (401) 949-4933

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| VS. | : | Civil Action No. 05-019ML |
| NFA CORPORATION d/b/a HOPE GLOBAL, et al. | : | |

**MEMORANDUM OF LAW SUPPORTING PLAINTIFFS REQUEST FOR A SUPPLEMENTAL PLEADING AND MONETARY RELIEF**

## I. INTRODUCTION

Plaintiff submits a request for a Supplemental Pleading based on F.R.C.P. 15(d). The Supplemental Pleading results from defendant NFA Corp's. actions to deny plaintiff requested information contained in 1995 SPD from December 10, 2004 until June 16, 2005. Having been denied access to 1995 SPD, plaintiff was unable to properly establish damages in the complaint against NFA Corp. Plaintiff requests monetary damages for violations of ERISA by defendant NFA Corp. as a result of obstruction of plaintiff's rights of access to 1995 SPD and also requests permission to amend the specific monetary damages plaintiff is seeking in the complaint against NFA Corp. based on the information obtained in 1995 SPD.

## II. STATEMENT OF FACTS

1. On or about November 22, 2004, plaintiff did submit a request for the plan document currently known in this complaint as 1995 SPD to the Vice President of Human

Resources of the NFA Corp. Human Resources department located at 50 Martin St., Cumberland, Rhode Island (hereafter Human Resources).

2. Plaintiff received a response dated December 10, 2004, sent from attorney Jeffrey Hirsch on behalf of NFA Corp., denying plaintiff's request for 1995 SPD on a basis that NFA Corp was not obligated to provide a copy of 1995 SPD to plaintiff.
3. As allowed under 29 CFR 2560.503-1(b) (4), plaintiff did delegate responsibility to a representative to send a response to attorney Jeffrey Hirsch dated December 13, 2004, clarifying the basis of plaintiff's request for 1995 SPD.
4. Representative sent a letter dated December 16, 2004 to Human Resources specifying the basis for plaintiffs right to examine 1995 SPD being based on 29 USC § 1027, Retention of Records, and 29 USC § 1024 (b)(2) as it applies to "other instruments".
5. Representative received a letter dated December 17, 2004, from attorney Bruce Barth stating that plaintiff's request for 1995 SPD was again denied and also stating an ultimatum being "Unless you provide sufficient information to make those documents relevant, do not expect us to respond to any other communications concerning this matter. You should consider this our final response on this issue".
6. Representative did file a protest with Human Resources and attorney Bruce Barth that a demand for unspecified relevance criteria was a violation of plaintiffs rights.
7. Representative requested the Summary of Material Modification from Human Resources as filed with the plan amendment of February 1, 1999.
8. Representative was informed by attorney Bruce Barth that no Summary of Material Modification pertaining to the plan amendment of February 1, 1999 was filed.

9. Plaintiff did not receive any response from NFA Corp. pertaining to plaintiff's submission of relevance criteria as stated in (4) above.
10. Plaintiff did file the complaint against NFA Corp. for a breach of fiduciary duties of disclosure under duress due to an approaching expiration of the statute of limitations for filing a complaint against NFA Corp and given the absence of the critical plan documents Summary of Material Modification and 1995 SPD.
11. Plaintiff did finally receive a copy of 1995 SPD on June 16, 2005.
12. Defendant NFA Corp. did provide to plaintiff confirmation that 1995 SPD has been in defendant NFA Corp's possession since November 22, 2004.

## III. ARGUMENTS

Under 29 U.S.C. § 1104(a)(1), plan fiduciaries are required to discharge duties with respect to a plan solely in the interest of the participants and beneficiaries.

A plan participants right to obtain requested plan information is clarified by the US Department of Labor in the *Mario Amicus Brief* which holds "if a participant wants information beyond that required in the SPD, including information on the administrator's discretion, the participant can obtain it since ERISA requires that the plan documents be made available to participants to view in a central location as well as copied upon request. ERISA §§ 104(b)(2) and (4), 29 U.S.C. § 1024(b)(2) and (4)". - http://www.dol.gov/sol/media/briefs/mariovP&C(A)-9-10-2002.htm.

1995 SPD was a document of record held in retention file by NFA Corp. under requirements of 29 USC § 1027. 1995 SPD was a relevant plan document to plaintiff as a result of NFA Corp.'s statutory requirement to file a Summary of Material Modification

under 29 CFR 2520.104a-7 which NFA Corp admits was not done at the time of the plan amendment of February 1, 1999. In the absence of a Summary of Material Modification, 1995 SPD is a relevant plan document to identify plan changes from the plan amendment which require disclosure to plan participants under 29 CFR 2520.104a-7.

Lacking important plan information from 1995 SPD, plaintiff was substantially disadvantaged in filing the complaint against defendant NFA Corp. Plaintiff will prove by evidence that NFA Corp's use of unspecified relevance criteria as a means to obstruct plaintiff's access to 1995 SPD was a discriminatory act. The Supreme Court has authorized "recovery in "disparate impact" cases comparable to Griggs v [Duke Power]". 125 S. Ct. 1540" *Smith v City of Jackson* 125 S Ct. 1536 (March 30, 2005). Title VII "proscribes not only overt discrimination, but also practices that are fair in form, but discriminatory in operation" *Griggs v Duke Power*. 125 S. Ct. 1540.

## IV. CAUSE OF ACTION

1. Defendant NFA Corp did discriminate against plaintiffs rights by obstructing access to the plan document 1995 SPD from December 10, 2004 until June 16, 2005 through a demand for unspecified relevance criteria in violation of 29 U.S.C. § 1140.
2. Defendant NFA Corp did violate 29 U.S.C. § 1104(a)(1) by obstructing plaintiff's access to examine plan information contained in 1995 SPD between December 10, 2004 until June 16, 2005 without a valid statutory or legal basis for such denial.

## V. CONCLUSION

For the above reasons plaintiff respectfully requests this Honorable Court to:

1. Assign monetary damages to plaintiff for failure to provide a requested document in an amount recommended in 29 USC 1132 (c)(1)(B) of $100 per day from the time of first refusal on December 10, 2004 until June 16, 2005.
2. Declare that for the reasons specified in the complaint against NFA Corp., plaintiff be restored disability benefit payments from the specific date of November 19, 2003, in an amount consistent with previous monthly payments of $437.19 payable until the Normal Retirement Age at age 66.
3. Declare plaintiff be restored a term life insurance benefit consistent with coverage as previously provided to plaintiff through the NFA Corp. disability welfare benefit.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se

Subscribed and sworn to before me this 14TH day of July, 2005

Karen M Balch

Notary Public
My Commission Expires KAREN M. BALCH, Notary Public My Commission Expires May 9, 2007

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by United States Postal Mail, postage prepaid on this 14th day of July, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903