**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and Bruce Barth in his capacity as ATTORNEY FOR NFA CORPORATION** | : | |

**PLAINTIFF SUBMITS A REPLY OPPOSING DEFENDANTS OBJECTION TO THE SUPPLEMENTAL PLEADING AND MONETARY RELIEF**

Now comes the Plaintiff Lorraine Femino, in the above-entitled matter, filing a reply to defendants objection as filed on July 27, 2005 to plaintiffs Supplemental Pleading. Plaintiff presents clarification on the basis for a filing on rule 15(d) and also justification for money damages. A Memorandum of Law is attached.

Plaintiff Lorraine Femino
Pro Se

Lorraine Femino

Lorraine Femino
4 Bayou Drive
Greenville, R.I. 02828
Tel: (401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and Bruce Barth in his capacity as ATTORNEY FOR NFA CORPORATION** | : | |

**REPLY MEMORANDUM OPPOSING DEFENDANTS OBJECTION TO THE SUPPLEMENTAL PLEADING AND MONETARY RELIEF**

Plaintiff files a response in opposition to defendants reply memorandum in which defendants state confusion on plaintiffs filing of a Supplemental Pleading under Rule 15(d). Plaintiff also opposes defendants position that plaintiff's request for money damages is futile since ERISA does not allow the court to assign money damages beyond equitable relief. Plaintiff presents 3 arguments.

I.

Since November 22, 2004, plaintiff fought for access to the critical plan document 1995 SPD. Defendant NFA Corp admits to having 1995 SPD since November 22, 2004, but held firm even in the Motion to Dismiss defendants Mattiello and Barth that plaintiff was not entitled to receive 1995 SPD. Plaintiff did finally receive a copy of 1995 SPD on June 16, 2005 from attorney O'Gara. Plaintiff's complaint against NFA Corp is based on a breach of fiduciary duty to disclose benefit reductions in a Summary of Material

Modification resulting from the plan amendment of 1999. Lacking 1995 SPD and the Summary of Material Modification at the time of filing the complaint, plaintiff only had memory to rely on as to the specific extent of damages and cause of action thus the complaint could not be perfected until plaintiff received 1995 SPD which did occur on June 16, 2005. Plaintiff was forced to file the original complaint incomplete due to the expiration of the statute of limitations which did occur on or about February 1, 2005.

II.

Defendant's incorrectly cite 28 USC § 1132(a)(3); *Mertens v Heweitt Associates*, 508 US 248, 255 (1993) in the objection[1] as a basis that plaintiff has no recourse to money damages. Plaintiff's claim for damages is against NFA Corp. who is the plan administrator and who can be held liable for damages under 29 USC § 1132 (c)(1)(B) at the discretion of the Court for failing or refusing to comply with a request for any information. Under ERISA § 502(c)(1), a district court may, in its discretion, assess penalties of up to $100 a day against plan administrators who fail to furnish requested documents. See *Glocker v. W.R. Grace &Co.*, 974 F.2d 540, 544 (4th Cir. 1992).

III.

The Summary Plan Description of the Group Disability Benefit DG-67020-RI for NFA Corporation contains on page 35, "if you request materials from the plan and do

[1] Attorney O'Gara's allegations against Gary Morse are a veiled attempt to intimidate and coerce plaintiff. Attorney O'Gara cites "admonishment" but is in possession of June 15, 2005 letter of explanation and resurrects this issue for harassment. Attorney O'Gara, having knowledge of special needs of plaintiff due to disability applies a distorted interpretation of RIGL § 11-27-1 that would make all legal assistants criminals in R.I. and also would likely be ruled in violation of ADA. See e.g. *Smith v City of Jackson*, 125 S Ct. 1536. Gary Morse has informed all parties where use of the phrase "attorney in fact" and "durable power of attorney" was used, that he was not an attorney. Attorney O'Gara is in violation of 29 U.S.C. 1141 and ADA, Title V, Section 503(a) and (b). Plaintiff pleads for intervention and assistance by this Honorable Court.

not receive them within thirty days, you may file suit in a federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 per day until you receive the materials". "Contract language in an ERISA action is to be given its plain meaning." Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 586 (1st Cir. 1993).

Accordingly, plaintiff's motion should be approved.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 1 day of August, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

Attachment –Affidavit of Lorraine Femino

11. I feel intimidated and coerced by the filing of a statement by attorney O'Gara with this Court that Gary Morse is violating a criminal law of Rhode Island.

12. I feel intimidated and coerced that attorney O'Gara did receive a letter of explanation on this matter from me dated July 26, 2005 and yet he has taken no action that I know of to clarify matters to the Court or contact me personally to resolve this issue.

13. I have information and belief that attorney O'Gara does understand there is a substantial "grey area" of the law in the matter of my rights under ERISA, and the Americans with Disabilites Act as it pertains to conformance to RIGL § 11-27-1.

14. I know of no action attorney O'Gara took to examine the issue in (13) above before entering into what I believe was a willful attempt to intimidate and coerce me from my rights.

15. I have lost substantial support on my case as a result of attorney O'Gara's action as described herein.

16. I have personal knowledge that on all contacts between the RI Commission of Human Rights, the Department of Labor, and any other person Gary Morse has spoken with, Gary Morse always took steps to tell people he was not a lawyer but acting only as a trusted person who I have empowered under a Durable Power of Attorney due to my disability.

The information in this affidavit is truthful and correct and is provided voluntarily under the penalties of perjury.

Lorraine Femno
4 Bayou Drive
Greenville, Rhode Island, 02828

Subscribed and sworn to before me this 1 day of August, 2005

Notary Public
My Commission Expires

KAREN M. BALCH, Notary Public
My Commission Expires May 9, 2007