**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

## PLAINTIFF SUBMITS A REQUEST FOR INJUNCTIVE RELIEF

Plaintiff respectfully submits a request for Injunctive Relief requesting that this Honorable Court temporarily cease action on this complaint due to recent events which have substantially prejudiced this complaint and irreparably harmed plaintiff. A Memorandum of Law is attached.

Plaintiff Lorraine Femino
Pro Se

Lorraine Femino
4 Bayou Drive
Greenville, R.I. 02828
Tel: (401) 949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 3rd day of August, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and Bruce Barth in his capacity as ATTORNEY FOR NFA CORPORATION** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS REQUEST FOR INJUNCTIVE RELIEF**

Plaintiff respectfully requests that this Court temporarily cease action on this complaint due to recent events which have substantially prejudiced this complaint and disadvantaged plaintiff. Specifically, Court documents filed on July 27, 2005 by defendants allege that person(s) assisting plaintiff are committing criminal violations of Rhode Island General Law § 11-27-1. These charges as noted in Court documents, come in light of similar charges verbally stated several days earlier in the mediation session of July 25, 2005 by attorney William O'Gara who did state an intent to bring the complaint to the Attorney General of Rhode Island. Additionally, attorney William O'Gara did state in the July 25, 2005 mediation session that defendant NFA Corp. would be filing a subsequent civil complaint against person(s) assisting plaintiff for the total recovery of their legal bill in defending plaintiffs complaint. Plaintiff stands firm on the legality of assistance received by persons helping, but the threat of criminal actions and a follow on

civil complaint have caused substantial intimidation to all person(s) helping plaintiff. Plaintiff has lost the trusted support of person(s) within the State of Rhode Island. Plaintiff now has to rely on out of state family resources whose support cannot sustain plaintiff at an adequate level to move this complaint forward.

Plaintiff has information and belief that such intimidation was intentional by attorney O'Gara and defendant NFA Corp. and thus a violation of 29 U.S.C. § 1141 (Coercive Interference); The Americans with Disabilities Act (ADA), Title V, Section 503(a) and (b); 42-87-1 et seq (R.I. Civil Rights of People with Disabilities Act), 42-112-1 et seq (R.I. Civil Rights Act of 1990, RICRA) of Rhode Island General Laws, and the Rules of Professional Conduct of the Rhode Island Supreme Court.

Plaintiff wishes to advise the Court that the recent Supreme Court ruling *Smith v City of Jackson*, 125 S Ct. 1536 (March 30, 2005) may have substantial impact on this matter as it pertains to plaintiffs rights as a disabled person with protections under the Americans with Disabilities Act of 1990.

*Smith v City of Jackson* "does authorize recovery in "disparate impact" cases comparable to *Griggs v [Duke Power]*". 125 S. Ct. at 1540. The Court "proscribes not only overt discrimination but also practices that are fair in form, but discriminatory in operation".

Plaintiff has been substantially disadvantaged in the complaint from the lack of clarity as to plaintiff's rights as a disabled person in appearances before this court. Plaintiff has made several requests for accommodation, and has received some relief, but plaintiff states that such discretionary relief as provided by this court was substantially inadequate to properly address plaintiffs needs. Plaintiff does suffer cognitive blackout in

stressful situations due to disability and medications. Plaintiff has previously informed the court of such disabling conditions, but to date, plaintiff has not received adequate direction consistent with the new and more stringent requirements as outlined under *Smith v City of Jackson*, 125 S Ct. 1536 and consistent with state and federal disability laws. Plaintiff believes that the Courts reliance on standards of relief based on discretion and not on plaintiffs needs due to disability has sufficiently disadvantaged plaintiff and has created a false impression of violations of law as alleged against plaintiffs helpers. Plaintiff has been irreparably harmed by the actions of attorney O'Gara to exploit such lack of clarity with the threat of criminal and civil actions during the mediation session and in pronouncements in Court documents which have sufficiently intimidated and coerced plaintiffs helpers to abandon support. See e.g. Memorandum filed by defendants July 27, 2005. Plaintiff can only obtain relief with an examination of this issue by this Court regarding Court discretion vs. Court obligation as it is applied to plaintiffs request for accommodation due to disability.

For reasons as previously outlined in the original request for accommodations filed in January 2005, plaintiff has not been able to obtain an attorney for this ERISA action. Lacking an attorney, and the support plaintiff has now lost as a result of attorney O'Gara's threats of criminal and civil action against plaintiff's helpers, plaintiff would have to surrender all rights due to disability thus placing a right to continue living at plaintiffs current home in jeopardy. The Courts have held, "The right to "establish a home" has long been cherished as one of the fundamental liberties embraced by the Due Process Clause", *City of Cleburne, Texas et al v. Cleburne Living Center et al,* 473 U.S. 432 at page 461.

For these reasons, Plaintiff requests that this Honorable Court grant the following;

1) That time be provided to assess the specific requirements of accommodation needed by plaintiff which would be supported from a doctors report resulting from the scheduled August 4, 2005 medical evaluation for plaintiffs medical problem.

2) In the event such accommodations are found to be beyond what the Court would provide under discretionary authority, that plaintiff be allowed sufficient time to present a legal argument for such accommodation consistent with requirements as allowed under the Americans with Disabilities Act of 1990 and consistent with the objectives outlined in *Smith v City of Jackson*, 125 S Ct. 1536 as presented to this Honorable Court from a qualified legal assistance group and not by plaintiff.

Respectfully submitted,

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 3rd day of August, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933