UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-019ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT and NFA CORPORATION and BRUCE BARTH in his capacity as ATTORNEY FOR NFA CORPORATION | : | |

**OBJECTION TO MOTION FOR INJUNCTIVE RELIEF TO DENY DEFENDANTS' REQUEST FOR DEPOSITION OF GARY MORSE**

Defendants object to the motion for the reasons set forth in the accompanying Memorandum of Law.

DEFENDANTS,

By their Attorneys,
HOLLAND & KNIGHT LLP

William E. O'Gara, Esq. (#4257)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 (facsimile)

CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by first class mail, postage prepaid on this 12th day of August, 2005 to: Lorraine Femino, 4 Bayou Drive, Greenville, RI 02828 and Gary Morse, 25 Teed Avenue, Barrington, RI 02806

Suzy Oliveira

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-019ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT and NFA CORPORATION and BRUCE BARTH in his capacity as ATTORNEY FOR NFA CORPORATION | : | |

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR INJUNCTIVE RELIEF**

Mr. Morse takes the position that he somehow is immune from being deposed in this case because it is "a redundant effort". Given the central role he has played in orchestrating this matter, there is no basis for his request to evade the outstanding subpoena that requires him to appear for a deposition and produce documents. Exhibit 1.

This motion should be denied and Mr. Morse should be ordered to appear for the deposition and comply fully with subpoena.

DEFENDANTS,

By their Attorneys,
HOLLAND & KNIGHT LLP

William E. O'Gara, Esq. (#4257)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 (facsimile)

CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by first class mail, postage prepaid on this 12th day of August, 2005 to: Lorraine Femino, 4 Bayou Drive, Greenville, RI 02828 and Gary Morse, 25 Teed Avenue, Barrington, Rhode Island 02806

Suzy Olivia

# 3138488_v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-019ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT and NFA CORPORATION and BRUCE BARTH in his capacity as ATTORNEY FOR NFA CORPORATION | : | |

**NOTICE OF DEPOSITION**

DATE: August 15, 2005

TIME: 10:00 A.M.

PLACE: One Financial Plaza, Suite 1800
Providence, Rhode Island 02903

DEPONENT: GARY MORSE
25 Teed Avenue
Barrington, Rhode Island 02806

PLEASE TAKE NOTICE that pursuant to Rhode Island Rules of Civil Procedure, Rule 30, Defendants' counsel in the above-entitled action will take the deposition of the above-named deponent at the date and time indicated herein, on oral examination, which examination will continue from day to day until complete, at the office of HOLLAND & KNIGHT LLP, at the address referenced above before a Notary Public duly commissioned in the State of Rhode Island.

Respondents,
By their attorneys,
HOLLAND & KNIGHT LLP

William E. O'Gara, Esquire (#4257)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-751-8500
Fax: 401-553-6850

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within was sent via first class mail, postage prepaid, to Lorraine Femino, 4 Bayou Drive, Greenville, Rhode Island 02828 on this 3rd day of August, 2005.

Suzy Oliveira

**# 3110382_v1**

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

LORRAINE FEMINO

V.

NFA CORPORATION d/b/a HOPE GLOBAL, ET AL

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-019ML

TO: GARY MORSE
25 Teed Avenue
Barrington, RI 02806

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Holland & Knight, LLP, One Financial Plaza, Ste. 1800, Providence, RI 02903 | 8/15/05 10:00am |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| Holland & Knight, LLP, One Financial Plaza, Ste. 1800, Providence, RI 02903 | 8/15/05 10:00am |

_ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William E. O'Gara, Esq.
Holland & Knight, LLP, One Financial Plaza, Ste. 1800, Providence, RI 02903 401-824-5117

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT A

1. All documents including but not limited to pleadings, complaints, motions, legal research, communications, memoranda, affidavits, correspondence or the like that refer or relate to Femino v. NFA d/b/a Hope Global, C.A. 05-019ML ("the Action").

2. All communications between you and the plaintiff that refer or relate to the Action.

3. All documents that refer or relate to the plaintiff's employment with the defendants.

4. All documents that refer or relate to any claim for disability benefits filed with any insurance carrier by the plaintiff.

5. All memorandum, notes or the like that refer or relate to any conversation with the defendants or their agents, employees or attorneys.

6. All documents that refer or relate to the plaintiff's employment with Hope Global including but not limited to disability insurance plans, summary plan descriptions and the like.

# 3095004_v1