UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LORRAINE FEMINO

v.   C.A. No.   05-19ML

NFA CORPORATION d/b/a HOPE
GLOBAL, et al.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's timely objection to a Report and Recommendation issued by United States Magistrate Judge Lincoln D. Almond on June 15, 2005. Magistrate Judge Almond recommended that the Defendants' motion to dismiss all claims in the complaint as to defendants Mattiello and Barth pursuant to Fed. R. Civ. P. 12(b)(6) be granted. For the reasons set forth below, this court adopts the Report and Recommendation in part. The court adopts the Report and Recommendation insofar as it recommends dismissal of Plaintiff's claims against defendants Mattiello and Barth with respect to their liability as fiduciaries and their liability for breaching a fiduciary duty. The court reserves judgment on Plaintiff's 29 U.S.C. § 1140 claim subject to the filing of an amended complaint as noted in this Memorandum and Order.

The court must conduct a plenary review of a Report and Recommendation addressing dispositive pretrial matters to which specific written objections have been made. See Fed. R. Civ. P. 72(b). The court must make "a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Id.

1

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the well-pled facts must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998). A court should not grant a motion to dismiss unless "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Construction Company v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). The court exempts those "facts" which "have since been conclusively contradicted by plaintiff['s] concessions or otherwise, and likewise eschew[s] any reliance on bald assertions, unsupportable conclusions and 'opprobrious epithets.'" Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir.), cert. denied, 483 U.S. 1021 (1987) (citation omitted).

At the outset, the court acknowledges Plaintiff's pro se status and reads the complaint and Plaintiff's papers with a more generous import than it would if Plaintiff were represented by counsel.

### I. Barth as a Fiduciary

Plaintiff objects to Magistrate Judge Almond's conclusion that she has pled no set of facts supporting her claim that Barth is a plan fiduciary under 29 U.S.C. § 1002 (21)(A)(iii). Plaintiff's Submission of Objections to the Report and Recommendation § II. In her complaint Plaintiff describes Barth as an "attorney representing the Plan Administrator." Complaint for Injunctive and Declaratory Relief § II ¶ 5. Plaintiff alleges that Barth had "full knowledge" of the "policies used in Plaintiffs [sic] termination of benefits" and established "an Estopple [sic] by Silence a confirmation of the validity of . . . policies . . . being enforced by [the insurance company] against Plaintiff for termination of Plaintiffs [sic] benefits by taking no action to provide a remedy. . . ." Id. at § VI ¶ 7. Plaintiff alleges that Barth made it known to her that he

2

had no "conflict" with the insurance company's use of policy interpretations to terminate her benefits. Id. at V pg. 15. Plaintiff asserts that Barth withheld the summary plan description causing her harm. Id. at ¶ 8.

ERISA provides that an individual is a fiduciary with respect to a plan to the extent that "he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002 (21)(A)(iii). "[T]he mere fact that an attorney represents an ERISA plan does not make the attorney an ERISA fiduciary because legal representation of ERISA plans rarely involves the discretionary authority or control required by the statute's definition of 'fiduciary.'" Custer v. Sweeney, 89 F.3d 1156, 1162 (4th Cir. 1996), see also Yeseta v. Baima, 837 F.2d 380, 385 (9th Cir. 1988) (attorney who reviewed ERISA plan and its compliance with the law and did not control plan in a manner other than by his usual professional functions was not fiduciary under ERISA); Useden v. Acker, 947 F.2d 1563 (11th Cir. 1991), cert. denied, 508 U.S. 959 (1993) (law firm representing ERISA plan not a fiduciary because it did not depart from the usual professional functions of a law firm). "It cannot plausibly be considered consonant with the clear purpose of ERISA to deprive ERISA plans of access to ordinary legal advice. . . ." Id. at 1578 (emphasis added).

This court has reviewed Plaintiff's complaint and finds no support for the premise that Barth acted in any manner beyond that of the usual attorney-client relationship. Plaintiff's references to Barth in her complaint, even read with Plaintiff's pro se status in mind, amount to mere bald assertions. Accordingly, the court concludes that Plaintiff has alleged no facts supporting a claim that Barth may be held liable as a fiduciary under 29 U.S.C. § 1002

(21)(A)(iii).[1]

## II. Mattiello as a Fiduciary

Plaintiff also objects to Magistrate Judge Almond's conclusion that she has pled no set of facts supporting Plaintiff's claim that Mattiello is a plan fiduciary under 29 U.S.C. § 1002 (21)(A)(iii). Plaintiff's Submission of Objections to the Report and Recommendation § I. Plaintiff appears to suggest that Mattiello was relied upon to resolve all matters pertaining to plan participants. Id. at ¶ 2. She suggests that Mattiello's position as Vice President of Human Resources of Hope Global, and other factors, support her claim that Mattiello was a fiduciary under 29 U.S.C. § 1002 (21)(A)(iii). Id. at ¶¶ 3-6.

In her complaint Plaintiff notes that Mattiello is the "Hope Global Human Resources Director." Complaint for Injunctive and Declaratory Relief § II ¶ 3. Plaintiff readily admits that she began to "copy Defendant . . . Mattiello" on "important letters," id. at § IV ¶ 30, and that she requested a copy of the summary plan description from Mattiello, id. at ¶ 39. The remainder of

---

[1]Plaintiff ignores the standard of review on a Rule 12(b)(6) motion and refers the court to a document outside of the complaint. In support of her objection, Plaintiff points to a letter, authored by Barth, denying Plaintiff's request for plan information. Plaintiff's Submission of Objections to the Report and Recommendation § II ¶ 3. Plaintiff concludes that as a result of Barth's use of the pronoun "us" in the letter he "established extraordinary and substantial discretionary authority in this matter." Id. at ¶ 4. Ordinarily, on a motion to dismiss, a court may not consider documents outside the complaint or not expressly incorporated into the complaint. Diva's Inc. v. City of Bangor, 411 F.3d 30 (1st Cir. 2005). However, when a complaint's factual allegations are "expressly linked to" and dependent upon a document whose authenticity is not challenged a court can review the document during its analysis. Id. at 38. In light of the fact that this is a pro se plaintiff and in light of the "liberal" amendment policy underlying Fed. R. Civ. P. 15(a), see generally, O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152 (1st Cir. 2004), although the court is not required to, the court has reviewed the letter in which Plaintiff asserts supports the premise that Barth is a fiduciary under 29 U.S.C. § 1002 (21)(A)(iii). It is readily apparent that the letter Plaintiff refers to is a rather standard letter from an attorney from a law firm representing a client. Thus, even indulging Plaintiff's pro se status and taking the letter into account, Plaintiff's § 1002 (21)(A)(iii) claim as to Barth must be dismissed.

her allegations as to Mattiello are the same as those Plaintiff has leveled at Barth.

"The key determinant of whether a person qualifies as a functional fiduciary is whether that person exercises discretionary authority in respect to, or meaningful control over, an ERISA plan, its administration, or its assets. . . ." Beddall v. State Street Bank and Trust, 137 F.3d 12, 18 (1st Cir. 1998). "[T]he performance of mechanical administrative tasks generally is insufficient to confer fiduciary status." Id.

The allegations that Plaintiff raises in her complaint, even taken in the light most favorable to Plaintiff, establish nothing more than Mattiello's responsibilities as the Human Resources Director. Thus, the allegations simply describe Mattiello's administrative responsibilities and the usual consequences of those responsibilities. The complaint does not contain any factual allegations which would show the requisite authority or control over an ERISA plan by Mattiello. Accordingly, the court concludes that Plaintiff has alleged no facts supporting a claim that Mattiello may be held liable as a fiduciary under 29 U.S.C. § 1002 (21)(A)(iii).[2]

---

[2] Once again Plaintiff ignores the standard of review on a Rule 12(b)(6) motion and refers the court to documents outside of the complaint. Plaintiff alleges the fact that Mattiello filed an affidavit with the Rhode Island Commission for Human Rights "on behalf of the plan administrator," and the fact that all letters to Plaintiff or Plaintiff's representative sent by attorneys representing NFA Corporation were copied to Mattiello, support her claim that Mattiello was a fiduciary pursuant to 29 U.S.C. § 1002 (21)(A)(iii). Plaintiff's Submission of Objections to the Report and Recommendation § I ¶¶ 3-5. Plaintiff fails, however, to note that she also copied Mattiello on her correspondence. Complaint for Injunctive and Declaratory Relief § IV ¶ 30. Again, although the court is not required to, in light of the particular circumstances of this case (see footnote 1) the court has reviewed the affidavit that Plaintiff refers to and finds no factual allegations of the necessary discretionary authority with respect to or meaningful control over, the plan, its assets or administration for a finding that Mattiello was a fiduciary under the 29 U.S.C. § 1002 (21)(A)(iii). Additionally, although the court has not reviewed the letters Plaintiff refers to, the court also finds that merely copying Mattiello on letters does not create a fiduciary responsibility under ERISA.

### III. Plaintiff's 29 U.S.C. § 1140 Claim

Last, Plaintiff objects that Magistrate Judge Almond's Report and Recommendation contained no specific examination of her claim under 29 U.S.C. § 1140 against Mattiello and Barth. Plaintiff's Submission of Objections to the Report and Recommendation § III. In her objection, Plaintiff appears to claim that Mattiello and Barth interfered with her "protected" rights by demanding she establish that her request for the summary plan description was relevant to her claim for benefits. Id. at ¶¶ 2, 4, 5. Although Magistrate Judge Almond did not specifically address 29 U.S.C. § 1140 in his Report and Recommendation, he recommended that this court dismiss all claims against Mattiello and Barth because they were not legally responsible for providing the summary plan description and they were not plan fiduciaries.

Section 1140 provides, in part, that it is unlawful for

> any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter . . . .

29 U.S.C. § 1140.

In her complaint Plaintiff asks the court to

> [d]eclare Defendant's [sic]. . .Mattiello and attorney Barth in violation of 29 U.S.C. § 1140 for interfering with Plaintiffs [sic] rights of access to [the summary plan description] by not fulfilling a promissory estopple [sic] to deliver [the summary plan description] and assign appropriate civil penalties as a result of such actions as requested herein.

Complaint for Injunctive and Declaratory Relief § VII ¶ 5.

In Plaintiff's objection to the Report and Recommendation, she once again refers to

6

information not contained in her complaint. Plaintiff's Submission of Objections to the Report and Recommendation § III ¶ 2 (citing to "document 11, sections 1 and 3"). Taking Plaintiff's <u>pro se</u> status into account, the court addresses Plaintiff's allegation.

Plaintiff appears to argue that Defendants' (Plaintiff does not specify and the court takes this to mean all defendants) act of requiring "relevance criteria" was a violation of 29 C.F.R. § 2560.503-1(b)(3) and that Plaintiff "will prove" that "<u>this was an act of discrimination</u>" against her that was "<u>not applied to others in a similar situation</u>." Reply Memorandum in Support of Plaintiff's Objection to Dismiss the Complaint Against Defendants Dorothy Mattiello and Bruce Barth at ¶ 3 (emphasis added). It appears that Plaintiff is suggesting that Defendants' (including Barth and Mattiello) act of requiring her to show that the requested summary plan description was relevant to her claim for benefits before it would be forwarded to her was a discriminatory act that was not applied to others in a similar situation.

Recognizing Plaintiff's <u>pro se</u> status and that <u>Roma</u> dictates that a court should not grant a 12(b)(6) motion unless there is a certainty that Plaintiff would be unable to recover under any set of facts, <u>Roma</u>, 96 F.3d at 569, and out of an abundance of caution, the court reserves judgment on the motion to dismiss relative to the 29 U.S.C. § 1140 claim subject to Plaintiff filing an amended complaint. The court's grant of leave to file an amended complaint relates solely to Plaintiff's 29 U.S.C. § 1140 claim. If Plaintiff chooses to file an amended complaint, she must do so within 30 days of the date of this Order. Thereafter, Defendants may elect either to supplement the instant motion based upon whatever new factual allegations Plaintiff raises in her amended complaint or to convert the motion to one made pursuant to Rule 56 of the Federal Rules of Civil Procedure. If Plaintiff elects not to file an amended complaint, this court will

consider the merits of the Defendants' motion with respect to the § 1140 claim on the basis of the complaint as it now stands.

To the extent that Plaintiff has raised other arguments that are not specifically addressed in this Memorandum and Order, the court has reviewed all such arguments contained in Plaintiff's Submission of Objections to the Report and Recommendation and has determined that they are without merit.

For the reasons stated herein, the court adopts Magistrate Judge Almond's Recommendation that Defendants' motion to dismiss the complaint as to Defendants Mattiello and Barth with respect to their liability as fiduciaries, and their liability for breaching a fiduciary duty, be granted.

SO ORDERED

*/s/ Mary M. Lisi*
Mary M. Lisi
United States District Judge
August 16, 2005