**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and Bruce Barth in his capacity as ATTORNEY FOR NFA CORPORATION** | : | |

**REPLY MEMORANDUM OPPOSING DEFENDANTS OBJECTION TO THE REQUEST TO DENY DEPOSITION OF GARY MORSE**

Gary Morse being a non-party to this matter, opposes defendants objection to the request to deny deposition. Defendants premise is that there was a substantial role by Gary Morse to "orchestrate this matter" which should be sufficient reason for deposition. Gary Morse requests that this Honorable Court grant the request to deny deposition. A Memorandum of Law is attached.

Gary Morse, Pro Se

25 Teed Avenue
Barrington,
Rhode Island 02806
Tel: (401) 247-0055

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 17th day of August, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Gary Morse
Gary Morse /Pro Se
25 Teed Avenue
Barrington, R.I. 02806
(401) 247-0055

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and Bruce Barth in his capacity as ATTORNEY FOR NFA CORPORATION** | : | |

**REPLY MEMORANDUM OPPOSING DEFENDANTS OBJECTION TO THE REQUEST TO DENY DEPOSITION OF GARY MORSE**

Gary Morse being a non-party to this matter, does not state immunity from deposition as alleged by defendants in their objection. Opposition to defendants objection is based on the legal premise that plaintiff claims the same right of confidential communications as enjoyed by defendants and that a deposition of an agent of plaintiff would be an undue burden avoidable through other and more reasonable means of discovery. Defendants premise is that since there was a substantial role by Gary Morse to "orchestrate this matter", this should be sufficient reason for deposition. Defendants ignore the existence of fiduciary duties placed on Gary Morse by plaintiff to keep privileged communications confidential. Gary Morse presents the following arguments relevant to this matter.

I.

Gary Morse was requested by plaintiff to act as plaintiff's agent under an authorized Durable Power of Attorney in this ERISA matter as allowed under 29 CFR 2560.503-1(b)(4), Claims Procedure, which states "The claims procedures do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination". Plaintiff, being a disabled person did require assistance from Gary Morse as an authorized agent working under a confidential communications agreement which has not been waived. Courts define the term "agent" broadly to encompass a range of individuals, from expert consultants to relatives to insurance agents, whose presence is necessary to the purpose of the meeting and to the rendering of advice. See, e.g:, *Kevlick v. Goldstein*, 724 F.2d 844, 849 (lst Cir. 1984). A primary duty of Gary Morse has been to secure legal representation from an attorney to relieve plaintiff of the burden of litigating this case as a pro se. Gary Morse does continue to share and receive confidential information regularly with prospective attorneys. "[I]f the purpose of the communication is to facilitate the rendering of legal services by the attorney, the privilege may also cover communications between the client and his attorneys representative, between the client's representative and the attorney, and between the attorney and his representative". *Golden Trade v. Lee Ansarel Co.*, 143 F.R.D. 514, 518 (S.D.N.Y. 1992). "The professional relationship for purposes of the privilege hinges upon the belief that one is consulting a lawyer and his intention to seek legal advice". *Wylie v. Marley Co.*, 891 F.2d 1463, 1471 (10th Cir. 1989).

II .

Gary Morse has acted on behalf of plaintiff under a Durable Power of Attorney and all actions on behalf of plaintiff have been in conformance with R.I. Gen Law 11-27-11(4) – Practices permitted to persons not members of bar.

III .

Defendants know of plaintiff's chronic illness, yet have chosen a path of harassment of plaintiff and Gary Morse. In no instance since the start of this complaint, have defendants been willing to provide an opportunity for plaintiff to state the true facts of the case. Even in the mediation session of July 25, 2005, plaintiff was not allowed access to notes and forced to recite facts from memory in spite of knowledge of plaintiff's cognitive disability. Defendants outburst in the mediation session with threats of a criminal complaint against Gary Morse interrupted the mediation session denying plaintiff the ability to state the facts of the case in a manner plaintiff was able. Plaintiff should be allowed to "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel" *Hickman v. Taylor*, 329 U.S. 495 (1947).

Gary Morse respectfully requests this Honorable Court give consideration to these facts and deny defendants request for deposition at this time given the presence of an Attorney-Client privilege, and also due to defendants ongoing refusal to obtain information through alternative means with a refusal to discuss the facts of this case directly with plaintiff.

Respectfully submitted,

Gary Morse, Pro Se
25 Teed Avenue
Barrington, R.I. 02806
(401) 247-0055

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 17th day of August, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Gary Morse, Pro Se
25 Teed Avenue
Barrington, R.I. 02806