UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-19ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL, et al. | : | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Request for Injunctive Relief (Document No. 26) and a Motion for Injunctive Relief filed by a non-party, Mr. Gary Morse, seeking to prevent his deposition from going forward (Document No. 29). Both of these Motions have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). This Court has determined that no hearing is necessary after reviewing the memoranda filed by the parties and Mr. Morse, and performing independent research. For the reasons set forth below, both Motions are DENIED.

**A. Plaintiff's Request for Injunctive Relief**

Plaintiff asks that the Court "temporarily cease action" on her Complaint due to recent events which have "substantially prejudiced" her Complaint and "irreparably harmed" her. In particular, she refers to a footnote in a pleading filed by Defendants on July 28, 2005 (Document No. 24) which asserts that Plaintiff's "friend," Mr. Morse, is engaging in the unauthorized practice of law in violation of R.I. Gen. Laws § 11-27-1, et seq. Plaintiff claims that, due to her "disability and medications," she cannot move this case forward without the assistance of Mr. Morse. She asserts that she has lost Mr. Morse's support as a result of Defendants' attorney's threats of civil and criminal action against him.

The issue of Mr. Morse's involvement in this case is not new. In fact, Plaintiff filed a Motion with her Complaint seeking permission to be represented in this action by her "attorney-in-fact," Mr. Morse. (Document No. 3). This Court denied Plaintiff's request and advised her that since Mr. Morse was not a licensed attorney, "he may not lawfully represent others in that capacity." See Memorandum and Order dated January 31, 2005. (Document No. 4). Plaintiff was advised that her options were to "continue to represent herself in this action, i.e., pro se, or retain an attorney who is properly licensed and admitted to practice before this Court." Id.

Plaintiff chose, as is her right, to continue to represent herself in this matter. Despite the prior denial of Plaintiff's request to allow Mr. Morse to represent her, this Court, in deference to Plaintiff's pro se status, allowed Mr. Morse to sit at counsel table with Plaintiff during a hearing on Defendants' Motion to Dismiss the Individual Defendants and during a Fed. R. Civ. P. 16 scheduling conference. Mr. Morse was not permitted to address the Court on Plaintiff's behalf at these proceedings, and his presence was limited to assisting Plaintiff with her documents.

Shortly after the Rule 16 conference, Mr. Morse sent a letter directly to this Court apologizing for any disruption caused by his communications with Plaintiff during the conference. On June 17, 2005, this Court responded to Mr. Morse by letter advising him that his letter was inappropriate because Mr. Morse was not a party to this case or authorized to speak to this Court on Plaintiff's behalf. See 28 U.S.C. § 1654. In a Report and Recommendation issued on June 15, 2005, Mr. Morse was again cautioned regarding the prohibitions on the unauthorized practice of law. See Document No. 20 at p. 1, n.1.

Plaintiff essentially seeks to stay this action but offers no clear indication as to the length or purpose of this stay. Plaintiff has previously advised the court that she has been unable to retain an

attorney to represent her and does not now seek a stay to renew her efforts to retain one. Rather, she argues that the matter should be stayed to permit the court to review the U.S. Supreme Court's recent decision in Smith v. City of Jackson, 125 S. Ct. 1536 (2005), and provide Plaintiff with time to provide medical support for her accommodation requests pursuant to the Americans with Disabilities Act ("ADA"). This Court has reviewed the Smith case, and it provides absolutely no support for Plaintiff's request. The Smith case is a disparate impact employment discrimination case involving a public sector compensation plan for municipal employees. It arose under the Age Discrimination in Employment Act ("ADEA"), and not the ADA.

It appears that Plaintiff's Request for Injunctive Relief is simply another attempt to convince this Court to allow Mr. Morse to represent Plaintiff in this case. This is simply not possible. "The federal courts have consistently rejected attempts at third-party lay representation. By law an individual may appear in federal courts only pro se or through legal counsel. 28 U.S.C. § 1654." Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (citation omitted).[1] "[A]n individual [other than a pro se party] who is not an attorney admitted to practice before this court is not authorized to submit pleadings...or in any other manner appear on behalf of another person...." Matthews v. Cordeiro, 144 F. Supp. 2d 37, 38 (D. Mass. 2001). While Plaintiff is free to seek advice and assistance from Mr. Morse or any other friend on personal matters, she, as a pro se litigant, must take legal responsibility for and sign all pleadings filed with the Court and represent herself at any

[1] Although Plaintiff has apparently given Mr. Morse a durable power of attorney for financial management, there is nothing in the record to indicate that Plaintiff has been adjudged incompetent and does not have the capacity to sue on her own behalf. Even if Plaintiff were incompetent and Mr. Morse had rights, such as a guardianship, to sue on her behalf, Mr. Morse would not be able to appear pro se in this action without legal representation. See e.g., Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61-62 (2nd Cir. 1990) (holding that under Fed. R. Civ. P. 17(c), a non-attorney representative must be represented by legal counsel when bringing an action on behalf of another). Burrell v. Anderson, 353 F. Supp. 2d 55, 73 (D. Me. 2005) (holding that a parent is not permitted to represent his child as a pro se litigant).

future legal proceedings in this case including conferences, hearings and trial. See Herrera-Venegas, 681 F.2d at 42 (pro se litigant "free to accept the advice and assistance" of non-party layperson); Burton v. Oyekan, No. 95 Civ. 5849, 1996 WL 63066, *2 (S.D.N.Y. Feb. 14, 1996) (pro se litigant able to accept "advice and assistance" from a non-party lay advisor).

Plaintiff has not established any legitimate basis upon which to "temporarily cease action" on this litigation. Therefore, Plaintiff's Request for Injunctive Relief is DENIED. As Plaintiff has previously been advised, if she has any specific accommodation requests for future court proceedings, Plaintiff should make those requests directly to the Judge who is presiding over such proceeding as she did previously in her March 26, 2005 letter to me.

**B. Mr. Morse's Motion for Injunctive Relief**

Mr. Morse's Motion is essentially one to quash a non-party deposition subpoena under Rule 45(c)(3)(A), Fed. R. Civ. P. On August 4, 2005, Defendants filed a Notice for the deposition of Mr. Morse to occur on August 15. Although Mr. Morse is obviously aware of the Deposition Notice, it is unclear whether Defendants have properly served him with a deposition subpoena pursuant to Rule 45, Fed. R. Civ. P. Mr. Morse contends that the deposition would be a "redundant effort" because it relates to matters which will be reviewed by the Court in connection with Plaintiff's Request for Injunctive Relief. In a Reply Memorandum, Mr. Morse also asserts that this Court deny Defendants request for deposition "given the presence of an Attorney-Client privilege."

Neither of Mr. Morse's objections hold water. First, this Court has already reviewed and decided Plaintiff's Request for Injunctive Relief, and is uncertain as to why that request would make Mr. Morse's deposition a "redundant effort." Second, he is not an attorney, so he cannot establish that communications between himself and non-lawyers are subject to the attorney-client privilege.

If Mr. Morse is asked at the deposition about communications between himself and his lawyer, if any, Mr. Morse may have a good faith basis to refuse to answer those questions based on the attorney-client privilege. This Court is, however, troubled by the suggestion in Mr. Morse's Reply Memorandum that an "Attorney-Client Privilege" exists between himself and Plaintiff. Finally, Mr. Morse's Motion only asks this Court to "deny Defendant's request for deposition until this Court has completed an examination of all matters as outlined" in Plaintiff's August 3, 2005 Request for Injunctive Relief. Since this Court has ruled on that Request, Mr. Morse's Motion would appear to be moot.

Defendants may renotice and move forward with Mr. Morse's deposition subject to compliance with Rules 30 and 45, Fed. R. Civ. P., as well as constrained by the relevance standard of Rule 26(b)(1), Fed. R. Civ. P.

**Conclusion**

For the foregoing reasons, Plaintiff's Request for Injunctive Relief (Document No. 26) and Mr. Morse's Motion for Injunctive Relief (Document No. 29) are DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
August 29, 2005