UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LORRAINE FEMINO

v.                                              C.A. No.        05-19ML

NFA CORPORATION d/b/a HOPE
GLOBAL, et al.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's timely objection to a Report and
Recommendation issued by United States Magistrate Judge Lincoln D. Almond.  Magistrate
Judge Almond recommended that the Defendants' motion to dismiss all claims in the complaint
as to defendants Mattiello and Barth pursuant to Fed. R. Civ. P. 12(b)(6) be granted.

On August 16, 2005, this court issued a memorandum and order adopting the Report and
Recommendation insofar as it recommended dismissal of Plaintiff's claims against defendants
Mattiello and Barth with respect to their liability as fiduciaries and their liability for breaching a
fiduciary duty.  The court reserved judgment on the motion to dismiss relative to Plaintiff's 29
U.S.C. § 1140 claim, and, because of the Plaintiff's pro se status, afforded Plaintiff the
opportunity to amend the complaint.  Plaintiff chose not to file an amended complaint and
instead, on September 14, 2005, filed a "Motion Requesting Dismissal of Defendants Dorothy
Mattiello and Bruce Barth With Stipulation."  As noted in this court's August 16 memorandum
and order, because Plaintiff has chosen not to file an amended complaint, the court will now
consider the merits of Defendants' motion to dismiss with respect to the 29 U.S.C. § 1140 claim
on the complaint as it stands.

The court must conduct a plenary review of a Report and Recommendation addressing

1

dispositive pretrial matters to which specific written objections have been made. See Fed. R. Civ. P. 72(b). The court must make "a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Id.

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the well-pled facts must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998). A court should not grant a motion to dismiss unless "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Construction Company v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). The court exempts those "facts" which "have since been conclusively contradicted by plaintiff['s] concessions or otherwise, and likewise eschew[s] any reliance on bald assertions, unsupportable conclusions and 'opprobrious epithets.'" Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir.), cert. denied, 483 U.S. 1021 (1987) (citation omitted).

### Plaintiff's 29 U.S.C. § 1140 Claim

Plaintiff objects that Magistrate Judge Almond's Report and Recommendation contained no specific examination of her claim under 29 U.S.C. § 1140 against Mattiello and Barth. Plaintiff's Submission of Objections to the Report and Recommendation § III. Although Magistrate Judge Almond did not specifically address 29 U.S.C. § 1140 in his Report and Recommendation, he recommended that this court dismiss all claims against Mattiello and Barth because they were not legally responsible for providing the summary plan description and they were not plan fiduciaries.

In her complaint Plaintiff notes that she requested a copy of the summary plan description

2

from Mattiello on November 22, 2004. Complaint for Injunctive and Declaratory Relief at § IV

¶ 39. Plaintiff avers that as of the filing of her complaint defendants[1] have "obstructed" her

"access" to the summary plan description thereby "restricting" her "ability to perfect" the

complaint. Id. at ¶ 40. Plaintiff avers that both Mattiello and Barth established a "[p]romissory

[e]stopple" [sic] to deliver the summary plan description to Plaintiff but did not. Id. at § VI ¶ 8.

In her complaint Plaintiff asks the court to

> [d]eclare Defendant's [sic]. . .Mattiello and attorney Barth in violation of 29
> U.S.C. § 1140 for interfering with Plaintiffs [sic] rights of access to [the summary
> plan description] by not fulfilling a promissory estopple [sic] to deliver [the
> summary plan description] and assign appropriate civil penalties as a result of
> such actions as requested herein.

Id. at § VII ¶ 5.

The court construes Plaintiff's assertion as alleging that Barth and Mattiello violated 29 U.S.C. §

1140 by interfering with her "rights of access" to the summary plan description by not

"deliver[ing]" it to her.

Section 1140 provides, in part, that it is unlawful for

> any person to discharge, fine, suspend, expel, discipline, or discriminate
> against a participant or beneficiary for exercising any right to which he is
> entitled under the provisions of an employee benefit plan, this subchapter
> . . . or for the purpose of interfering with the attainment of any right to
> which such participant may become entitled under the plan, this
> subchapter . . . .

29 U.S.C. § 1140.

The court need not engage in an unnecessary dissection of the language of the statute. It is clear

that ERISA places the general burden of providing a summary plan description to participants

---

[1]Plaintiff is not specific and the court reads this to include Mattiello and Barth.

and beneficiaries upon the plan administrator. See 29 U.S.C. §§ 1021(a), 1022(a), 1024(b); see generally Jones v. UOP, 16 F.3d 141 (7th Cir. 1994); Moran v. Aetna Life Insurance Co., 872 F.2d 296 (9th Cir. 1989); Paulson v. The Paul Revere Life Ins. Co., 323 F. Supp. 2d 919, 932 (S.D. Iowa 2004) ("ERISA provides that the plan administrator must furnish the [summary plan description] to each participant and beneficiary"); 1 Ronald J. Cooke, ERISA Practice and Procedure § 3.3, 3-4, 3-7 (2d ed. 2005) (noting that "ERISA's reporting and disclosure obligations fall squarely on the plan administrator" and "[i]n summary, all of ERISA's reporting and disclosure obligations [including the obligation to furnish participants and beneficiaries with a summary plan description] are those of the plan administrator") (emphasis added).

The complaint correctly names the plan administrator as NFA Corporation. Consequently, the court agrees with Magistrate Judge Almond's conclusion that neither Barth nor Mattiello had any legal obligation to provide the summary plan description to Plaintiff. "[T]he statutory liability for failing to provide requested information remains with the . . . plan administrator . . . ." Averhart v. US West Management Pension Plan, 46 F.3d 1480, 1490 (10th Cir. 2004) (citation omitted). Plaintiff avers no facts (beyond her allegation that Mattiello and Barth did not provide her with the summary plan description) to support a section 1140 claim against Mattiello or Barth.

Having reviewed the allegations Plaintiff raises in her complaint in the light most favorable to her, and reading the complaint with a more generous import than it would if Plaintiff were represented by counsel, the court concludes that Plaintiff has alleged no facts to support a claim that Mattiello or Barth violated 29 U.S.C. § 1140.

For the reasons stated herein, the court adopts Magistrate Judge Almond's

4

Recommendation that Defendants' motion to dismiss all claims as to Defendants Mattiello and Barth be granted.  In view of the court's disposition of Defendants' motion to dismiss, Plaintiff's "Motion Requesting Dismissal of Defendants Dorothy Mattiello and Bruce Barth With Stipulation" is denied as moot.

SO ORDERED

*Mary M. Lisi*

Mary M. Lisi
United States District Judge
October 6, 2005

5