**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT and Bruce Barth in his capacity as ATTORNEY FOR PLAN ADMINISTRATOR** | : | |

**PLAINTIFF REQUESTS MOTION TO COMPEL**

Now comes the plaintiff Lorraine Femino in the above-entitled matter and respectfully requests this Honorable Court grant plaintiffs Motion to Compel defendants to discuss directly with plaintiff in advance of plaintiffs deposition what areas should be deemed not relevant as it pertains to the Court ordered relevance limitations of plaintiffs deposition. A Memorandum of Law is attached with explanation.

Plaintiff Lorraine Femino
Pro Se

[signature]
4 Bayou Drive
Greenville, R.I. 02828
Tel: (401) 949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 7th day of October, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **Civil Action No. 05-19ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and Bruce Barth in his capacity as ATTORNEY FOR NFA CORPORATION** | : | |

**MEMORANDUM SUPPORTING PLAINTIFFS MOTION TO COMPEL**

Plaintiff respectfully requests this Honorable Court to compel Counsel for defendants William O'Gara to adhere to Rules of Professional Conduct 3.2 and 3.4 by opening communication with plaintiff in an effort to expedite litigation and relieve the Court of unnecessary and burdensome intervention.

Plaintiff believes that this Court has made known to all parties a need to take into consideration the health of plaintiff in the deposition due to chronic illness and disability by limiting plaintiffs deposition to only questions having relevance to the complaint. Plaintiff did call Counsel O'Gara in advance of the deposition of Gary Morse to try to come to agreement on what should be considered relevant areas for questioning. Plaintiff was rebuffed by Counsel O'Gara to discuss this issue where Counsel O'Gara did imply that everything was relevant and there was nothing to discuss.

Following this call, Gary Morse was deposed on September 26, 2005. Plaintiff has information and belief that Counsel O'Gara did act in bad faith by exploring issues

having no relevance to this case. Plaintiff contacted Counsel O'Gara again by email to address this issue and seek a resolution in advance of plaintiffs deposition. Rather than opening a discussion with plaintiff, Counsel O'Gara has filed a Motion to Compel plaintiff to attend deposition without any consideration for establishing in advance what areas are not to be considered relevant to the complaint.

Defendants unfairly portray plaintiff as unwilling to attend the deposition. This is false. Plaintiff is eager to tell all facts relevant to the complaint in an effort to move the case forward. Plaintiff has information and belief that defendants are using the deposition primarily to construct false allegations and have less interest in understanding the true facts of plaintiff's complaint. While it may be customary for defendants to be granted certain freedoms in the course of a deposition, plaintiff can show by evidence that such tactics used against plaintiff would be cruel and unusual treatment given plaintiffs chronic disability. Plaintiff's actions to resolve in advance what are relevant areas for the deposition is a prudent action given the matters of plaintiffs health and Counsel O'Gara's apparent attitude that it is allowable in the deposition to hurt first, and make adjustments later.

Plaintiff believes that there are many missteps in the short history of this complaint which could have been avoided if the parties would just talk to each other. Plaintiff believes Counsel O'Gara's refusal to discuss any matter directly with plaintiff is based on plaintiff's Pro Se status. While this may be Counsel O'Gara's right, Plaintiff respectfully requests this Court take this fact into consideration in deciding plaintiff's Motion to Compel.

Based on information and belief by plaintiff that defendants did act in bad faith to the Court ordered relevance requirement in the deposition of Gary Morse, and also in consideration of plaintiffs poor health, plaintiff respectfully requests this Honorable Court grant plaintiff's Motion to Compel defendants to open direct discussions with plaintiff to resolve in advance what areas are not to be considered relevant for plaintiff's deposition.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 7th day of October, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933