**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | **Civil Action No. 05-19ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL** | : | |
| | : | |
| | : | |

**REPLY TO DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION TO COMPEL**

Now comes the plaintiff Lorraine Femino in the above-entitled matter and respectfully submits a reply to defendants opposition of plaintiffs motion to compel. A Memorandum of Law is attached.

Plaintiff Lorraine Femino
Pro Se

Lorraine Femino
4 Bayou Drive
Greenville, R.I. 02828
Tel: (401) 949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 18th day of October, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | **Civil Action No. 05-19ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL** | : | |
| | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS REPLY TO DEFENDANTS OBJECTION TO MOTION TO COMPEL**

Defendants premise in opposition to plaintiff's motion to compel is that the motion is without merit. Plaintiff objects to attending a deposition where the deposition violates plaintiff's rights under the Americans with Disabilities Act of 1990 (hereafter ADA) and where defendants use of deposition is an abuse of process.

Plaintiff has information and belief that defendants did use the deposition of plaintiff's Durable Power of Attorney, (hereafter Gary Morse) as a means to harass and retaliate thus eliminating a critical resource of plaintiff. Gary Morse was falsely accused by defendants of criminal violations of RI General Law § 11-27-1 et seq for assisting disabled plaintiff in this complaint. These false allegations by defendants occurred on multiple occasions beginning with a statement made by Counsel for defendants William O'Gara during the mediation session held on July 25, 2005 that he would be filing a

complaint with the Attorney General's office for investigation. Defendants subsequently made false allegations in Court documents that Gary Morse was in criminal violation of RI General Laws for assistance provided to plaintiff. Gary Morse has since taken action to remove himself from further involvement as plaintiff's Durable Power of Attorney on the advice of his insurance company, Allstate Insurance, where Gary Morse is protected by policy covering such malicious actions. Defendants took no action leading up to the allegation of criminal violations by Gary Morse to confer with plaintiff on this matter to understand the facts. Gary Morse did not "orchestrate" plaintiff's complaint as alleged by defendants. Plaintiff did use an experienced ERISA attorney beginning in mid 2004 to establish all relevant statutes and case law plaintiff has relied on since the start of this complaint. Plaintiff has provided to defendant the name, address, and telephone number of the attorney who did volunteer services to plaintiff. Gary Morse was falsely accused of wrongdoing, but this does not lessen the impact to plaintiff now left without a critical resource. Plaintiff believes that defendant does have intent to continue with abuse of process in plaintiffs deposition by using the deposition as a means of harassment and retaliation against plaintiff and all persons assisting plaintiff.

Plaintiff raises issues pertaining to limitations from disability and wishes to advise the Court of the specific extent of these limitations as they pertain to this matter. Plaintiff is declared legally disabled by the Social Security Administration having been diagnosed with a chronic medical impairment, Fibromyalgia (FMS) (see attachment). A symptom of Fibromyalgia patients and of plaintiff is stress induced flare-ups elevating the intensity of pain to a point of total incapacitation. In plaintiffs disability, such flare-ups can last for up to a week with minimal relief from medications. Plaintiff also suffers from

cognitive difficulties where short term mental blackout is common to plaintiff in even mild stressful environments. Most FMS patients report similar cognitive problems. As reported in the Journal of Clinical Rheumatology, "patients with FMS complained more often of memory decline, ...mental confusion, ...and speech difficulty...". Journal of Clinical Rheumatology. 10(2):53-58, April 2004 Katz, Robert S. MD ; Heard, Amy R. PhD; Mills, Megan PhD ; Leavitt, Frank PhD. (see abstract - attachment 2).

The environment of the deposition is not suited to persons suffering from a combination of debilitating physical and cognitive disability. Plaintiff believes that the ADA places a responsibility on the Court to take into consideration the impact of disability as it may affect plaintiff's ability to properly handle issues demanded of a deponent in the stressful environment of a deposition. Plaintiff is not requesting a release from attending the deposition, nor is plaintiff attempting to hinder defendant asking relevant questions to the complaint. Plaintiff is requesting that areas not relevant to the complaint should be examined in advance of the deposition as an accommodation to plaintiff due to disability. Defendant has refused plaintiff's request to discuss this matter.

The Supreme Court has held in *Smith v City of Jackson*, 125 S Ct. 1536 (March 30, 2005) that a party can seek relief "in disparate impact cases comparable to *Griggs v [Duke Power]*". 125 S. Ct. at 1540. The Third Circuit provides guidance on how the ADA relates to Title VII having established that the ADA is "essentially a sibling statute of Title VII" *Ford v. Schering-Plough Corp.*, No. 96-5674 (3d Cir. 1998). Plaintiff believes that the matter of accommodation to plaintiff before the deposition is a matter comparable to issues the Supreme Court decided in *Griggs v Duke Power* 401 U.S. 424, 91 S.Ct. 849 (U.S.S.C. 1971) where the Court held that the law proscribes not only overt

discrimination, but also practices that are fair in form, but discriminatory in operation. The purpose of the ADA is "to provide civil rights protections for persons with disabilities that are parallel to those available to minorities and women." H.R. Rep. No. 101-485, pt. 3, at 48 (1990).

Plaintiff's request to identify in advance of the deposition areas to be considered not relevant is an accommodation due to disability. Although plaintiff is given the right to object to questions not relevant during the deposition, holding this as a solution does ignore the limited ability of plaintiff to exercise this right during the stress of deposition due to plaintiffs cognitive limitations in stressful environments. Defendant has put forward a solution being that plaintiff can stretch the deposition over many sessions to accommodate plaintiffs illness. In such a situation, plaintiff would face weeks of hard time due to recovery from repeated stress induced flare-ups occurring across multiple depositions. Further, multiple depositions would not address the disadvantage placed upon plaintiff in matters requiring clear thinking during deposition. Stretching out the deposition across many days with ensuing multiple stress induced flare-ups would be a cruel and unusual burden for plaintiff and have the potential to sufficiently wear down plaintiffs resolve to continue with this case. Defendant does have alternative forms to submit questions and does not state sufficient reason that discussion with plaintiff in advance of deposition would hinder defendants ability to discover any relevant facts of the complaint.

For the reasons as stated herein, plaintiff respectfully requests this Court grant plaintiff's motion to compel defendant to discuss in advance of the oral deposition areas of questioning that should be considered not relevant to the complaint.

Respectfully submitted

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 18th day of October, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

Attachments –

1. Plaintiffs Social Security Administration disability determination
2. Abstract from Journal of Clinical Rheumatology. 10(2):53-58, April 2004