**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL** | : | |

**PLAINTIFFS MOTION TO EXTEND DISCOVERY CLOSURE DATE**

Now comes the Plaintiff Lorraine Femino, in the above-entitled matter, respectfully requesting the Court extend the closure date for discovery until 30 days following resolution of a request for an EEOC notice of right to sue and that the date for filing dispositive motions be extended to 30 days following the end to discovery as requested herein. The reasons are set forth in the attached memorandum.

Plaintiff Lorraine Femino
Pro Se

Lorraine Femino
4 Bayou Drive
Greenville, R.I. 02828
Tel: (401) 949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 31st day of October, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | **Civil Action No. 05-19ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL** | : | |
| | : | |
| | : | |

**MEMORANDUM SUPPORTING PLAINTIFFS MOTION FOR ADDITIONAL TIME FOR DISCOVERY PENDING RESOLUTION OF AN EEOC INVESTIGATION**

The complaint in the instant case states plaintiff's intent to seek a notice of right to sue from the EEOC (see p 8, #25) for violations of the Americans with disabilities Act of 1990 (hereafter ADA) in the NFA Corp. disability welfare benefit DG-67020-RI (hereafter the Plan). Plaintiff did file for a notice of right to sue with the Rhode Island Commission for Human Rights (hereafter RICHR) in 2004. RICHR maintains agreements with the federal government and investigates specific cases under both jurisdictions. Plaintiff has recently been informed by RICHR, that the EEOC complaint EOC#16JA400282 against NFA Corp., and the complaint EOC#16JA600015 against Prudential Insurance Company continue under investigation.

Plaintiffs complaint in the instant case states that the Plan amendment which did occur in 1999 represented substantial material modifications not properly disclosed to plan participants by the plan administrator, NFA Corp., in violation of ERISA. Plaintiff's EEOC complaint against both NFA Corp and Prudential Insurance Company is

related to the instant case in that plaintiff's EEOC complaint will prove that the material modifications from the Plan amendment are illegal under Title I of the ADA. Specifically, the policies contained in the Self Reported Symptoms rule of the Plan are a subterfuge for denial of benefits where doctors medical evidence submitted from plan participants is arbitrarily excluded from disability reviews. Exclusion of doctors medical evidence from the disability review has the disparate impact of creating a disability review tilted unfairly towards denial of benefits in legitimate claims.

The Supreme Court has examined the matter of inclusion of medical evidence in disability reviews and held "Plan administrators, of course, may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician." *Black & Decker Disability Plan v. Nord* (02-469) 538 U.S. 822 (2003) (p 10, 11). Prudential Insurance Company and also NFA Corp. have stated to plaintiff that under the contractual terms contained in the Plan, such policies which exclude medical evidence submitted by plan participants doctors for certain disabilities are proper and legal. H.R. Rep. No. 485(II) 101st Cong., 2d Sess. 59-60 (1990) states an " `entity may not do through a contractual provision what it may not do directly".

The Supreme Court held in *Smith v City of Jackson*, 125 S Ct. 1536 (March 30, 2005) that "the ADEA does authorize recovery in "disparate impact" cases comparable to *Griggs v [Duke Power]*". 125 S. Ct. at 1540. Although plaintiffs EEOC complaint is filed under the ADA and not the ADEA, the ADA is "essentially a sibling statute of Title VII" and plaintiff "is eligible to sue under Title I" of the ADA *Ford v. Schering-Plough Corp.*, No. 96-5674 (3d Cir. 1998). Plaintiff will show that plaintiffs complaint of a violation of the ADA does meet the criteria of a case "comparable to *Griggs v [Duke*

*Power]*" allowing plaintiff to seek relief in this matter under a claim of disparate impact. Plaintiff will show that the policies of the Plan meant to exclude medical evidence submitted by a plan participants doctors from being considered in a disability review are discriminatory against persons suffering from certain disabilities forcing such plan participants to create other non medical forms of evidence for disability cases. The purpose of the ADA is "to provide civil rights protections for persons with disabilities that are parallel to those available to minorities and women." H.R. Rep. No. 101-485, pt. 3, at 48 (1990).

Plaintiff respectfully requests that this Court consider the impact an EEOC notice of right to sue would have on the instant case and on the time required for discovery. Accordingly, plaintiff respectfully requests that the motion for additional time for discovery be granted for a period until 30 days after receiving notice from the EEOC on this matter.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 31st day of October, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933