UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-19ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL, et al. | : | |

**MEMORANDUM AND ORDER**

On January 20, 2005, Plaintiff, Lorraine Femino, initiated this action by filing a Complaint for Injunctive and Declaratory Relief under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq., ("ERISA"). Plaintiff is proceeding *pro se*. Before the Court are the following motions: Plaintiff's Request for Supplemental Pleading and Monetary Relief (Document No. 22), Plaintiff's Motion for Protections (Document No. 45), Plaintiff's Motion to Extend Discovery Closure Date (Document No. 46), Defendant's Motion to Compel Plaintiff to Appear for Deposition (Document No. 38) and Defendant's Motion to Extend Discovery Closure Date (Document No. 41). The Motions have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local Rule 32(b). On December 7, 2005, the Court held a hearing. After reviewing the memoranda filed by the parties, listening to the parties' arguments, and performing independent research, the pending motions are resolved as set forth below.

First, Defendant has moved to compel Plaintiff's attendance at a deposition. For the reasons stated at the Court's hearing, Defendant's Motion (Document No. 38) is GRANTED. Plaintiff must confer with Counsel for Defendant and must make herself available for deposition within thirty (30) days of the date of this Order. In a related motion, Plaintiff has requested "Protections" from the Court, essentially requesting that the Court prohibit Defendant from questioning her on certain subjects during her deposition. The Court will treat Plaintiff's Motion as a Motion for a Protective

Order under Fed. R. Civ. P. 26(c). Because Plaintiff has not shown "good cause" for a protective order, the Motion (Document No. 45) is DENIED. However, as stated at the hearing, Defense counsel is a professional and should treat *pro se* Plaintiff with dignity and common courtesy at the deposition, and conduct his questioning of Plaintiff pursuant to the standards and scope set forth in the Federal Rules of Civil Procedure.

Second, the parties have moved to extend the closure date of discovery, but have proposed different closure dates. Defendant requests that discovery close thirty days after Plaintiff's deposition takes place. Plaintiff, on the other hand, requests that the Court stay the close of discovery until her pending EEOC investigation is resolved. Because the discovery closure date has passed, the Court will extend the closure date, but the Court declines to accept the proposed closure date of either party. Therefore, both parties' Motions (Document Nos. 41 and 46) are GRANTED, in part, and DENIED, in part. The Court's June 9, 2005 Pretrial Order is amended as follows: discovery shall close on February 10, 2006; dispositive motions shall be filed by February 24, 2006; and pretrial memoranda shall be filed either thirty (30) days after a decision on any dispositive motion, or, if no dispositive motions are filed, by March 10, 2006.

Finally, Plaintiff's Request for Supplemental Pleading (Document No. 22) will be treated as a Motion to Amend Plaintiff's Complaint under Fed. R. Civ. P. 15. The Court narrowly GRANTS the Motion as described below. At the hearing, Plaintiff indicated that she was requesting leave to amend her Complaint solely to add a new claim for civil penalties related to the claimed failure of Defendant to provide her with a copy of the 1995 Summary Plan Description in a timely fashion. Given the liberal amendment standard of Rule 15, and since such claim would require no additional discovery, Plaintiff is granted leave to amend her Complaint for this limited purpose. At the hearing, Plaintiff was directed that her amended complaint must be the same as her original Complaint, with

the following exceptions: (1) it must be captioned "First Amended Complaint," (2) consistent with this Court's prior rulings dismissing Dorothy Mattiello and Bruce Barth as Defendants in this case, Plaintiff must remove all reference to them in the First Amended Complaint as Defendants (references to Ms. Mattiello and Mr. Barth may remain in the factual allegations of the First Amended Complaint), and (3) Plaintiff is directed that the only new information she is permitted to add to the First Amended Complaint is a single paragraph concerning her claimed entitlement to civil penalties under 29 U.S.C. §1132(c)(1)(B). Plaintiff shall make no other changes in her First Amended Complaint. Plaintiff shall file her First Amended Complaint on or before December 31, 2005.

LINCOLN D. ALMOND
United States Magistrate Judge
December 8, 2005