**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | **Civil Action No. 05-19ML** |
| | : | |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |
| | : | |

**REPLY TO DEFENDANTS OBJECTIONS TO PLAINTIFFS MOTION TO COMPEL DISCOVERY**

Plaintiff submits a reply to defendants objection to fully comply with plaintiffs motion to compel discovery. The reasons for the reply are set forth in the attached memorandum.

Plaintiff Lorraine Femino
Pro Se

Lorraine Femino
4 Bayou Drive
Greenville, R.I. 02828
Tel: (401) 949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 28th day of December, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 05-19ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**REPLY MEMORANDUM TO DEFENDANTS OBJECTIONS TO PLAINTIFFS MOTION TO COMPEL DISCOVERY**

Defendants have provided a partial response to plaintiff's motion to compel discovery of documents. Defendants did also submit a request to the Court that plaintiff not be allowed access to remaining documents due to an undue burden.

Plaintiff has not received any documents identifying the named plan fiduciary or the amendment procedures as are required to be contained in a written instrument under 29 USC § 1102. Plaintiff has also not received any documents showing a review or authorization of the plan amendment of 1999 by a person named as the plan fiduciary.

Plaintiff believes that the circumstances of this complaint will show that a breach of fiduciary duty was committed by defendant NFA Corporation in amending the disability welfare benefit and that the circumstances causing harm to plaintiff do fall under the legal doctrine of res ipsa loquitur. Under res ipsa loquitur, plaintiff must show that there was "sufficient evidence from which a reasonable person could conclude that it

was more likely than not that there was negligence" *Toledo v. Van Waters & Rogers, Inc.*, 92 F. Supp. 2d 44, 56. (D. R. I. 2000). Plaintiff believes that a full examination of all relevant documents as requested in plaintiffs motion to compel discovery is required to show that defendants choice not to file a Summary of Material Modifications in the plan amendment of 1999 was a negligent act under the exclusive control of defendant. Plaintiff also requires all requested documents to establish the correct effective date of the 1999 plan amendment which remains a material fact under dispute. Restricting plaintiff only to documents defendant wants to show would substantially limit plaintiffs ability to prove a breach of fiduciary duty in the 1999 plan amendment or establish the correct effective date of the 1999 plan amendment.

Plaintiff respectfully requests this Honorable Court deny defendants request to withhold any remaining documents and grant plaintiffs motion to compel full discovery as requested.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 23rd day of December, 2005 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933