UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| | : | |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

## MOTION FOR SUPPLEMENTAL PLEADING

Pursuant to Federal Rules of Civil Procedure rule 15(d), plaintiff respectfully requests permission from this Honorable Court to amend the complaint to include additional supplemental pleadings. A memorandum of law is attached.

Plaintiff Lorraine Femino
Pro Se

Lorraine Femino
4 Bayou Drive
Greenville, R.I. 02828
Tel: (401) 949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 3rd day of January, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**MEMORANDUM FOR SUPPLEMENTAL PLEADING**

Pursuant to Federal Rules of Civil Procedure rule 15(d), plaintiff respectfully requests permission from this Honorable Court to amend the complaint to include the supplemental pleadings herein. This request is made due to plaintiff receiving a Notice of Right to Sue for violations of the Americans with Disabilities Act of 1990 (ADA). Plaintiff has also received new information from defendant through discovery of documents which show additional violations of ERISA from the 1999 plan amendment.

Plaintiff did receive a Notice Of Right to Sue from the Rhode Island Commission for Human Rights (exhibit # 1) pertaining to EEOC complaint EEOC#16JA400282, *Lorraine Femino vs. NFA Corp. D/B/A Hope Global* and requests permission to add the claim for relief to the complaint. Plaintiff has also recently received information showing that defendant NFA Corporation did commit additional violations of ERISA and that these violations are relevant to plaintiffs complaint, but were previously unknown to plaintiff. Plaintiff respectfully requests permission to add these ERISA claims for relief.

The additional claims for relief for the ADA and ERISA violations are outlined as follows;

FIRST SUPPLEMENTAL CLAIM FOR RELIEF: Discrimination in the enjoyment of benefits from an employee disability welfare benefit.

1. Federal discrimination law forbids providing benefits of employment where discrimination would be "equivalent to a lower salary for the same work." Quinones v. City of Evanston, 58 F.3d 275, 278 (7th Cir. 1995).
2. The Americans with Disabilities Act of 1990 (ADA) forbids discrimination against any individual with respect to employment compensation, including compensation in the form of benefits, due to arbitrary policies which discriminate due to an individual's disability.
3. Disability discrimination under Title I of the ADA is tested on the basis of the individual facing a substantial headwind to the full enjoyment of benefits of employment due to arbitrary policies which have the impact of limiting benefits due to a disability.
4. Section 501(c) of the ADA ends with a statement that the safe harbor provisions "shall not be used as a subterfuge to evade the purposes of subchapter I and III of this chapter."

5. Defendant NFA Corporation did implement an amendment to the disability welfare plan on or about February 1, 1999 which included a new contractual provision where a doctors medical procedure and any medical evidence gathered using such procedure would be pre-qualified in advance of a disability review under a Self Reported Symptoms (SRS) rule.
6. On information and belief, plaintiff claims that all medical evidence submitted by plaintiffs doctors pertaining to a diagnosis of fibromyalgia was denied inclusion in plaintiffs disability reviews due to the contractual provisions of the disability plan under the SRS rule.
7. On information and belief, the SRS rule used to disqualify plaintiffs doctors medical procedure was not based on sufficient actuarial data or standards accepted in the practice of medicine to classify the doctors procedure as being invalid in the determination of a medical impairment from fibromyalgia.
8. A disability review lacking doctors medical evidence creates a substantial headwind to receiving equal treatment in the enjoyment of benefits as compared to other employees who are allowed to submit doctors medical evidence into a disability review.
9. The procedure used by plaintiffs doctors to determine the medical evidence of an impairment caused by fibromyalgia is formally defined by the American College of Rheumatology and accepted as being a valid medical procedure by the Social Security Administration for determining a medical impairment.

10. A medical procedure standardly accepted by medical practitioners within the specialized field of Rheumatology that is ruled invalid by a pre-qualification test within the terms of the plan and where the pre qualification test lacks sufficient actuarial data or medical standards to invalidate the medical procedure is arbitrary and becomes "a subterfuge to evade the purposes of subchapter I and III" of the ADA.
11. The contractual terms of the NFA Corporation disability welfare benefit plan as stated in the SPD does support a determination of a medical impairment when "procedures standardly accepted in the practice of medicine" are used.
12. On information and belief, plaintiff claims that the application of the SRS rule being a pre qualification test of plaintiffs doctors medical procedure did create a disparate impact against plaintiff where plaintiff had no medical evidence for the symptoms of fibromyalgia in any of plaintiffs disability reviews and where plaintiff did have compound symptoms from other diagnosed medical impairments where such compound symptoms did create an elevated medical impairment due to the additional symptoms from fibromyalgia.
13. A pre-qualification test not sufficiently justified with proper standards and used for the purpose of disqualifying doctors medical evidence in advance of a disability review creates a claim of disparate impact comparable to *Griggs v. Duke Power Co.*, 401 U.S. 424, 432-33 (1971)
14. In *Smith v City of Jackson*, 125 S Ct. 1536 (March 30, 2005) the Supreme Court authorizes "recovery in "disparate impact" cases comparable to Griggs v [Duke Power]". 125 S. Ct. at 1540.

15. The purpose of the ADA is "to provide civil rights protections for persons with disabilities that are parallel to those available to minorities and women." H.R. Rep. No. 101-485, pt. 3, at 48 (1990).

SECOND SUPPLEMENTAL CLAIM FOR RELIEF: Failure to Maintain Plan Pursuant to Written Instrument.

16. On information and belief, NFA Corporation implemented the 1999 amendment to the disability welfare benefit without a written Plan Document thus violating ERISA Section 402, 29 U.S.C. § 1102 ("Establishment of plan"), which requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument."

THIRD SUPPLEMENTAL CLAIM FOR RELIEF: Breach of Fiduciary Duty

17. By implementing the amended disability welfare benefit without a written Plan Document, NFA Corporation violated ERISA Section 404, 29 U.S.C. § 1104 ("Fiduciary duties"), which requires, in pertinent part, that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... (D) in accordance with the documents and instruments governing the plan ...."

PRAYER FOR RELIEF ON ADA CLAIMS

WHEREAS, the Plaintiffs prays that this Court:

A. Declare that Defendant NFA Corporation did violate the Americans with Disabilities Act of 1990 by implementing in the disability welfare benefit plan amendment of 1999 an arbitrary pre-qualification test of doctors medical procedures which had the impact of preventing valid medical evidence from being entered into a disability review.

B. Declare that Defendant NFA Corporation did violate the Americans with Disabilities Act of 1990 by enforcing an arbitrary pre qualification test in the disability welfare benefit plan against plaintiffs doctors medical procedure where such pre qualification test did deny plaintiff the same type of disability review as is enjoyed by other employees who are allowed to submit doctors medical evidence into a disability review.

C. Declare that Defendant NFA Corporation did violate the Americans with Disabilities Act of 1990 by implementing in the plan amendment of 1999 an arbitrary pre-qualification test of plaintiffs doctors medical procedures where such pre qualification test was a subterfuge for denying or delaying to plaintiff benefits of employment enjoyed by other plan participants who are allowed to submit medical evidence into a disability review.

D. Order Defendant to cease using any plan provision in the disability welfare benefit where such plan provision includes an arbitrary pre qualification test lacking sufficient and sound actuarial principles or medical standards as a means to disqualify plaintiffs doctors medical procedure or the medical evidence obtained using that medical procedure from being entered into a disability review.

E. Award such other legal and equitable relief as the Court may deem appropriate.

PRAYER FOR RELIEF ON ERISA CLAIMS

WHEREAS, Plaintiff prays that this Court:

A. Declare that NFA Corporations implementation of the 1999 plan amendment violates the plan document requirement in ERISA Section 402, 29 U.S.C. § 1102; the fiduciary duties to act in accordance with the Plan document and keep beneficiaries informed in ERISA Section 404, 29 U.S.C. § 1104, and the Summary Plan Description rules in ERISA Sections 102 and 104(b)(1), 29 U.S.C. §§ 1022 and 1024(b)(1).

B. Declare that NFA Corporation was solely responsible for the breach of fiduciary duty in not properly informing plaintiff of material modifications to the disability welfare benefit resulting from the 1999 plan amendment.

C. Declare that plaintiff had no responsibility in any breach of fiduciary duty for the proper disclosure of material modifications in the disability welfare benefit resulting from the 1999 plan amendment.

D. Declare that as a result of defendant NFA Corporations failure to provide the required ERISA Plan documents and notices, plaintiff was harmed by being denied the opportunity to take alternative measures to obtain other disability protections providing disability benefits lasting until a normal retirement age.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 3rd day of January, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933