UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-19ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL | : | |

**MEMORANDUM AND ORDER**

On January 20, 2005, Plaintiff Lorraine Femino initiated this action by filing a Complaint for Injunctive and Declaratory Relief under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), against her former employer. Plaintiff is proceeding pro se. Presently before the Court is Plaintiff's Motion for Supplemental Pleading pursuant to Fed. R. Civ. P. 15(d).[1] (Document No. 64). This matter has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Local R. Cv 72(a). A hearing was held on January 25, 2006. After reviewing the memoranda submitted by the parties and performing independent research, Plaintiff's Motion for Supplemental Pleading is narrowly GRANTED in part and otherwise DENIED.

**Facts and Travel**

The following facts are alleged in Plaintiff's Complaint and have been the subject of this litigation for the past one year.

Plaintiff was hired by Hope Global in March 1995. Compl. § II, ¶ 2; § IV, ¶ 1. When Plaintiff began working for Hope Global, she was provided with a copy of the then-effective Long

[1] Although Plaintiff has filed a "Motion for Supplemental Pleading" under Rule 15(d), given the likelihood that Plaintiff intended to file a motion for leave to amend her Complaint under Rule 15(a), and in light of Plaintiff's pro se status, the Court will address Plaintiff's Motion under both Rule 15(d) and Rule 15(a).

Term Disability Summary Plan Description (the "1995 SPD"). Id. § III, ¶ 3. On February 1, 1999, while Plaintiff was a Hope Global employee, she alleges that the Long Term Disability Plan was materially modified. Id. § III, ¶ 1. Then, in May 2001, Plaintiff stopped working due to a "disabling physical illness." Id. § II, ¶ 2; § IV, ¶ 9. Plaintiff reports that she was diagnosed with two conditions: fibromyalgia and carpal tunnel syndrome.

After she stopped working, Plaintiff applied for disability benefits from the benefit provider, Prudential Insurance Company ("Prudential"). Id. § IV, ¶ 10. After approximately twenty-four months, Prudential ceased payment of Plaintiff's benefits because the 1999 SPD limited benefit eligibility for illness based on self-reported symptoms to twenty-four months. Id. § IV, ¶ 33. Plaintiff claims that the 1995 SPD did not limit her eligibility for benefits to twenty-four months for self-reported symptoms. Id. § IV, ¶ 37. In addition to her failure to receive benefits under the terms of the 1995 SPD, Plaintiff claims that Hope Global distributed copies of the 1999 SPD, but that the 1999 SPD did not include a summary of material modifications, and that the term "long term disability" was used in a manner similar to the 1995 SPD. Id. § VI, ¶¶ 4-5. Plaintiff claims the failure to include a section on material modifications and the purportedly confusing language are ERISA violations.

On January 3, 2006, Plaintiff filed a motion and accompanying memorandum for leave to amend her Complaint, entitled Motion for Supplemental Pleading and Memorandum for Supplemental Pleading, respectively. Plaintiff now seeks leave of the Court to amend her Complaint to include the following three supplemental claims:

1. Discrimination in the enjoyment of benefits from an employee disability welfare benefit in violation of the Americans with Disabilities Act of 1990 ("ADA");

2. Failure to maintain plan pursuant to written instrument in violation of ERISA; and

3. Breach of fiduciary duty in violation of ERISA.

In this case, discovery is scheduled to conclude on February 10, 2006; dispositive motions are due by February 24, 2006; and the deadline for pretrial memoranda is March 10, 2006.

**Discussion**

Plaintiff has moved for supplemental pleading pursuant to Fed. R. Civ. P. 15(d). Rule 15(d) allows the Court to "permit [a] party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." In this case, Plaintiff's proposed amendment attempts to set forth events which happened "on or about February 1, 1999." Mem. for Supp. Pleading at 3, ¶ 5. The proposed amendment also flows from an administrative charge of disability discrimination filed by Plaintiff on September 8, 2004 which identifies the discriminatory act as taking place on November 18, 2003. See Document No. 65, Ex. 1. Plaintiff's original Complaint was filed on January 20, 2005. Because the events of February 1, 1999 and November 18, 2003 took place well before the date of Plaintiff's original Complaint, Rule 15(d) is inapplicable. In all likelihood, Plaintiff is attempting to move to amend her Complaint pursuant to Rule 15(a). Thus, the Court will treat Plaintiff's motion as one to amend her Complaint.

Rule 15(a) provides that a party may amend its pleading once before a responsive pleading is served or within twenty days after it is served if no responsive pleading is permitted; "[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Although "leave shall be freely given when justice so requires," there are circumstances under which leave will not be granted: "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). It is within a court's discretion to find undue prejudice where the amendment would significantly expand discovery, delay trial, or require the opposing party to engage in significant new case preparation. See, e.g., Acosta-Mestre v. Hilton Intern. of Puerto Rico, 156 F.3d 49, 51-52 (1st Cir. 1998); Wolf v. Reliance Standard Life Ins. Co., 71 F.3d 444, 450 (1st Cir. 1995); 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487, at 623, 630 (1990).

In the present case, allowing Plaintiff to amend her Complaint to add an ADA claim at this late stage would expand discovery into new areas, delay trial, and require Defendant to engage in significant new case preparation. Since Plaintiff's administrative charge of discrimination and right to sue notice are also directed at Prudential, there is a strong possibility that allowing Plaintiff to amend as to the ADA claim will result in a new party being injected into this case. Plaintiff's original Complaint claims that the 1995 SPD did not limit her eligibility for benefits to twenty-four months for self-reported symptoms, Compl. § IV, ¶ 37; that the 1999 SPD did not include a summary of material modifications; and that the term "long term disability" was used in a manner similar to the 1995 SPD. Id. § VI, ¶ 4-5. The focus of discovery and of Defendant's pretrial preparation in this case has focused on these claims.

With a discovery deadline of February 10, 2006, a dispositive motions deadline of February 24, 2006, and a pretrial memoranda deadline of March 10, 2006, Plaintiff now seeks leave to amend her Complaint to include allegations that medical evidence of fibromyalgia submitted by Plaintiff was improperly excluded from review in violation of the ADA. Thus, Plaintiff impermissibly seeks

to interject new facts, a new theory of recovery, and a new body of law into this case at the eleventh-hour.

If the Court were to grant Plaintiff leave to amend to add her ADA claim in this case with discovery nearly complete and trial approaching, the new facts, theories, and law interjected into the case would significantly expand and prolong discovery, delay trial, and require Defendant to engage in significant new case preparation. See Acosta-Mestre, 156 F.3d at 51-52; Wolf, 71 F.3d at 450. Because leave to amend would be unduly prejudicial to Defendant at this stage in the litigation as to the ADA claim, Plaintiff's Motion is DENIED as to Plaintiff's proposed ADA claim. It should also be noted that the denial of Plaintiff's Motion does not prejudice her ability to commence another action in this or some other appropriate forum based on this additional claim. Plaintiff's EEOC Right to Sue Notice is dated December 30, 2005, and Plaintiff still has at least sixty (60) days within which to file suit under the ADA in either federal or state court pursuant to that notice.

Plaintiff's second and third supplemental claims for relief both arise under ERISA. See Pl.'s Mem. for Supp. Pleading at p. 5, ¶¶ 16 and 17. As these claims arise out of the same set of facts as Plaintiff's original Complaint and make claims under ERISA that are similar (if not in some cases duplicative) to her original ERISA claims, this Court sees no prejudice to Defendant in allowing Plaintiff to amend her Complaint to add these two narrow ERISA claims. Further, such related claims would likely not require any additional discovery. Thus, Plaintiff is narrowly GRANTED leave to file a Second Amended Complaint on the following conditions. Plaintiff shall file a Second Amended Complaint solely to add the allegations set forth in paragraphs 16 and 17 on page 5 of her "Memorandum for Supplemental Pleading." Plaintiff shall make no other changes from her First

to Second Amended Complaint. Plaintiff shall file her Second Amended Complaint on or before February 6, 2006.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Supplemental Pleading (Document No. 64) is narrowly GRANTED in part as discussed above and otherwise DENIED. Plaintiff is also advised that given that this case is in its late stages, this Court will not, in the future, grant Plaintiff any further amendments, absent truly extraordinary circumstances.

LINCOLN D. ALMOND
United States Magistrate Judge
January 26, 2006