**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

# MOTION FOR RECONSIDERATION OF PRETRIAL ORDER DENYING PLAINTIFFS MOTION TO COMPEL DISCOVERY OF DOCUMENTS

Now comes the Plaintiff, Lorraine Femino, in the above-entitled matter pursuant to Federal Rules of Civil Procedure 72 (a) respectfully requesting this Honorable Court reconsider the pretrial order denying plaintiffs Motion to Compel Discovery of Documents. A memorandum of law is attached.

Respectfully submitted

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 1st day of February, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino
Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| | : | |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**MEMORANDUM OF LAW STATING OBJECTIONS TO PRETRIAL ORDER DENYING PLAINTIFFS MOTION TO COMPEL DISCOVERY OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 72 (a), plaintiff files objections to the pretrial order denying plaintiff's Motion to Compel Discovery of Documents. As grounds, plaintiff states the following.

1. The pre trial order denying plaintiff access to plan documents defined under 29 U.S.C. § 1024 (b)(2) is contrary to law being that access to plan documents is a right guaranteed to plan participants by Congress.
   a. The intent of Congress for disclosure and reporting is defined in ERISA 2, 29 U.S.C. § 1001 (b) (Congressional findings and declaration of policy) which states "It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and

reporting to participants and beneficiaries of financial and other information with respect thereto".

b. 29 U.S.C. § 1024 (b)(4) requires "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated".

c. Plaintiff, being a plan participant as defined under 29 USC § 1002 (7), did submit to defendants on October 20, 2005, a written request for plan documents pertaining to the current NFA Corporation disability welfare plan and plan amendment of 1999 (plan amendment).

d. Access to plan documents is a statutory right of plaintiff with civil penalties defined under 29 U.S.C. § 1132 (c) for the refusal of a plan administrator to provide requested documents.

2. Defendants provided no testimony or facts showing a burden in obtaining plan documents from sources other than the location of a recent flood.

   a. Defendants did provide testimony in the January 25, 2006 hearing that a burden exists due to a recent flood at a location that is not the principal location of the plan administrator.

   b. 29 U.S.C. § 1024 (b)(2) requires that the plan administrator shall maintain all plan documents at "the principal office of the administrator and in such other places as may be necessary to make available all pertinent information to all participants".

c. Defendants did previously testify in the hearing on April 6, 2005 that the principal office of the plan administrator, being NFA Corporation, 850 Boylston St. Boston, Ma. 02199, is the proper location to obtain plan documents and where as a result of defendants testimony, the Court did recognize this location as being the proper location for access to plan documents.

d. Defendants provided no evidence that it is not within the control of the plan administrator to obtain plan documents from the principal office of the plan administrator or from other sources.

3. Plaintiff requires plan documents to prove the plan amendment was not implemented consistent with requirements defined under ERISA Section 402, 29 U.S.C. § 1102; the fiduciary duties to act in accordance with the Plan document and keep beneficiaries informed in ERISA Section 404, 29 U.S.C. § 1104; and the Summary Plan Description rules in ERISA Sections 102 and 104(b)(1), 29 U.S.C. §§ 1022 and 1024(b)(1). (See Cause of Action #4, # 9, and # 10, Second Amended Complaint).

a. Missing plan documents are critical to plaintiff since the law of the SPD and the plan documents states that "where an SPD is silent on an issue, the plan documents control" *Mattias v Computer Sciences Corp.*, 34 F. Supp.2d 120 (District of Rhode Island 1999). (Plaintiffs testimony in the hearing January 25, 2006).

b. Plaintiff requires, but has not received, any plan document showing signed authorization of the plan amendment by person(s) properly authorized to

approve the plan amendment as defined under 29 USC § 1102 (b)(3) which requires identification of "persons who have authority to amend the plan". (See plaintiffs Motion to Compel Discovery of Documents).

c. Plaintiff requires but has not received any minutes of meetings pertaining to the plan amendment.

d. Lack of plan documents would limit plaintiffs ability to provide "sufficient evidence from which a reasonable person could conclude that it was more likely than not that there was negligence" Toledo v. Van Waters & Rogers, Inc., 92 F. Supp. 2d 44, 56. (D. R. I. 2000). (See plaintiffs reply memorandum December 28, 2005).

4. The order to deny plaintiffs Motion to Compel will substantially harm plaintiff's ability to establish the correct date of the plan amendment which remains a material fact in dispute. (See plaintiffs reply memorandum December 28, 2005).

For the reasons stated herein, plaintiff respectfully requests this Honorable Court;

1. Compel defendants to provide a statement of availability of all plan documents defined under 29 U.S.C. § 1024 (b)(2) for the NFA Corporation disability plan which should include, but not be limited to,
    a. documents created under 29 U.S.C. § 1102 ("Establishment of plan"), which in pertinent part names the plan fiduciary(s), the procedure for amending the plan, and identifies the persons who have authority to amend the plan;

b. the signed and dated copy of the plan contract;

c. the signed and dated copy of the annual report;

d. minutes of any meeting(s) where discussions on the authorization of the plan amendment took place which should include, but not be limited to, meetings of the NFA Corporation Board of Directors;

e. documents which show signed authorization of the plan amendment by a person authorized under 29 USC § 1102 (b)(3).

2. Compel defendants to provide to plaintiff all available plan documents in (1) above within the timeframes defendant requires to provide documents.

3. Provide to plaintiff additional time for discovery and all subsequent Court specified time requirements consistent with the time required by defendants to provide all requested documents.

4. Allow plaintiff the right to amend the complaint to allow consideration by this Honorable Court for civil penalties under 29 USC § 1132(c) for defendants having taken no reasonable action since October 20, 2005 to obtain legal plan documents in (2) above from other sources.

Respectfully submitted

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 1st day of February, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933