**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**MOTION IN OBJECTION TO DENIAL OF PLAINTIFFS MOTION IN OBJECTION TO PRETRIAL ORDER**

Pursuant to Federal Rules of Civil Procedure 72 (a), plaintiff respectfully objects to the Magistrate Judges order dated February 23, 2006 stating that plaintiff has shown no legal reason the Court should reverse the denial rendered on January 25, 2006. Plaintiff respectfully requests reconsideration by the District Judge of a specific legal issue pertaining to this matter. A memorandum of law is attached.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 2nd day of March, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| | : | |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |
| | : | |

**MEMORANDUM OF LAW SUPPORTING OBJECTIONS TO DENIAL OF PLAINTIFFS MOTION IN OBJECTION TO PRETRIAL ORDER**

Pursuant to Federal Rules of Civil Procedure 72 (a), plaintiff respectfully objects to the Magistrate Judges order dated February 23, 2006 stating that plaintiff has shown no legal reason the Court should reverse the denial rendered on January 25, 2006 and requests reconsideration by the District Judge. Plaintiff has provided to the Court a specific point of law that a plan participants rights to pertinent plan documents is a protected right under ERISA with civil enforcement defined by specific statutory language and civil penalties as defined under 29 U.S.C. § 1132 (c)(1)(B) which was not followed by the Court.

Plaintiff also wishes to clarify to the Court that plaintiff believes that a full hearing was not held on this matter having been instructed at the hearing that this matter had already been decided by the Court before the hearing. Plaintiff was not allowed to present the full scope of all legal arguments pertaining to this matter at the hearing.

Plaintiffs specific objection to denial of Motion to Compel Discovery of Documents and the Motion in Objection to Pretrial Order is stated as;

The Court did err by allowing defendants relief to not provide requested plan documents defined under 29 U.S.C. §§ 1024 (b)(2), 1024 (b)(4) on a basis not allowed under the expressed requirements governing civil enforcement of a plan participants protected rights to legal plan documents as defined under 29 U.S.C. § 1132 (c)(1)(B).

1) 29 U.S.C. § 1132 (c)(1)(B) expressly provides the Court specific discretionary authority to assign penalties payable to a plan participant for a plan administrators failure or refusal to provide "the formal legal documents that underpin the plan" *Doe v. Travelers Insurance Co.*, 167 F.3d 53 (1st Cir. 1999).
2) 29 U.S.C. § 1132 (c)(1)(B) uses specific language to define the standard of review under which the Court can waive penalties for a plan administrator who fails or refuses to provide requested plan documents where such discretionary authority is limited by statute to "matters beyond the reasonable control of the plan administrator" and where "each violation…shall be treated as a separate violation".
3) Plaintiff did request specific plan documents defined in 29 U.S.C. §§ 1024 (b)(2), 1024 (b)(4) where each document has separate and unique matters of reasonable control pertaining to a plan administrators power or influence to obtain these documents through other sources. (e.g. The plan sponsor is Prudential Insurance Company where defendant would have influence to request a copy of the contract).

4) The pretrial order denying plaintiff's Motion to Compel was based on a generalized claim of an undue burden which is not defined under 29 U.S.C. § 1132 (c)(1)(B).

5) Blacks law dictionary defines *burden* as "a duty or responsibility".

6) Blacks Law Dictionary defines *control* as "to exercise power or influence over".

7) Plaintiff claimed that the plan administrator did have reasonable control over obtaining some or all requested plan documents from other sources (See plaintiffs Motion to Compel and plaintiffs Motion in Objection to Pretrial Order).

8) By denying plaintiffs request for civil penalties under 29 U.S.C. § 1132 (c)(1)(B) on the basis of the denial of plaintiffs Motion to Compel Discovery of Documents, the Court did err by establishing a legal connection between plaintiffs request for civil penalties under 29 U.S.C. § 1132 (c)(1)(B) and the denial of plaintiffs rights to access of plan documents based on defendants claim of an undue burden.

9) ERISA's civil enforcement remedies were intended to be exclusive. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)

For the reasons stated herein, plaintiff respectfully requests this Honorable Court;

1) Order that plaintiffs Motion to Compel Discovery of Documents be ruled on the standards defined under 29 U.S.C. § 1132 (c)(1)(B) stated as "matters beyond the reasonable control of the plan administrator" for each specific document requested under 29 U.S.C. §§ 1024 (b)(2), 1024 (b)(4).

2) Order that where it is determined by the Court that there are specific plan documents which the plan administrator failed or refused to provide and are ruled as reasonably within the control of the plan administrator to provide a copy of such documents, that plaintiff be allowed the right to amend the complaint to allow consideration by this Honorable Court for civil penalties under 29 USC § 1132(c)(1)(B) for defendants failure or refusal to provide requested documents.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

Attachment - 29 U.S.C. § 1132 (c)(1)(B)

(c) Administrator's refusal to supply requested information; penalty for failure to provide annual report in complete form

(1) Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 \2\ of this title or section 1021(e)(1) of this title with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 2nd day of March, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933