UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 05-019ML |
| | : | |
| NFA CORPORATION d/b/a | : | |
| HOPE GLOBAL, et als. | : | |

**DEFENDANT'S LOCAL RULE 12.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 12.1, Defendant NFA Corporation submits this Statement of Material Undisputed Facts in connection with its Motion For Summary Judgment. The matters set forth herein are acknowledged as true for purposes of the present motion only.

1. NFA Corporation ("NFA") is the Plan Sponsor and Plan Administrator of the "NFA Corporation Employee Long Term Disability Coverages for all Employees" plan ("Plan"). (Affidavit of Dorothy Mattiello (hereinafter "Mattiello Aff.") ¶ 2, attached hereto.) The long term disability insurance is benefit that is available at a modest cost to employees of NFA. (Id. ¶ 5.)

2. Plaintiff is a former employee of NFA and a participant in the Plan. She enrolled in the Plan when she began her employment with NFA in 1995. (Second Am. Compl. at 5, ¶5.)

3. From February 1, 1994 until February 1, 1999, at which time the Plan was amended, insurance benefits under the Plan were provided by Hartford Life and Accident Insurance Company. (Mattiello Aff. ¶ 3.)

4. In 1999 the Plan changed when Prudential Insurance Company of America ("Prudential") became the insurer. A number of changes were made to the Plan, including the

imposition of a 24 month benefit period for disabilities primarily based on self-reported symptoms. (Mattiello Aff. ¶¶ 8.) A true and correct copy of the Plan document, as amended in 1999, which includes the updated Summary Plan Description, is marked as Exhibit H to the deposition of Lorraine Femino is attached hereto. (Id. ¶ 8.)

5. In connection with Prudential becoming the insurer, NFA conducted a series of meetings on January 13, 1999 to inform employees of the changes to the Plan. At these meetings, a representative of Prudential described features of the Plan including the self-reported symptoms limitation. (Mattiello Aff. ¶¶ 9, 10.)

6. In February of 1999 Prudential became the insurer. Employees participating in the Plan were mailed via first class mail a copy of the Plan documents. Affidavit of Linda Haddock ¶ 6 is attached hereto.

7. Plaintiff testified that she did not attend and was not aware of employee meetings at which the amended Plan was discussed. (Transcript of Deposition of Plaintiff Lorraine Femino (hereinafter "Pl. Dep.") at 51, pertinent portions attached hereto.) She also testified that she did not receive a copy of the Plan document as amended in 1999 until after she left NFA's employ. (Pl. Dep. at 52.) Plaintiff recalls that the cost of the insurance was a few dollars a week. (Pl. Dep. Vol. II at 74-75.)

8. Plaintiff testified that if she made a request of Human Resources Director Dorothy Mattiello for Plan documents, the documents would be provided to her. (Pl. Dep. Vol. II at 77.) Mattiello maintained an "open-door" policy so that employees seeking information regarding benefits could always obtain the information from the Human Resources Department. (Mattiello Aff. ¶ 5.)

9. In May of 2001, plaintiff stopped working due to fibromyalgia, an alleged disabling condition. (Second Am. Compl. at 6, ¶ 9.) She thereafter applied for LTD benefits under the Plan. (Id. ¶ 10.)

10. Plaintiff's claim for LTD benefits was initially denied, but was later approved following plaintiff's administrative appeal, and plaintiff received payments under the Plan. (Second Am. Compl. at 7, ¶ 15.)

11. Plaintiff's benefits were subsequently terminated in 2003 based on the self-reported symptoms provision of the Plan. (Second Am. Compl. at 8, ¶ 23.)

12. Plaintiff had no actual knowledge of the 24 month limited pay period for self-reported symptoms at the time she applied for or initially received payments under the Plan. Plaintiff subsequently became aware of the self-reported symptoms limitations contained in the Plan, as amended in 1999, and sought to obtain a copy of the Summary Plan Description for the pre-amended version of the Plan (the "1995 SPD").

13. In this regard, on November 22, 2004 plaintiff requested a copy of the 1995 SPD from Dorothy Mattiello. (Second Am. Compl. at 11, ¶ 39; Mattiello Aff. ¶ 14.)

14. NFA declined to provide this document to plaintiff because it had been superseded by the 1999 Plan and SPD. (Mattiello Aff. ¶ 15.)

Respectfully submitted

DEFENDANTS,

By their Attorneys,
PANNONE LOPES & DEVEREAUX LLC

William E. O'Gara, Esq. (#4257)
1800 Financial Plaza
Providence, RI 02903
(401) 824-5100
(401) 824-5123 (facsimile)

CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was forwarded by first class mail, postage prepaid on this 24th day of March, 2006 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

25/131/167