UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SCANNED

LORRAINE FEMINO
Plaintiff

vs. C.A. No. 05-019ML

NFA CORPORATION d/b/a HOPE GLOBAL, and DOROTHY MATTIELLO in her capacity as HOPE GLOBAL HUMAN RESOURCES VICE PRESIDENT, and NFA CORPORATION, and BRUCE BARTH in his capacity as ATTORNEY FOR NFA CORPORATION
Defendants

## AFFIDAVIT OF DOROTHY MATTIELLO

I, Dorothy Mattiello, upon personal knowledge make this affidavit:

1. I am making this declaration in connection with NFA Corporation's Motion For Summary Judgment in the above-captioned civil action. I make the following statements based on my own personal knowledge.

2. NFA Corporation ("NFA") is the Plan Sponsor and Plan Administrator of the "NFA Corporation Employee Long Term Disability Coverages for all Employees" plan ("Plan").

3. At all relevant times, I served as NFA's Director of Human Resources. I have held this position since 1996 and worked at the company's facility in Cumberland, Rhode Island. From February 1, 1994 until February 1, 1999, insurance benefits under the Plan were provided by Hartford Life and Accident Insurance Company. A true and correct copy of the pre-amended version of the Plan document, which includes the Summary Plan Description, is marked as Exhibit G to the deposition of Lorraine Femino.

4. Since I have been with the Company, it has offered a benefit long term disability insurance to its employees. The cost of the benefit has been modest so that employees could elect to purchase the insurance. Employees electing to purchase coverage pay a nominal amount for benefit coverage.

5. During my career with NFA, I have maintained an "open-door" so that employees seeking information regarding benefits have always been able to obtain the information from the Human Resources Department.

6. In 1998 I was involved in seeking out quotes from insurance carriers to provide the long term benefit coverage and life insurance. Prudential was selected because it offered the most favorable plan in terms of cost and benefits that was offered to NFA.

7. As a result, in 1999 the Plan was amended and Prudential Insurance Company of America ("Prudential") became the insurer. A true and correct copy of the Plan document, as amended in 1999, which includes the updated Summary Plan Description, is marked as Exhibit H to the deposition of Lorraine Femino.

8. A number of changes were made to the Plan pursuant to the 1999 amendment including the imposition of a 24 month benefit period for disabilities primarily based on self-reported symptoms. See Exhibit H to Lorraine Femino's deposition at pages 18-19.

9. In connection with the 1999 amendments to the Plan, NFA conducted a series of meetings to inform employees of the changes to the Plan. On January 13, 1999 a representative of Prudential was at the Cumberland facility to describe the features of the plan. A series of four meetings were scheduled that day for employees on that date.

12. The information provided at the meetings included a description of the self-reported symptoms limitation. Attached as Exhibit 1 is a copy of a document distributed at the meetings.

13. On at least one other occasion prior to 2004, I provided an additional copy of the plan document to the plaintiff.

14. In November of 2004, Ms. Femino requested a copy of the SPD from the pre-amended version of the Plan.

15. NFA declined to provide this document to plaintiff because the 1995 SPD had been superseded by the 1999 Plan and SPD.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2006.

D Mattiello
Dorothy Mattiello

*/0131/96