**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS MOTION FOR SUMMARY JUDGMENT SUPPLEMENTAL**

Plaintiff respectfully requests permission from this Honorable Court to file corrections to Plaintiffs Motion for Summary Judgment as filed on April 26, 2006. The corrections are as follows.

1) Page 4, fourth and seventh sentence, change "1102(a)" to "1102" which is the way it is actually written in plaintiffs Ninth Claim for Relief in the Second Amended Complaint.

2) Page 7, second sentence, change the word "Memorandum" with "Exhibit 10, Memorandum of Dorothy Mattiello, Human Resources Director (hereinafter memorandum)" since this is the first occurrence of a reference to Exhibit 10 (note - this requires replacing both page 7 and 8.)

3) Page 7, second sentence, (same sentence as in 2 above) add the notation "(Fact 40)" to the end of this sentence. This change is requested due to plaintiffs omission in filing.

4) Page 24, third sentence, change "June 16, 2004" to "June 16, 2005". Change requested since this is the correct date as stated in plaintiffs Second Amended Complaint.

5) Allow the addition of "Table of Exhibits" index as attached to be added in plaintiffs Statement of Undisputed Facts at any place the Court feels appropriate.

Plaintiff respectfully requests the Court permit these corrections in consideration of plaintiffs need to have assistance from multiple friends to do typing with plaintiff as the sole final editor. As plaintiff has previously established with the Court, and as a part of plaintiffs disability, plaintiff is diagnosed with a cognitive disorder which does substantially limit plaintiffs ability to find and identify errors in any document.

Plaintiff attaches the appropriate signed and dated attachments and respectfully requests the supplementations be allowed into the record.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 30 th day of April, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino
Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

Attachments – Page 4, 7, 8, 24 - Motion for Summary Judgment and "Table of Exhibits"

**A. 1995 SPD did not have a written amendment procedure, nor were any persons identified as authorized to amend the Hartford Plan.**

As specified in Plaintiffs Statement of Undisputed Facts, prior to February 1, 1999, there did not exist a written plan amendment procedure or identification of persons with authority to amend the Disability Welfare Benefit plan (Facts 79-85) as required under ERISA Section 402, 29 U.S.C. § 1102 (Second Amended Complaint p 17 at 9.) By implementing the 1999 amendment to the disability welfare benefit without a plan amendment procedure or identification of persons with authority to amend the disability plan, NFA violated ERISA Section 402, 29 U.S.C. § 1102 ("Establishment of plan"), which requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." "Establishment of plan" is part of the Fiduciary Duties section of ERISA and the evidence shows that there was a lack of reasonable care in amending the plan and that such lack of reasonable care caused harm to plaintiff (Facts 97-99). The plan amendment introduced new contractual plan policies where medical evidence is not credited into disability reviews for certain disabilities including Fibromyalgia making such disabilities automatically limited to 24 months of benefit payments (Facts 38). Such "automatic" plan limitations were not a part of the prior SPD and such policies went unchecked and unreported by NFA at the time of the plan amendment in 1999 (Fact 99.)

**1. The HR Director's lack of prudent care in evaluating the change in plan providers and subsequent implementation of the plan amendment without a proper ratification in accordance with a written instrument is an exceptional circumstance.**

The record shows that the HR Director acted independently without a proper written resolution to implement the change in plan providers. (Facts 77-80) The "memorandum" (Exhibit 10, Memorandum of Dorothy Mattiello, Human Resources Director (hereinafter memorandum) submitted to NFA managers by the HR Director shows the HR Directors assumption that the plan designs were the same in spite of the fact that the Hartford Plan was 240% higher in cost than the Prudential plan after 1999. The lack of oversight in this matter is further compounded by the HR Directors knowledge that the disability plan for NFA Corporation provided by The Hartford Life and Accident Insurance Company (hereinafter The Hartford) could not compete with the cost cutting NFA required in the plan amendment. A representative from The Hartford stated in a FAX to the HR Director "It doesn't look like we are going to get any way near what you are getting in from other carriers" (Fact 98.) There exists no record of any inquiry made by the HR Director to Prudential to compare the plan coverages between the Hartford Plan and the Prudential Plan to account for the unusual difference in premium cost forward of 1999. (Fact 99). In this litigation, NFA states the "memorandum" represents the only written ratifying document for the plan amendment (Fact 81). Given the facts in the memorandum showing substantive cost differences between the plans, and no examination of the impact to plan participants in reductions in

coverage by a plan fiduciary, by implementing the amended disability welfare benefit without oversight from named fiduciaries, NFA Corporation violated ERISA Section 404, 29 U.S.C. § 1104 ("Fiduciary duties"), which requires, in pertinent part, that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... (D) in accordance with the documents and instruments governing the plan ....".

NFA did not demonstrate reasonable "prudent man standard of care" as required under § 1104(a), where the lack of examination of the cost differences between plans was an accident which "ordinarily does not occur in the absence of someone's negligence," and that the accident was "caused by an . . . instrumentality within the exclusive control of [the] defendant." See *Colmenares-Vivas v. Sun Alliance Ins. Co.*, 807 F.2d 1102, 1106 (1st Cir. 1986). Exceptional circumstances can be shown in the form of negligence where NFA took no reasonable action to properly investigate the difference in premium costs and the reductions in plan coverages leaving plaintiff to suffer the loss for not receiving proper disclosure. Plan participants are "powerless to affect the drafting and less equipped to absorb the financial hardship of the employer's errors". *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 982 (5th Cir. 1991) *Hanson*, 940 F.2d at 982. The legal doctrine of res ipsa loquitur holds that relief be granted in situations where a victim of negligence had no power to affect the outcome of the negligence and the event was in the exclusive control of another. See e.g. *Toledo v. Van Waters & Rogers, Inc.*, 92 F. Supp. 2d 44, 56. (D. R. I. 2000).

### B. Remedy

Plaintiff respectfully requests that this Honorable Court give consideration to assigning penalties of $100 per day from the period on December 10, 2004 at the time of first refusal until June 16, 2005 when plaintiff did receive 1995 SPD as allowed under 29 U.S.C. § 1132(c)(1)(B). Plaintiff respectfully requests that in assigning penalties, that the Court give consideration to the months of hardship plaintiff suffered battling for a document while substantially ill (Fact 109).

## VII. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court enter and Order granting the motion for summary judgment.

Dated: April 25, 2006

Respectfully submitted

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive

Greenville, R.I. 02828
(401)-949-4933

**Table of Exhibits**

| | |
|---|---|
| Exhibit 1 | Plaintiff Lorraine Femino Deposition. |
| Exhibit 2 | Prudential denial of appeal letter dated March 1, 2004. |
| Exhibit 3 | Social Security Ruling 99-2p (SSR-99-2p). |
| Exhibit 4 | Social Security letter December 15, 2005 approving continuing benefits. |
| Exhibit 5 | Prudential termination of benefits letter dated November 24, 2003. |
| Exhibit 6 | April 15, 2003 letter from Prudential to Plaintiff. |
| Exhibit 7 | Plaintiffs January 20, 2005 Letter to Prudential. |
| Exhibit 8 | Plaintiffs Supplementation of Disclosures and Response. |
| Exhibit 9 | Hartford Plan - Summary Plan Description. |
| Exhibit 10 | Memorandum - HR Directors summary of 1999 Plan Amendment |
| Exhibit 11 | Prudential Plan Summary Plan Description. |
| Exhibit 12 | Deposition of Roger Morris, Hope Webbing Director of Personnel. |
| Exhibit 13 | November 22, 2004 Letter to Dorothy Mattiello. |
| Exhibit 14 | Defendants Responses to Plaintiffs Request for Production of Documents. |
| Exhibit 15 | Fax from Melanie Fava at The Hartford to NFA Human Resources Director Dorothy Mattiello. |
| Exhibit 16 | Deposition of Denise Rheault. |
| Exhibit 17 | Deposition of Theodore Dziedzic. |
| Exhibit 18 | Letter to Plaintiff from Bruce Barth, Counsel for the Plan Administrator, dated December 17, 2005 |
| Exhibit 19 | Defendants Responses to Plaintiffs First Request for Admission. |
| Exhibit 20 | Department of Labor's "Mario Amicus Brief". |