UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO, Plaintiff, | : | |
| v. | : | C.A. No. 05-19 ML |
| NFA CORPORATION, Defendant. | : | |

**DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S LOCAL RULE 56 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendant NFA Corporation hereby moves to strike certain portions of the Plaintiff's Local Rule 56 Statement of Undisputed Material Facts. In support of this motion, NFA relies upon the arguments and legal authorities set forth in the accompanying memorandum.

Respectfully submitted,

NFA CORPORATION,

By its Attorneys,

PANNONE LOPES & DEVEREAUX, LLC

William E. O'Gara, Esq. (#4257)
1800 Financial Plaza
Providence, RI 02903
(401) 824-5100
(401) 824-5123 (facsimile)

CERTIFICATION

There undersigned hereby certifies that a true copy of the foregoing document was forwarded by first class mail, postage prepaid, on this 5th day of June, 2006 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO, Plaintiff, | : | |
| v. | : | C.A. No. 05-19 ML |
| | : | |
| NFA CORPORATION, Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S LOCAL RULE 56 STATEMENT OF UNDISPUTED MATERIAL FACTS**

## I. INTRODUCTION

NFA Corporation ("NFA") has moved to strike portions of the Plaintiff's Local Rule 56 Statement of Undisputed Material Facts Affidavits on the grounds that portions of the statement fail to meet the requirements of the Local Rule. As detailed herein, certain purported "facts" set forth in plaintiff's statement constitute, *inter alia*, arguments, opinions, speculation, hearsay, legal conclusions, and are not supported by admissible record evidence. As such, the offending portions of plaintiff's statement should be stricken and disregarded for purposes of adjudicating plaintiff's motion for summary judgment.

## II. LEGAL STANDARD

Local Rule 56 mandates that a motion for summary judgment be accompanied by a Statement of Undisputed Facts that concisely sets forth the facts which the movant contends are undisputed and entitle that party to judgment as a matter of law. DRI LR 56(a)(1). Each "fact" set forth in the statement "shall identify the evidence establishing that fact," unless the fact has been expressly acknowledges as undisputed. DRI LR 56(a)(2). It is axiomatic that "evidence," as used in the Local Rule, means "depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," and any authenticated and admissible documents. *See* Fed.

R. Civ. P. 56(c). *See also Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."). "Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." *Vasquez v. Lopez-Rosario*, 134 F.3d 28, 33 (1st Cir. 1998); *see also Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990). "To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (quotations and citations omitted). Moreover, the affiant must be a person through whom the exhibit could be admitted into evidence. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2722 at 379-80 & 382-84 (3d ed. 1998); *Scott v. Edinburg*, 346 F.3d 752, 760 n. 7 (7th Cir. 2003).

Material submitted in connection with a summary judgment motion is subject to a motion to strike if it does not measure up to the standards of Rule 56(e) of the Federal Rules of Civil Procedure. *See International Ship Repair & Marine Services, Inc. v. St. Paul Fire & Marine Ins. Co.*, 906 F. Supp. 645, 648 (M.D. Fla. 1995); *Hollander v. American Cyanamid Co.*, 182 F.3d 192, 198 (2d Cir), *cert. denied*, 528 U.S. 965 (1999) ("A court may therefore strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements."). Moreover, it is axiomatic that any "fact" must be relevant and material to disposition of the motion before the court. *See, e.g., Jones v. Ameriquest Mortg. Co.*, 2006 WL 273545, at *1 (N.D. Ill. Jan. 31, 2006) (striking summary judgment statements of fact containing matters "irrelevant to the motions presently before the Court."); *Dempsey v. City of Baldwin City*, 333 F. Supp. 2d 1055, 1059 (D. Kan. 2004)

(disregarding portions of materials offered in support of summary judgment "containing facts immaterial to the motion for summary judgment"), *aff'd*, 143 Fed. Appx. 976 (10th Cir. 2005).

## III. ARGUMENT

For the court's convenience, NFA will set forth (as necessary) each paragraph subject to its motion to strike and will follow each paragraph with a discussion of why the paragraph or portions thereof should be stricken and disregarded by the Court in adjudicating plaintiff's motion for summary judgment.[1]

Paragraph 1:

> The combined medical evidence submitted by Plaintiffs primary care physician, Dr. Keith Rafal, to the Social Security Administration supports a determination of a disabling medical impairment deemed to be a total where such medical impairment determination by the Social Security Administration was based primarily on the disability from Fibromyalgia (Exhibit 1 Plaintiff Lorraine Femino Deposition (hereinafter ex plaintiff Depo) p 46 at 2-25)

Discussion: This statement contains matters not relevant or material to plaintiff's claims. As discussed in Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, plaintiff's claims in this action are for breach of fiduciary duty in connection with alleged irregularities by NFA in amending the long term disability plan under which she was receiving benefits, and in connection with allegedly failing to disclose information to her regarding such plan amendments. Plaintiff also has asserted a claim for civil penalties for NFA's alleged failure to timely furnish her plan documents upon her request. Plaintiff is not pursuing in this case a claim for benefits due under the plan. Accordingly, information regarding her medical condition, the medical evidence relating to her condition,

[1] While this motion addresses numerous portions of plaintiff's Statement of Undisputed Material Facts, NFA wishes to note that it has endeavored not to be overly technical in contesting the materiality and/or admissibility of plaintiff's statements. In a good faith effort to avoid unnecessarily burdening the Court and the plaintiff in addressing this motion, NFA has not moved to strike various statements that, while legally deficient, do not contain matters that are material disputed facts.

whether the Social Security Administration ("SSA") deemed her disabled, what the SSA may have relied upon in making its determination, etc., are simply not relevant to any claim the Court is being called upon to adjudicate in the pending motion. Because these matters are not relevant, they should be stricken and disregarded. *See, e.g., Jones*, 2006 WL 273545, at *1 (striking summary judgment statements of fact containing matters "irrelevant to the motions presently before the Court."); *Dempsey*, 333 F. Supp. 2d at 1059 (disregarding portions of materials offered in support of summary judgment "containing facts immaterial to the motion for summary judgment"), *aff'd*, 143 Fed. Appx. 976 (10th Cir. 2005).

Paragraph 2:

> Plaintiff is also diagnosed with Carpal Tunnel Syndrome in both wrists where the combined and concurrent disabilities of Carpal Tunnel Syndrome and Fibromyalgia have substantially limited plaintiffs use of hands (Plaintiffs Exhibit 2, Prudential denial of appeal letter, March 1, 2004, (hereinafter ex 2 Pru Appeal Denial) page 2 at "Claim Summary".)

Discussion: This paragraph contains matters pertaining to plaintiff's medical condition which are not relevant or material to the present motion. Moreover, as evidentiary support for this statement, plaintiff relies upon a document that has not been authenticated and, therefore, may not be considered in support of her motion. *See Carmona*, 215 F.3d 131 ("To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." (quotations and citations omitted). Moreover, to the extent she is relying on what is stated in the document, it is inadmissible hearsay. *See Vasquez*, 134 F.3d at 33 ("Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment.").

Paragraph 3:

> Plaintiffs disability determination by the Social Security Administration was based on all the medical evidence in file which includes medical evidence of Fibromyalgia and Carpal Tunnel Syndrome and approved without a hearing or denial on the first submission. (ex Plaintiff Depo p 45 at 8-25).

Discussion: This paragraph contains matters pertaining to plaintiff's medical condition which are not relevant or material to the present motion. Moreover, this statement is not supported by competent and admissible record evidence. The cited deposition testimony supports only the fact that plaintiff did not have to go to a hearing to obtain her Social Security Disability Insurance benefits. She does not (and could not) purport to testify regarding the facts or documents upon which the Social Security Administration relied in making its determination.

Paragraphs 4 and 5:

> Social Security Ruling 99-2p (hereinafter SSR-99-2p) holds that "Individuals with impairments that fulfill the American College of Rheumatology criteria for [Fibromyalgia] (which includes a minimum number of tender points) may also fulfill the criteria for CFS". (Plaintiffs Exhibit 3 Social Security Ruling 99-2p page 8 at 3)
>
> SSR-99-2p requires a finding of "severe" impairment when "symptoms are found to cause a limitation or restriction having more than a minimal effect on an individual's ability to perform basic work activities." (Plaintiffs Exhibit 3 Social Security Ruling 99-2p page 4 at 2)

Discussion: These paragraph purports to relay a holding of a Social Security Ruling regarding fibromyalgia. Neither plaintiff's medical condition, nor a Social Security Ruling on the subject have any relevance to the issues before the Court on plaintiff' motion for summary judgment.

Paragraph 6:

> The Social Security Administration did determine Plaintiff became eligible for disability payments on May 23, 2001 and Plaintiff remains disabled as

determined by the Social Security Administration to the present. (Plaintiffs Exhibit 4, Social Security letter December 15, 2005 approving continuing benefits)

Discussion: Matters involving the SSA's disposition of plaintiff's claim for SSDI benefits are not relevant or material to the issues before the Court.

Paragraphs 7, 8, 9, 10, 11, and 12:

The NFA disability plan provider, Prudential Insurance Company of America (hereinafter Prudential) did recognize plaintiffs medical impairment for both Fibromyalgia and Carpal Tunnel Syndrome and did pay benefits for both disabilities during a 24 month period between November 2001 and November 2003, but did keep both determinations separated in time in spite of their concurrency. (Plaintiffs Exhibit 5, November 24, 2003 Prudential termination of benefits letter page 2 ¶ 5)

Pertaining to plaintiffs disability ruling by Prudential approving plan benefits for Fibromyalgia, Prudential stated "We have determined that your condition of Fibromyalgia and related impairment currently support Total Disability… Therefore benefits are being paid solely on your impairment and diagnosis of Fibromyalgia". (Plaintiffs Exhibit 6 April 15, 2003 letter from Prudential page 2 at "Information Regarding Your Claim").

Plaintiff did appeal the termination of disability benefits in November 2003 citing the combined symptoms of Fibromyalgia and Carpal Tunnel Syndrome and received a denial of appeal dated March 01, 2004. (ex 2 Pru Appeal Denial page 1 ¶ 1).

Prudential stated the denial of Plaintiffs appeal to the termination of benefits beyond 24 months was based on the terms of the NFA Long Term Group Disability Benefit contract where such terms and conditions held "Fibromyalgia was subject to the Self Reported Symptoms Limitation with the benefit period ending on November 18, 2003". (ex 2 Pru Appeal Denial page 1 at "Claim Summary" ¶2).

In Prudential's denial of appeal letter, Prudential did provide a closing statement on plaintiffs continuing combined symptoms from Fibromyalgia and Carpal Tunnel Syndrome confirming the absence of all medical evidence for Fibromyalgia in the continuing review stating "We recognize that you may be experiencing continued pain related to Fibromyalgia and this may be complicating the pain experience from your Carpal Tunnel Syndrome, however as you have reached your benefit limitation for Self Reported Symptoms effective November

> 18, 2003, a decision beyond that date must be made on the objective evidence in file" (ex 2 Pru Appeal Denial page 3 at ¶2).
>
> Following the denial of appeal, plaintiff did submit multiple requests for plan documents from Prudential on the plan policies of excluding all medical evidence from Fibromylagia from all disability reviews, but did not receive any response from Prudential other than verbal confirmation of such policies. Plaintiff did finally submit a letter to Prudential stating the policies of excluding all medical evidence understood by Plaintiff ad being enforced by Prudential, but did not receive and response to this letter. (Plaintiffs Exhibit 7, Plaintiffs January 20, 2005 Letter to Prudential).

Discussion: This paragraph contains matters pertaining to plaintiff's medical condition, Prudential Insurance Company's handling and disposition of plaintiff's claim for long-term disability benefits under the NFA Plan, and plaintiff's interactions with Prudential. While these matters might be relevant to an ERISA claim for benefits, plaintiff is not pursuing such a claim in this action. Rather, this lawsuit involves claims against NFA Corporation for breach of fiduciary duty in connection with making plan amendments and a claim for civil penalties for allegedly failing to timely provide plaintiff with requested plan documents. Because the purported "facts" set forth in this paragraph are not relevant or material they should be stricken and disregarded.

Paragraph 13:

> Plaintiff did appeal to NFA via Counsel for the NFA Plan Administrator, Bruce Barth, and the NFA Director of Human Resources, Dorothy Mattiello (hereinafter HR Director) a confirmation that Prudential's exclusion of all of Plaintiffs medical evidence pertaining to Fibromyalgia was a valid enforcement of terms and conditions of the NFA Disability Benefit plan contract. Plaintiff received no response from any person from NFA on this request for information. (Plaintiffs Exhibit 8 Supplementation of Disclosures and Response.)

Discussion: This paragraph contains irrelevant and immaterial information regarding plaintiff's contact with Plan counsel following Prudential's denial of her appeal. These matters have no bearing on the claims before the Court. Moreover, plaintiff is relying on an

unauthenticated hearsay document in support of the statements contained in this paragraph. The document, a letter apparently written by Gary Morse, is simply appended to plaintiff's statement. It has not been authenticated by the author or any other person by affidavit or deposition testimony. Therefore, it is inadmissible and cannot form the basis for a statement of fact. *See Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) ("To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).") (quotations and citations omitted); *Vasquez v. Lopez-Rosario*, 134 F.3d 28, 33 (1st Cir. 1998) ("Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment.").

Paragraphs 17, 18, and 19:

> 1995 SPD did not contain on any page a stated procedure by which the Hartford Plan could be amended where such disclosure is a requirement under 29 U.S.C 1102. (ex 1995 SPD).
>
> 1995 SPD did not contain on any page in the SPD the name of any person(s) with authorization to amend the Hartford Plan where such disclosure is a requirement under 29 U.S.C. §1102. (ex 1995 SPD).
>
> 1995 SPD did not contain on any page in the name of any person(s) who are named fiduciaries where such disclosure is a requirement under 29 U.S.C. §1102. (ex 1995 SPD).

Discussion: The final clause in each of these statements contains a conclusory legal argument/opinion as to what plaintiff contends is required by 29 U.S.C. § 1102, and not a "fact." These should be disregarded. *See Pfeil v. Rogers*, 757 F.2d 850, 861 (7th Cir. 1985) ("Because legal argumentation is an expression of legal opinion and is not a recitation of a 'fact' to which an affiant is competent to testify, legal argument in an affidavit may be disregarded"); *Dempsey v. City of Baldwin City*, 333 F. Supp. 2d 1055, 1059 (D. Kan. 2004) (disregarding portions of materials offered in support of summary judgment "containing improper conclusion"), *aff'd*, 143

Fed. Appx. 976 (10th Cir. 2005); *Ali v. City of Clearwater*, 915 F. Supp. 1231, 1236 (M.D. Fla. 1996) (instructing that "an affiant may not engage in conclusory argument, legal or otherwise").

Paragraph 25:

> The plan prominently uses the term "Long Term Disability" on the cover, in the plan name, and in numerous places throughout 1995 SPD to describe benefit protections.

Discussion: This paragraph contains matters irrelevant and immaterial to the claims before the Court. Moreover, in stating that the a term is "prominently" used in a document, plaintiff is making an inadmissible characterization or opinion, not stating a "fact." Paragraphs 35 and 45 of plaintiff's statement similarly make the same improper characterization.

Paragraph 37:

> The Prudential Plan does not recognize medical evidence determined by a physical using the American College of Rheumatology 1990 Criteria for the Classification of Fibromyalgia as being "objective" and such medical evidence was excluded from plaintiffs disability reviews. (Plaintiffs Exhibit 6 page 3 ¶ 2.)

Discussion: This paragraph contains matters regarding Prudential's administration of the LTD policy which have no relevance to the claims pending before the Court. Moreover, plaintiff is not making a statement of "fact," but rather, is making an argument and/or expressing a subjective opinion on a matter not within her personal knowledge and not supported by competent and admissible record evidence.

Paragraph 38:

> Prudential does enforce contractual policies not documented in 1999 SPD, but contained in the Plan Document, where under the SRS rule, reliable medical evidence submitted from a physician pertaining to a disability from Fibromyalgia is automatically excluded from all disability reviews and where Prudential held on Plaintiffs claim "as your claim was payable for Fibromyalgia, your claim is subject to the Self Reported Symptoms limitation" and that all medical evidence

> pertaining to Fibromyalgia is not "objective'. (Plaintiffs Exhibit 5, November 24, 2003 Prudential termination of benefits letter, page 2 ¶ 5) and (ex 2 Pru appeal Denial Page 2 ¶ 2 and p 3 ¶ 2).

Discussion: This statement contains matters not relevant or material to the claims pending before the Court. Again, plaintiff has not asserted a claim for benefits against the Plan, only claims for breach of fiduciary duty and for civil penalties against NFA Corporation. Therefore the rules and procedures applied to her claim for LTD benefits by Prudential are not relevant. In any event, this paragraph is replete with conclusory arguments. Plaintiff purports to state as a fact that under the SRS rule, "reliable medical evidence" is "automatically excluded from all disability reviews...." There is no competent admissible evidence in the record establishing the "reliability" of any of plaintiff's medical evidence. Neither is there evidence that Prudential "automatically" excludes such evidence from all of its disability reviews. These are conclusory opinions made by the plaintiff, not statements of "facts" supported by admissible record evidence. They should be stricken and disregarded. *See, e.g., Pfeil*, 757 F.2d at 861 ("Because legal argumentation is an expression of legal opinion and is not a recitation of a 'fact' to which an affiant is competent to testify, legal argument in an affidavit may be disregarded"); *Dempsey*, 333 F. Supp. 2d at 1059 (disregarding portions of materials offered in support of summary judgment "containing improper conclusion"), *aff'd*, 143 Fed. Appx. 976 (10th Cir. 2005).

Paragraphs 43 and 44:

> The plan language in 1999 SPD does not state circumstances where medical evidence determined by a Rheumatologist using the American College of Rheumatology 1990 Criteria for the Classification of Fibromyalgia cannot be applied against another concurrent medical impairment as being contributing evidence of a medical impairment. (ex 1999 SPD)

> The plan language in 1999 SPD does not state circumstances where all medical evidence of a medical impairment determined a Rheumatologist using the American College of Rheumatology 1990 Criteria for the Classification of Fibromyalgia is not objective medical evidence. (Second Am. Compl. At 10 ¶ 35.)

Discussion: These paragraphs contains matters not relevant or material to plaintiff's claims. In the absence of a claim for benefits against the Plan, statements concerning details of the plan's eligibility criteria or claims procedure language have no relevance.

Paragraphs 48, 49, 50, 51:

> In December 1994, at the annual Hope Webbing Christmas Party, the President of Hope Webbing , Bruce Hauser, had a discussion with a Hope Webbing Employee, Jill Bibby, about problems finding a good candidate to work the reception area at the new Hope Webbing corporate headquarters which was scheduled to open in several months. (Plaintiff Depo p 28 at 16-20)
>
> Jill Bibby who had previously worked for, Microfibres, informed Bruce Hauser of a candidate who would be perfect for the job, being plaintiff, who was still working at Microfibres. (Plaintiff Depo p 28 at 23-25)
>
> Bruce Hauser was looking for a specific image and capabilities to manage clients and important people visiting the Hope Webbing headquarters in Cumberland Rhode Island and indicated to Jill Bibby "how do we get her here". (Plaintiff Depo p28 at 23-24)
>
> At a time just before Christmas 1994, plaintiff did receive a call from Jill Bibby who did tell plaintiff of the conversation with Bruce Hauser at the Christmas party explaining (emph added) that Bruce Hauser needed a good receptionist at the new company headquarters in Cumberland Rhode Island wanted to know what it would take to get Plaintiff to come to Hope Webbing. (Plaintiff Depo p 28 at 24-25)

Discussion: These statements are hearsay and therefore are inadmissible. In each of these paragraphs, plaintiff is relaying what was discussed in a conversation between Jill Bibby and Bruce Hauser, as reported to the plaintiff by Ms. Bibby. This is hearsay that cannot be considered at summary judgment. *See Vasquez,* 134 F.3d at 33 (instructing that "inadmissible hearsay[] may not be considered on summary judgment.").

Paragraph 55:

> Plaintiff was not provided details of the benefits at Hope Global during the meeting with Bruce Hauser, but (emph added) Plaintiff did interpret Bruce Hauser's general description of an NFA disability benefit plan to be a full coverage benefit providing benefit protections from a sickness until age 65. (Plaintiff Depo p 32 at 1-16)

Discussion: In this paragraph, plaintiff provides her "interpretation" of what Mr. Hauser told her regarding NFA's disability plan. This is not a statement of "fact." Moreover, even presuming the statement were properly one of "fact," the deposition testimony cited by the plaintiff fails to support the assertion made in this paragraph. Accordingly, this paragraph should be stricken and disregarded. *See, e.g., Neff v. World Publishing Co.*, 349 F.2d 235, 254 (8th Cir. 1965) (disregarding portions of the plaintiff's affidavit "constituting his conclusions or based upon his interpretation of written documents"); *Taylor v. Principi*, 2004 WL 303208, at *2 (D. Kan. Feb. 4, 2004) (disregarding for summary judgment statements "based on Plaintiff's interpretation of attached document"), *aff'd* 141 Fed. Appx. 705 (10th Cir. 2005).

Paragraphs 63:

> The Personnel Director did confirm "exactly what it would be that I would be getting" which included (emph added) that the Hartford Plan did provide coverages if plaintiff got sick until age 65 and that the plan was a good disability benefit since NFA paid for a portion of the premiums for employees. (Plaintiff Depo p 35 at 24-25 and p 34 at 3-4)

Discussion: This paragraph suffers from a number of infirmities. The record citation does not support the statement that NFA's Personnel Director "confirmed" anything, or that he told the plaintiff "that the plan was a good disability benefit." These are inadmissible characterizations made by the plaintiff, not "facts" supported by record evidence. Moreover, this

statement is misleading in that the quote contained therein is not from the Personnel Director, but is the plaintiff's testimony.

Paragraph 67:

> Plaintiff believed that the senior executive of Hope Webbing, Bruce Hauser, sought out plaintiff to fill an important position at Hope Webbing, and therefore Plaintiff was brought in under special circumstances with a specific Disability Benefits Plan as described in 1995 SPD being part of plaintiffs total compensation package. (Plaintiff Depo p 34 at 16-19)

Discussion: This paragraph contains impermissible opinion and conclusions. This statement relays what plaintiff "believed" about Mr. Hauser's thoughts and motivation in hiring her, and asserts her opinion that she was "brought in under special circumstances." This paragraph is not a statement of fact supported by the record evidence and, therefore, should be stricken. *See, e.g., Dempsey*, 333 F. Supp. 2d at 1059 (disregarding portions of materials offered in support of summary judgment "containing improper conclusion"), *aff'd*, 143 Fed. Appx. 976 (10th Cir. 2005).

Paragraphs 82, 83, 84, 85, 86, and 87:

> There exists no record of any authorized person(s) at NFA who did manifest a specific resolution to make material reductions in plan coverages to the NFA Disability Welfare Benefit.
>
> There exists no record of any authorized person(s) at NFA who did delegate authority to the Director of Human Resources to carry out specific plan changes to the disability plan that would result in material reductions in plan coverages.
>
> There exists no record that nay authorized person(s) did receive material facts that a change in plans from the Hartford Plan to the Prudential Plan would result in material reductions in coverages for plan participants to counter the premise held in the "memorandum" that the plan designs were "the same". (ex Memorandum)

> There exists no record that authorized persons did ratify any specific resolution(s) to the disability welfare benefit plan which did include material reductions in plan coverages.
>
> There exists no written records of specific actions to distribute 1999 SPD to plan participants in a mass mailing at a time around 1999.
>
> There exists no written records of information provided at any company meeting which describes statutory required disclosures in material reductions in plan coverages resulting from the 1999 change in plan providers.

Discussion: Plaintiff has failed to identify record evidence establishing any of the facts set forth in these paragraphs. *See* DRI LR 56(a)(2) (requiring that each fact "shall identify the evidence establishing that fact"). Accordingly, these paragraphs should be disregarded.

Paragraph 88:

> NFA did not comply with the statutory requirement to keep important plan records "readily available" at the principal office of the plan administrator and in other relevant locations. (Plaintiffs Exhibit 14 "Defendants Responses to Plaintiffs Request for Production of Documents at "Response 1)

Discussion: This paragraph contains matters not relevant to plaintiff's claims and consists of legal argument. Whether NFA kept plan records readily available at the principal office of the plan administrator is neither relevant nor material to the claims being pursued by the plaintiff. Moreover, this paragraph is making the assertion that "NFA did not comply with [a] statutory requirement ...." This clearly a legal argument, not a statement of "fact" and is not admissible at summary judgment. *See Ali v. City of Clearwater*, 915 F. Supp. 1231, 1236 (M.D. Fla. 1996) (instructing that "an affiant may not engage in conclusory argument, legal or otherwise").

Paragraphs 89, 90, 91, 92, 93, 94, 95, and 97:

> NFA's broker Segwick Noble Lowndes solicited six quotes from vendors on behalf of NFA. ( ex Memorandum ¶ 4)

The HR director defines the most "competitive quote" as being from "Prudential". (ex Memorandum ¶ 1)

The Memorandum states that the plan design between the Prudential plan and the Hartford Plan were the "the same". (ex Memorandum ¶ 4)

The Memorandum states that the differences in premium costs between the Prudential plan and the Hartford Plan after February 1, 1999 was $1.47/$100 for the Hartford Plan and $.43/$100 for the Prudential Plan. (ex. Memorandum ¶ 1)

The Memorandum states that the HR Manager had in 1999 the "contract terms and conditions governing [1999] LTD plan" ( ex. Memorandum ¶ 4)

The Memorandum contains no reference to any examination of a comparison of coverages beyond an assumption that the plan designs were the same. (ex Memorandum ¶ 3)

The HR Director did work with an outside consultant in 1998 being Segwick Noble Lowndes, to find a less expensive disability plan to replace the current Hartford (ex Memorandum ¶ 1)

In the only NFA written document to senior NFA managers produced through discovery in this litigation, the HR Director states an assumption that the plan designs are "the same". (ex Memorandum ¶ 1)

<u>Discussion</u>: As record support for each of these paragraphs plaintiff relies on an unauthenticated and hearsay document. The document, a memorandum purportedly prepared by Dorothy Mattiello and attached as Exhibit 10 to plaintiff's statement of facts, has not been authenticated by Mattiello or any other person qualified to make the authentication. The fact that the document may have been produced from NFA in discovery does not relieve the plaintiff of her burden of authenticating the document if she wishes to have it considered on summary judgment. *See Taylor v. Principi*, 141 Fed. Appx. 705, 708 (10th Cir. 2005) (holding that district court properly refused to consider certain exhibits attached to plaintiff's affidavit consisting of defendant's records produced during the course of discovery where employee failed to authenticate the documents in her affidavit).

In addition, the statements in these paragraphs rely on inadmissible hearsay, double hearsay, and triple hearsay purporting to relay from the memorandum what Mattiello said, what Mattiello was told by a third person, and what that third person was told others. These statements are not admissible summary judgment evidence and may not form the basis of plaintiff's statements of fact. *See Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) ("To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).") (quotations and citations omitted); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence."); *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 33 (1st Cir. 1998) ("[I]nadmissible hearsay[] may not be considered on summary judgment.").

Paragraph 98:

> In November 1998, during the competitive bidding, a representative from The Hartford alerted the Director of Human Resources, Dorothy Mattiello that based on the scope of services from the Hartford Plan and the quote for those services "It doesn't look like we are going to get any way near what you are getting in from other carriers." (Plaintiffs Exhibit 15 Fax from Melanie Fava at The Hartford)

Discussion: This paragraph suffers from the same infirmities as those addressed immediately above. Plaintiff is relying on an unauthenticated hearsay document. This paragraph should be stricken and disregarded.

Paragraph 99:

> There exists no document or testimony produced in discovery from NFA that any fiduciary effort was made by any person to account for the substantial difference in premium costs between Hartford Plan and Prudential plan as such cost differences would impact coverages fro plan participants.

Discussion: This statement is not supported by any citation to record evidence and therefore should be disregarded.

Paragraph 100:

> Plaintiff had no memory of any NFA company meeting to discuss the Prudential Plan but did remember attending a 401 K meeting in 1999. Plaintiff did contact former employees of NFA to check if any other person remembers Prudential Plan meetings in 1999. Of 4 employees plaintiff spoke with, none remembered hearing of a meeting or receiving information of any meeting. Plaintiff did provide the names of all persons plaintiff spoke with and all were deposed by NFA on this matter. (Plaintiff Depo p 52 at 11-21) and

Discussion: The statement in this paragraph wherein plaintiff is relaying what she was told by third person constitutes inadmissible hearsay. Therefore, the third sentence of this paragraph should be stricken.

## IV. CONCLUSION

For the reasons discussed above, NFA Corporation requests that the Court grant its motion and strike the portions of plaintiff's Statement of Material Undisputed Facts that do not meet the standards for admissibility of evidence at summary judgment.

Respectfully submitted,

NFA CORPORATION,

By its Attorneys,

PANNONE LOPES & DEVEREAUX, LLC

William E. O'Gara, Esq. (#4257)
1800 Financial Plaza
Providence, RI 02903
(401) 824-5100
(401) 824-5123 (facsimile)

CERTIFICATION

There undersigned hereby certifies that a true copy of the foregoing document was forwarded by first class mail, postage prepaid, on this 5th day of June, 2006 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

Robert J. Cohen Jr.