UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO, Plaintiff, | : | |
| v. | : | C.A. No. 05-19 ML |
| | : | |
| NFA CORPORATION, Defendant. | : | |

**DEFENDANT'S LOCAL RULE 56 STATEMENT OF DISPUTED FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant NFA Corporation, pursuant to Local Rule 56, submits this Statement of Disputed Material Facts in support of its opposition to Plaintiff's Motion For Summary Judgment.[1] The numbered paragraphs below correspond to those is plaintiff's Statement.

14. The long term disability plan provided by NFA Corporation under its policy with Harford Life and Accident Insurance Company was not a "defined benefit plan," as asserted by plaintiff. Under ERISA, a "defined benefit plan" is a pension plan. 29 U.S.C. § 1002(35).

28. The long term disability plan provided by NFA Corporation under its policy with Prudential Insurance was not a "defined benefit plan," as asserted by plaintiff. Under ERISA, a "defined benefit plan" is a pension plan. 29 U.S.C. § 1002(35).

73. Plaintiff did not make a job change from Microfibres to NFA in 1995 "solely on the promise of a specific disability benefit plan with the specific plan terms as defined under 1995 SPD." This statement is not supported by the deposition testimony cited by the plaintiff.

[1] As discussed in Defendant's Memorandum in Support of its Motion to Strike Portions of Plaintiff's Local Rule 56 Statement of Undisputed Material Facts, the great majority of paragraphs in plaintiff's Statement contain irrelevant, immaterial, and/or inadmissible matters. In this Statement, NFA has limited its attention to a limited number of paragraphs that are not subject to being stricken and contain matters that may be relevant to disposition of the plaintiff's motion for summary judgment.

In fact, plaintiff testified that in deciding to take the position with NFA "the triggering factor was the benefit plan." She did not testify that it was specifically the long term disability plan that triggered her decision or that her decision was based "solely" on the plan. Rather, her testimony indicates that the benefits offered by NFA were a "factor" in her decision. (Pl. Dep. at p. 30, lines 15-21.)

Respectfully submitted,

NFA CORPORATION,

By its Attorneys,

PANNONE LOPES & DEVEREAUX, LLC

William E. O'Gara, Esq. (#4257)
1800 Financial Plaza
Providence, RI 02903
(401) 824-5100
(401) 824-5123 (facsimile)

CERTIFICATION

There undersigned hereby certifies that a true copy of the foregoing document was forwarded by first class mail, postage prepaid, on this 5th day of June, 2006 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828