**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | **C.A. 05-019ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS MOTION FOR RECONSIDERATION OF ENLARGEMENT OF TIME**

Pursuant to Federal Rules of Civil Proceedure 6(b), Plaintiff Lorraine Femino respectfully requests reconsideration of plaintiffs request for an enlargement to time to file objections to Defendants Memorandum in Opposition to Plaintiffs Motion for Summary Judgment. As grounds, plaintiff states that on information and belief, there has been a failure on the part of defendants to disclose relevant parts of the disability plan Group Contract. The missing documents are relevant plan documents in support of Plaintiffs First and Second claims for relief (plaintiffs Motion for Summary Judgment page 2 at 1 and page 3 at 2). Plaintiff did previously submit a request for discovery to defendants which did include a request for the plan contract. Plaintiff did rely on information from defendants that plaintiff had received all relevant documents in this litigation. Defendants are now reviewing this matter to locate any possible missing parts of the Group Contract not provided to plaintiff.

A missing part of the Group Contract is relevant to this litigation where plaintiffs claims are based on the those parts of the plan amendment not properly adopted and disclosed in the 1999 plan amendment. Establishing all of the provisions constituting a "Payable Claim" as defined under the Group Contract requires that plaintiff examine all provisions of the Group Contract. Plaintiff has been attempting to resolve this matter with defendants each day this week in view of the commitment to submit objections to Defendants Memorandum in Opposition to Plaintiffs Motion for Summary Judgment.

In this litigation, the possibility of missing parts of the Group Contract will force plaintiff to request that the Court rule on extrinsic evidence in the absence of critical parts of the Group Contract since "the claim for plan benefits under ERISA 502(a)(1)(B) is contractual". *Burnstein v Allegehany*, 334 F.3d 365 (2003). "Exploring the intent of contracting parties often (but not always) involves marshalling facts extrinsic to the language of the contract documents. When this need arises, these facts, together with the reasonable inferences extractable therefrom, are together superimposed on the ambiguous words to reveal the parties' discerned intent". *Smart v Gillette Long Term Disability Plan*, 70 F.3d 173 (1st Cir. 1995). Plaintiff believes that the time spent obtaining all relevant parts of the Group Contract will lessen the time, effort, and expense, for litigation since having the entire Group Contract will eliminate time spent by the Court needed to rule on numerous pieces of extrinsic evidence rather than the actual plan contract.

Plaintiff respectfully requests that the Court allow an amount of time to resolve this matter consistent with plaintiffs original request until July 15, 2006, or an amount of time the Court feels is appropriate. If the Court denies the request for enlargement of

time to resolve this matter, plaintiff respectfully requests 2 additional days to file plaintiffs objections to Defendants Opposition to Plaintiff's Motion for Summary Judgment.

Respectfully submitted

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 29 day of June, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933