UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| | : | |
| VS. | : | |
| | : | C.A. 05-019ML |
| | : | |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL, et al. | : | |

**PLAINTIFFS MOTION FOR RECONSIDERATION OF DECISIONS TO DENY PLAINTIFFS FILING OF MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT.**

Pursuant to Federal Rules of Civil Procedure 52(b), Plaintiff Lorraine Femino respectfully requests reconsideration of the Courts decision to deny plaintiffs submission of Motion for Summary Judgment and also denial of Objections to Defendants Motion for Summary Judgment. As grounds, plaintiff attaches a Memorandum of Law.

Respectfully submitted

Lorraine Femino
Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 26 day of July, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| VS. | : | C.A. 05-019ML |
| NFA CORPORATION d/b/a HOPE GLOBAL, et al. | : | |

**PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER DECISIONS TO DENY PLAINTIFFS FILING OF MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

As provided under Federal Rules of Civil Procedure 52(b), Plaintiffs respectfully requests the Court reconsider the denial of plaintiffs filing of Motion for Summary Judgment and also Plaintiffs filing of Objections to Defendants Motion for Summary Judgment based on legal errors cited herein.

## II. LEGAL STANDARD

The district court has "plenary authority" to reconsider its own rulings if it believes it has erred, and to grant a motion it had previously denied. *El Fenix de Puerto Rico* v. *The M/Y Johanny*, 36 F.3d 136, 140 n.2 (1st Cir. 1994); See also *National Metal Finishing Co.* v. *Barclays American/Commercial, Inc.*, 899 F.2d 119,123 (1st Cir. 1990) (Even after entry of judgment, the purpose of Rule 52(b) is to allow reconsideration in order to "correct[] . . . manifest errors of law or fact.").

III The Court did err by closing discovery before plaintiff was afforded the opportunity to examine the plan contract where plaintiff did request assistance from the Court to obtain the plan contract, but was denied an appropriate remedy.

1. Plaintiff did include in the motion to compel discovery of documents, a request for the plan contract. (Plaintiffs Motion to Compel Discovery, Memorandum, December 5, 2005, Page 1 at 1 and page 1 at paragraph 3).

2. The plan administrator is required by statute to have the "contract" "readily accessible" for plan participants at the "office of the plan administrator". See 29 CFR 2520.104b-1(b)(3) See also *Glaziers & Glassworkers Local 252 Annuity Fund v. Newbridge Sec.*, 93 F.3d 1171, 1181 (3d Cir. 1996) ("duty to disclose material information is the core of a fiduciary's responsibilities")

3. The memorandum and order dated January 25, 2006, by Magistrate Judge Lincoln Almond denying plaintiff's motion to compel discovery including the plan contract, was not an "appropriate remedy" being that the plan contract was available through other sources and where the plan administrator had a fiduciary duty to disclose. (Plaintiffs Motion to Compel Discovery, Memorandum, December 5, 2005. Page 2 at paragraph 3). See also 29 USC 1001(b) which holds in pertinent part;

> b) Protection of interstate commerce and beneficiaries by requiring disclosure and reporting, setting standards of conduct, etc., for fiduciaries. It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct,

responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

4. The Court does not consider that Plaintiffs "plethora of motions" as cited by the Court in this matter, did include in large part plaintiffs attempts through subsequent motions to the memorandum and order in (3) above to obtain "adequate time for discovery". See _Celotex Corp._ v. _Catrett_, 477 U.S. 317, 322 (1986).

**IV** The Court does not consider that Plaintiff did not establish or agree to the timeframes for discovery set out in the Rule 16 Conference in this litigation and therefore the Court erred by not considering plaintiffs request for additional time at the close of discovery being in effect a request to extend discovery to a point that plaintiff would have originally requested time actually needed due to plaintiffs chronic disability.

1.Plaintiff comes before this Court as a recognized disabled person suffering from a chronic disability which also impacts plaintiffs cognitive skills. In the Rule 16 Conference, Plaintiff was asked the required timeframes for discovery, but at that moment, Plaintiff suffered a cognitive shutdown and was unable to speak in spite of the repeated attempts by Magistrate Judge Lincoln Almond to get plaintiff to speak. Failing to get plaintiff to speak, Judge Almond turned to Defendants to establish the timeframe defendants needed in discovery and established defendants required timeframe as the timeframe for all parties. Later in the same hearing when plaintiff was suffering a second similar breakdown, plaintiffs assistant at the hearing requested permission to speak to inform Judge Almond of plaintiffs medical condition. Plaintiffs assistant was not

allowed to offer an explanation of plaintiffs medical condition and was admonished by the Court for speaking.

VI The Court does not consider that applying only one standard to all in the course of litigation pertaining to time to complete all motions, where poverty and disability are material factors limiting plaintiffs ability to litigate in the same time as a healthy working person, denies plaintiff who is legally disabled, rightful due process.

1. Application of an improper legal standard is "'never within the district court's discretion.'" *Camel Hair & Cashmere Inst. of America, Inc. v. Associated Dry Goods Corp.*, 799 F.2d 6, 13 (1st Cir. 1986) (quoting Bellotti, 641 F.2d at 1009).

2. Plaintiff is litigating "in forma pauperis". See also "Working Age Americans with disabilities are more than twice as likely to live in poverty than other Americans". (Attachment 1 p 1 at paragraph 3, Newswise www.newswise.com/articles/views/514171 (quoting David Stapleton, Director, Cornell University Institute for Policy Research).

3. The Court has recognized plaintiffs need for "accommodation" due to disability in this litigation, but did not in the decision to deny plaintiffs filing for motion for Summary Judgment and Plaintiffs Objections to Defendants Motion for Summary Judgment.

VI The Court does not consider the full impact of the untimely response to plaintiffs March 15, 2006 request for additional time to complete all dispositive motions.

1. Plaintiff received the denial of Plaintiffs request for additional time within hours of a time plaintiff was to board a flight to San Diego, California to visit an ill father. Upon receiving the denial on the morning of April 10, 2006, Plaintiff immediately called

Counsel for defendants asking if it would be acceptable if plaintiff filed all motions on plaintiffs return from California, 10 days later, which Counsel for defendants agreed was acceptable. Following the call to Counsel for Defendants, plaintiff immediately called Magistrate Judge Lincoln Almonds office to inform Judge Almond of the circumstances of the untimely receipt of the denial. Plaintiff was unable to speak directly with Judge Almond due to plaintiffs need to get to the airport, but did speak with Judge Almonds clerk to convey all circumstances in this matter. Upon returning from California, plaintiff did suffer an expected medical flareup of plaintiffs medical condition which is normal for plantiffs disability which lasted several days. Following recovery, plaintiff did organize the filing of all documents. Defendants did not file any objections to the specific date Plaintiff did file or to plaintiff specific request to file on the date filed. (see attachment 2 Sworn Affidavit of Plaintiff Lorraine Femino)

**IV. Conclusion**

For reasons provided above, Plaintiff respectfully requests that the Court reconsider its decision denying plaintiffs request to file Motion for Summary Judgment and Motion and Objections to Defendants Motion for Summary Judgment.

Respectfully submitted

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

Attachment 1 - Article quoting David Stapleton
Attachment 2 – Sworn Affidavit of Lorraine Femino

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 26 day of July, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933